# U.S. District Court
## District of Nebraska (4 Lincoln)
## CIVIL DOCKET FOR CASE #: <u>4:22−cv−03025−JMG−JMD</u>

Mick v. Gibbons et al

Assigned to: Senior Judge John M. Gerrard

Referred to: Magistrate Judge Jacqueline M. DeLuca

Cause: 42:1983 Civil Rights Act

Date Filed: 02/22/2022

Jury Demand: Both

Nature of Suit: 440 Civil Rights: Other

Jurisdiction: Federal Question

**Plaintiff**

**Bryan S. Mick**
*Personal Representative of the Estate of*
*Print Zutavern, Deceased*
*estate of*
Print Zutavern

represented by    **Colby C. Vokey , I**
COLBY VOKEY LAW FIRM
6924 Spanky Branch CT
Dallas, TX 75248
214−697−0274
Fax: 214−594−9034
Email: <u>vokeylaw@colbyvokey.com</u>
*ATTORNEY TO BE NOTICED*

**Maren L. Chaloupka**
CHALOUPKA LAW FIRM
P.O. Box 1724
Scottsbluff, NE 69363
308−270−5091
Fax: 308−270−5105
Email: <u>mlc@chaloupkalaw.net</u>
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Deputy Barrett Gibbons**
*in his individual and official capacities*

represented by    **Jeffery R. Kirkpatrick**
GOVERNMENTAL LAW
8040 Eiger Drive
Suite B
Lincoln, NE 68516
402−742−9245
Fax: 402−742−9250
Email: <u>jeff@nrmainc.info</u>
*ATTORNEY TO BE NOTICED*

**Defendant**

**Deputy Lawrence Stump**
*in his individual and official capacities*

represented by    **Jeffery R. Kirkpatrick**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

represented by

**Sheriff Dan Osmond**
*in his individual and official capacities*

**Jeffery R. Kirkpatrick**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**County of Custer**                    represented by **Jeffery R. Kirkpatrick**
*a Nebraska political subdivision*          (See above for address)
*doing business as*                         *ATTORNEY TO BE NOTICED*
Custer County Sheriff's Office

**Defendant**

**Trp. Sam Mortenson**                  represented by **Christopher M. Schmidt**
*in his individual and official capacities*    BAYLOR, EVNEN, WOLFE LAW FIRM
*TERMINATED: 08/23/2022*                 1248 O Street
                                         Suite 900
                                         Lincoln, NE 68508–1424
                                         402–475–1075
                                         Email: cschmidt@baylorevnen.com
                                         *ATTORNEY TO BE NOTICED*

                                         **Erik W. Fern**
                                         NEBRASKA ATTORNEY GENERAL'S
                                         OFFICE
                                         2115 State Capitol
                                         Lincoln, NE 68509
                                         402–471–1830
                                         Email: erik.fern@nebraska.gov
                                         *TERMINATED: 06/21/2022*

                                         **Justin J. Hall**
                                         ATTORNEY GENERAL'S OFFICE –
                                         NEBRASKA
                                         2115 State Capitol
                                         Lincoln, NE 68509
                                         402–471–1830
                                         Email: justin.hall@nebraska.gov
                                         *TERMINATED: 06/21/2022*

                                         **Tyler R. Rademacher**
                                         BAYLOR, EVNEN LAW FIRM
                                         1248 O Street
                                         Suite 600, Wells Fargo Center
                                         Lincoln, NE 68508
                                         402–475–1075
                                         Email: trademacher@baylorevnen.com
                                         *ATTORNEY TO BE NOTICED*

**Defendant**

**Sgt. Matt Workman**                   represented by **Christopher M. Schmidt**
*in his individual and official capacities*    (See above for address)
*TERMINATED: 08/23/2022*                 *ATTORNEY TO BE NOTICED*

**Erik W. Fern**
(See above for address)
*TERMINATED: 06/21/2022*

**Justin J. Hall**
(See above for address)
*TERMINATED: 06/21/2022*

**Tyler R. Rademacher**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Lt. Tim Arnold**                                    represented by   **Christopher M. Schmidt**
*in his individual and official capacities*                          (See above for address)
*TERMINATED: 08/23/2022*                                             *ATTORNEY TO BE NOTICED*

**Erik W. Fern**
(See above for address)
*TERMINATED: 06/21/2022*

**Justin J. Hall**
(See above for address)
*TERMINATED: 06/21/2022*

**Tyler R. Rademacher**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Trp. Trevino**                                      represented by   **Christopher M. Schmidt**
*in his individual and official capacities*                          (See above for address)
*TERMINATED: 08/23/2022*                                             *ATTORNEY TO BE NOTICED*

**Erik W. Fern**
(See above for address)
*TERMINATED: 06/21/2022*
*ATTORNEY TO BE NOTICED*

**Justin J. Hall**
(See above for address)
*TERMINATED: 06/21/2022*

**Tyler R. Rademacher**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Trp. Levi Cockle**                                  represented by   **Christopher M. Schmidt**
*in his individual and official capacities*                          (See above for address)

*TERMINATED: 08/23/2022*                                 *ATTORNEY TO BE NOTICED*

**Erik W. Fern**
(See above for address)
*TERMINATED: 06/21/2022*

**Justin J. Hall**
(See above for address)
*TERMINATED: 06/21/2022*

**Tyler R. Rademacher**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Trp. Brandon Wilke**                    represented by   **Alison C. Griffith**
*in his individual capacity*                              DVORAK LAW GROUP
                                                          9500 West Dodge Road
                                                          Suite 100
                                                          Omaha, NE 68114
                                                          402–934–4770
                                                          Fax: 402–933–9630
                                                          Email: agriffith@ddlawgroup.com
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Erik W. Fern**
                                                          (See above for address)
                                                          *TERMINATED: 06/21/2022*

                                                          **Justin J. Hall**
                                                          (See above for address)
                                                          *TERMINATED: 06/21/2022*

                                                          **Ryan M. Kunhart**
                                                          DVORAK LAW GROUP
                                                          9500 West Dodge Road
                                                          Suite 100
                                                          Omaha, NE 68114
                                                          (402) 934–4770
                                                          Fax: (402) 933–9630
                                                          Email: rkunhart@ddlawgroup.com
                                                          *ATTORNEY TO BE NOTICED*

**Defendant**

**Cpt. Tyler Schmidt**                    represented by   **Erik W. Fern**
*in his individual and official capacities*               (See above for address)
*TERMINATED: 08/23/2022*                                  *TERMINATED: 06/21/2022*

                                                          **Justin J. Hall**
                                                          (See above for address)
                                                          *TERMINATED: 06/21/2022*

**Laurel P. Hall**
KUTAK, ROCK LAW FIRM – OMAHA
1650 Farnam Street
Omaha, NE 68102–2186
402–231–8857
Fax: 402–346–1148
Email: paige.hall@kutakrock.com
*TERMINATED: 08/29/2023*

**Robert S. Keith**
REMBOLT, LUDTKE LAW FIRM
1128 Lincoln Mall
Suite 300, 3 Landmark Centre
Lincoln, NE 68508
(402) 475–5100
Email: rkeith@remboltlawfirm.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**John/Jane Doe**
*training supervisor of the Nebraska State
Patrol, in his/her individual and official
capacities*

**Interested Party**

**Nebraska State Patrol**  represented by  **Erik W. Fern**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 02/22/2022 | 1 | COMPLAINT with jury demand against All Defendants ( Filing fee $ 402, receipt number ANEDC–4581015), by Attorney Maren L. Chaloupka on behalf of Bryan S. Mick(Chaloupka, Maren) (Entered: 02/22/2022) |
| 02/23/2022 | 2 | TEXT NOTICE OF JUDGES ASSIGNED: Magistrate Judge Cheryl R. Zwart assigned. In accordance with 28 U.S.C. 636(c)(2), the parties are notified that, if all parties consent, a magistrate judge may conduct a civil action or proceeding, including a jury or nonjury trial, subject to the courts rules and policies governing the assignment of judges in civil cases. See Fed. R. Civ. P. 73; NEGenR 1.4. (TCL) (Entered: 02/23/2022) |
| 04/20/2022 | 3 | Summons Requested as to County of Custer regarding Complaint 1 . (Chaloupka, Maren) (Entered: 04/20/2022) |
| 04/20/2022 | 4 | Summons Requested as to Cpt. Tyler Schmidt regarding Complaint 1 . (Chaloupka, Maren) (Entered: 04/20/2022) |
| 04/20/2022 | 5 | Summons Requested as to Deputy Barrett Gibbons regarding Complaint 1 . (Chaloupka, Maren) (Entered: 04/20/2022) |

| 04/20/2022 | 6 | Summons Requested as to Deputy Lawrence Stump regarding Complaint 1. (Chaloupka, Maren) (Entered: 04/20/2022) |
|---|---|---|
| 04/20/2022 | 7 | Summons Requested as to Lt. Tim Arnold regarding Complaint 1. (Chaloupka, Maren) (Entered: 04/20/2022) |
| 04/20/2022 | 8 | Summons Requested as to Sgt. Matt Workman regarding Complaint 1. (Chaloupka, Maren) (Entered: 04/20/2022) |
| 04/20/2022 | 9 | Summons Requested as to Sheriff Dan Osmond regarding Complaint 1. (Chaloupka, Maren) (Entered: 04/20/2022) |
| 04/20/2022 | 10 | Summons Requested as to Trp. Levi Cockle regarding Complaint 1. (Chaloupka, Maren) (Entered: 04/20/2022) |
| 04/20/2022 | 11 | Summons Requested as to Trp. Sam Mortenson regarding Complaint 1. (Chaloupka, Maren) (Entered: 04/20/2022) |
| 04/20/2022 | 12 | Summons Requested as to Trp. Trevino regarding Complaint 1. (Chaloupka, Maren) (Entered: 04/20/2022) |
| 04/20/2022 | 13 | Summons Requested as to Trp. Brandon Wilke regarding Complaint 1. (Chaloupka, Maren) (Entered: 04/20/2022) |
| 04/20/2022 | 14 | Summons Issued as to defendants Tim Arnold, Levi Cockle, County of Custer, Barrett Gibbons, Sam Mortenson, Dan Osmond, Tyler Schmidt, Lawrence Stump, Trevino, Brandon Wilke, Matt Workman. YOU MUST PRINT YOUR ISSUED SUMMONS, WHICH ARE ATTACHED TO THIS DOCUMENT. PAPER COPIES WILL NOT BE MAILED. (LRM) (Entered: 04/20/2022) |
| 05/03/2022 | 15 | NOTICE of Appearance by Attorney Erik W. Fern on behalf of Defendants Tim Arnold, Levi Cockle, Sam Mortenson, Tyler Schmidt, Trevino, Brandon Wilke, Matt Workman (Fern, Erik) (Entered: 05/03/2022) |
| 05/04/2022 | 16 | NOTICE of Appearance by Attorney Justin J. Hall on behalf of Defendants Tim Arnold, Levi Cockle, Sam Mortenson, Tyler Schmidt, Trevino, Brandon Wilke, Matt Workman (Hall, Justin) (Entered: 05/04/2022) |
| 05/06/2022 | 17 | SUMMONS Returned Executed upon defendant Tim Arnold on 4/25/2022. (Chaloupka, Maren) (Entered: 05/06/2022) |
| 05/06/2022 | 18 | SUMMONS Returned Executed upon defendant Tim Arnold. (Chaloupka, Maren) (Entered: 05/06/2022) |
| 05/06/2022 | 19 | SUMMONS Returned Executed upon defendant Tim Arnold on 4/22/2022. (Chaloupka, Maren) (Entered: 05/06/2022) |
| 05/06/2022 | 20 | SUMMONS Returned Executed upon defendant Levi Cockle on 4/25/2022. (Chaloupka, Maren) (Entered: 05/06/2022) |
| 05/06/2022 | 21 | SUMMONS Returned Executed upon defendant Levi Cockle. (Chaloupka, Maren) (Entered: 05/06/2022) |
| 05/06/2022 | 22 | SUMMONS Returned Executed upon defendant Levi Cockle on 4/22/2022. (Chaloupka, Maren) (Entered: 05/06/2022) |
| 05/06/2022 | 23 | SUMMONS Returned Executed upon defendant County of Custer on 4/25/2022. (Chaloupka, Maren) (Entered: 05/06/2022) |

| 05/06/2022 | 24 | SUMMONS Returned Executed upon defendant Barrett Gibbons on 4/23/2022. (Chaloupka, Maren) (Entered: 05/06/2022) |
|---|---|---|
| 05/06/2022 | 25 | SUMMONS Returned Executed upon defendant Sam Mortenson on 4/25/2022. (Chaloupka, Maren) (Entered: 05/06/2022) |
| 05/06/2022 | 26 | SUMMONS Returned Executed upon defendant Sam Mortenson. (Chaloupka, Maren) (Entered: 05/06/2022) |
| 05/06/2022 | 27 | SUMMONS Returned Executed upon defendant Sam Mortenson on 4/22/2022. (Chaloupka, Maren) (Entered: 05/06/2022) |
| 05/06/2022 | 28 | SUMMONS Returned Executed upon defendant Dan Osmond on 4/23/2022. (Chaloupka, Maren) (Entered: 05/06/2022) |
| 05/06/2022 | 29 | SUMMONS Returned Executed upon defendant Tyler Schmidt on 4/25/2022. (Chaloupka, Maren) (Entered: 05/06/2022) |
| 05/06/2022 | 30 | SUMMONS Returned Executed upon defendant Tyler Schmidt. (Chaloupka, Maren) (Entered: 05/06/2022) |
| 05/06/2022 | 31 | SUMMONS Returned Executed upon defendant Tyler Schmidt on 4/22/2022. (Chaloupka, Maren) (Entered: 05/06/2022) |
| 05/06/2022 | 32 | SUMMONS Returned Executed upon defendant Lawrence Stump on 4/23/2022. (Chaloupka, Maren) (Entered: 05/06/2022) |
| 05/06/2022 | 33 | SUMMONS Returned Executed upon defendant Trevino on 4/25/2022. (Chaloupka, Maren) (Entered: 05/06/2022) |
| 05/06/2022 | 34 | SUMMONS Returned Executed upon defendant Trevino. (Chaloupka, Maren) (Entered: 05/06/2022) |
| 05/06/2022 | 35 | SUMMONS Returned Executed upon defendant Trevino on 4/22/2022. (Chaloupka, Maren) (Entered: 05/06/2022) |
| 05/06/2022 | 36 | SUMMONS Returned Executed upon defendant Brandon Wilke on 4/25/2022. (Chaloupka, Maren) (Entered: 05/06/2022) |
| 05/06/2022 | 37 | SUMMONS Returned Executed upon defendant Brandon Wilke. (Chaloupka, Maren) (Entered: 05/06/2022) |
| 05/06/2022 | 38 | SUMMONS Returned Executed upon defendant Brandon Wilke on 4/22/2022. (Chaloupka, Maren) (Entered: 05/06/2022) |
| 05/06/2022 | 39 | SUMMONS Returned Executed upon defendant Matt Workman on 4/25/2022. (Chaloupka, Maren) (Entered: 05/06/2022) |
| 05/06/2022 | 40 | SUMMONS Returned Executed upon defendant Matt Workman. (Chaloupka, Maren) (Entered: 05/06/2022) |
| 05/06/2022 | 41 | SUMMONS Returned Executed upon defendant Matt Workman on 4/22/2022. (Chaloupka, Maren) (Entered: 05/06/2022) |
| 05/11/2022 | 42 | UNOPPOSED MOTION to Continue *Responsive Pleading Deadline* by Attorney Justin J. Hall on behalf of Defendants Tim Arnold, Levi Cockle, Sam Mortenson, Tyler Schmidt, Trevino, Brandon Wilke, Matt Workman.(Hall, Justin) Modified on 5/11/2022 to correct event type.(TMM) (Entered: 05/11/2022) |

| 05/11/2022 | 43 | TEXT ORDER granting 42 Unopposed Motion for Extension of Time to File a Responsive Pleading. Defendants Matt Workman, Tim Arnold, Carlos Trevino, Levi Cockle, Sam Mortenson, Brandon Wilke, and Tyler Schmidt shall fine an answer or other responsive pleading on or before May 27, 2022.<br>Ordered by Magistrate Judge Cheryl R. Zwart. (TMM) (Entered: 05/11/2022) |
|---|---|---|
| 05/13/2022 | 44 | ANSWER to Complaint with with jury demand by County of Custer, Barrett Gibbons, Dan Osmond, Lawrence Stump (Kirkpatrick, Jeffery) (Entered: 05/13/2022) |
| 05/26/2022 | 45 | ANSWER to Complaint with with jury demand by Brandon Wilke (Hall, Justin) (Entered: 05/26/2022) |
| 05/26/2022 | 46 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Attorney Justin J. Hall on behalf of Defendants Tim Arnold, Levi Cockle, Sam Mortenson, Tyler Schmidt, Trevino, Matt Workman.(Hall, Justin) (Entered: 05/26/2022) |
| 05/26/2022 | 47 | BRIEF in support of MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM 46 by Attorney Justin J. Hall on behalf of Defendants Tim Arnold, Levi Cockle, Sam Mortenson, Tyler Schmidt, Trevino, Brandon Wilke, Matt Workman.(Hall, Justin) (Entered: 05/26/2022) |
| 05/27/2022 | 48 | ORDER – Consent Deadline set for 6/17/2022. Ordered by Magistrate Judge Cheryl R. Zwart. (LKO) (Entered: 05/27/2022) |
| 06/08/2022 | 49 | RESPONSE regarding MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM 46 *(Plaintiff's Partial Confession of Defendants Motion to Dismiss)* by Attorney Maren L. Chaloupka on behalf of Plaintiff Bryan S. Mick.(Chaloupka, Maren) (Entered: 06/08/2022) |
| 06/08/2022 | 50 | UNOPPOSED MOTION for Enlargement of Time regarding MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM 46 by Attorney Maren L. Chaloupka on behalf of Plaintiff Bryan S. Mick.(Chaloupka, Maren) (Entered: 06/08/2022) |
| 06/09/2022 | 51 | TEXT ORDER withdrawing 50 Motion for extension of time. The deadline for responding to the motion to dismiss was and remains June 16, 2022. Ordered by Magistrate Judge Cheryl R. Zwart. (Zwart, Cheryl) (Entered: 06/09/2022) |
| 06/15/2022 | 52 | NOTICE of Appearance by Attorney Ryan M. Kunhart on behalf of Defendant Brandon Wilke (Kunhart, Ryan) (Entered: 06/15/2022) |
| 06/16/2022 | 53 | BRIEF in opposition to MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM 46 by Attorney Maren L. Chaloupka on behalf of Plaintiff Bryan S. Mick.(Chaloupka, Maren) (Entered: 06/16/2022) |
| 06/16/2022 | 54 | NOTICE of Appearance by Attorney Christopher M. Schmidt on behalf of Defendants Tim Arnold, Levi Cockle, Sam Mortenson, Trevino, Matt Workman (Schmidt, Christopher) (Entered: 06/16/2022) |
| 06/17/2022 | 55 | NOTICE of Appearance by Attorney Robert S. Keith on behalf of Defendant Tyler Schmidt (Keith, Robert) (Entered: 06/17/2022) |
| 06/17/2022 | 56 | NOTICE of Appearance by Attorney Laurel P. Hall on behalf of Defendant Tyler Schmidt (Hall, Laurel) (Entered: 06/17/2022) |
| 06/21/2022 | 57 | |

| | | |
|---|---|---|
| | | UNOPPOSED MOTION to Withdraw as Attorney *for Justin Hall and Erik Fern* by Attorney Erik W. Fern on behalf of Defendants Tim Arnold, Levi Cockle, Sam Mortenson, Tyler Schmidt, Trevino, Brandon Wilke, Matt Workman.(Fern, Erik) (Entered: 06/21/2022) |
| 06/21/2022 | 58 | TEXT ORDER granting 57 Motion to Withdraw as Attorney. Erik W. Fern and Justin J. Hall are withdrawn as counsel for Defendants Matt Workman, Tim Arnold, Carlos Trevino, Levi Cockle, Sam Mortenson, Brandon Wilke, and Tyler Schmidt. Erik W. Fern and Justin J. Hall will no longer receive ECF notifications in this case. Ordered by Magistrate Judge Cheryl R. Zwart. (TMM) (Entered: 06/21/2022) |
| 06/21/2022 | 59 | REASSIGNMENT ORDER – that this case is reassigned to District Judge John M. Gerrard for disposition and is assigned to Magistrate Judge Cheryl R. Zwart for judicial supervision. Ordered by Chief Judge Robert F. Rossiter, Jr.. (LKO) (Entered: 06/21/2022) |
| 06/23/2022 | 60 | REPLY BRIEF in support of MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM 46 by Attorney Christopher M. Schmidt on behalf of Defendants Tim Arnold, Levi Cockle, Sam Mortenson, Trevino, Matt Workman.(Schmidt, Christopher) Modified on 6/23/2022 to correct name of document per call from counsel (KMM). (Entered: 06/23/2022) |
| 06/24/2022 | 61 | BRIEF *in Reply to Plaintiff's Opposition to Defendants' Motion to Dismiss* by Attorney Laurel P. Hall on behalf of Defendant Tyler Schmidt.(Hall, Laurel) (Entered: 06/24/2022) |
| 08/23/2022 | 62 | STRICKEN – MEMORANDUM AND ORDER – The defendants' motion to dismiss (filing 46 ) is granted. The plaintiff's claims against Trooper Mortenson, Sergeant Workman, Trooper Cockle, Lieutenant Arnold, Trooper Trevino, and Captain Schmidt are dismissed, and they are terminated as parties. The plaintiff's claims against Trooper Wilkie in his official capacity are dismissed. Ordered by Judge John M. Gerrard. (LKO) Modified on 8/23/2022 (DCD). (Entered: 08/23/2022) |
| 08/23/2022 | 63 | TEXT STRIKE ORDER that Pursuant to NEGenR 1.3(a)(4), filing 62 is stricken for the following reason: Incorrect document attached. Ordered by Judge John M. Gerrard. (DCD) (Entered: 08/23/2022) |
| 08/23/2022 | 64 | MEMORANDUM AND ORDER NUNC PRO TUNC – The defendants' motion to dismiss (filing 46 ) is granted. The plaintiff's claims against Trooper Mortenson, Sergeant Workman, Trooper Cockle, Lieutenant Arnold, Trooper Trevino, and Captain Schmidt are dismissed, and they are terminated as parties. The plaintiff's claims against Trooper Wilkie in his official capacity are dismissed. Ordered by Judge John M. Gerrard. (KLF) (Entered: 08/23/2022) |
| 09/19/2022 | 65 | SCHEDULING ORDER – Rule 26 Meeting Report Deadline set for 10/17/2022. Ordered by Magistrate Judge Cheryl R. Zwart. (LKO) (Entered: 09/19/2022) |
| 09/19/2022 | 66 | CASE CONFERENCE INSTRUCTIONS. ACCESS TO THE PDF DOCUMENT IS RESTRICTED TO CASE PARTICIPANTS AND THE COURT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 5.2(e). Ordered by Magistrate Judge Cheryl R. Zwart. (LKO) (Entered: 09/19/2022) |
| 09/19/2022 | 67 | MOTION to Alter or Amend the Judgment by Attorney Maren L. Chaloupka on behalf of Plaintiff Bryan S. Mick.(Chaloupka, Maren) (Entered: 09/19/2022) |
| 09/19/2022 | 68 | |

| | | |
|---|---|---|
| | | BRIEF in support of MOTION to Alter or Amend the Judgment 67 by Attorney Maren L. Chaloupka on behalf of Plaintiff Bryan S. Mick.(Chaloupka, Maren) (Entered: 09/19/2022) |
| 09/19/2022 | 69 | INDEX in support of MOTION to Alter or Amend the Judgment 67 by Attorney Maren L. Chaloupka on behalf of Plaintiff Bryan S. Mick. (Attachments: # 1 Exhibit)(Chaloupka, Maren) (Entered: 09/19/2022) |
| 10/03/2022 | 70 | BRIEF in opposition to MOTION to Alter or Amend the Judgment 67 by Attorney Christopher M. Schmidt on behalf of Defendants Tim Arnold, Levi Cockle, Sam Mortenson, Trevino, Matt Workman.(Schmidt, Christopher) (Entered: 10/03/2022) |
| 10/03/2022 | 71 | BRIEF in opposition to MOTION to Alter or Amend the Judgment 67 by Attorney Laurel P. Hall on behalf of Defendant Tyler Schmidt.(Hall, Laurel) (Entered: 10/03/2022) |
| 10/10/2022 | 72 | REPLY BRIEF in support of MOTION to Alter or Amend the Judgment 67 by Attorney Maren L. Chaloupka on behalf of Plaintiff Bryan S. Mick.(Chaloupka, Maren) (Entered: 10/10/2022) |
| 10/11/2022 | 73 | NOTICE of Appearance *Entry of Appearance* by Attorney Alison C. Clark on behalf of Defendant Brandon Wilke (Clark, Alison) (Entered: 10/11/2022) |
| 10/17/2022 | 74 | REPORT of Rule 26(f) Planning Meeting by Attorney Ryan M. Kunhart on behalf of Defendant Brandon Wilke.(Kunhart, Ryan) (Entered: 10/17/2022) |
| 11/14/2022 | 75 | Certificate *of serving mandatory disclosures under Fed. R. Civ. P. 26(a)(1)(A)* by Attorney Jeffery R. Kirkpatrick on behalf of Defendants County of Custer, Barrett Gibbons, Dan Osmond, Lawrence Stump.(Kirkpatrick, Jeffery) (Entered: 11/14/2022) |
| 11/14/2022 | 76 | Certificate *of Service of Defendant Trp. Brandon Wilkie's Initial Disclosures* by Attorney Alison C. Clark on behalf of Defendant Brandon Wilke.(Clark, Alison) (Entered: 11/14/2022) |
| 11/16/2022 | 77 | MOTION for Admission Pro Hac Vice Filing fee $ 100, receipt number ANEDC−4753865 by Attorney Colby C. Vokey, I on behalf of Plaintiff Bryan S. Mick. (Attachments: # 1 Exhibit Certificate of Good Standing)(Vokey, Colby) (Entered: 11/16/2022) |
| 11/17/2022 | 78 | TEXT ORDER granting Motion for Admission Pro Hac Vice 77 for attorney Colby C. Vokey, I. Ordered by Deputy Clerk. (LKO) (Entered: 11/17/2022) |
| 11/17/2022 | 79 | Certificate *of Service* by Attorney Maren L. Chaloupka on behalf of Plaintiff Bryan S. Mick.(Chaloupka, Maren) (Entered: 11/17/2022) |
| 01/05/2023 | 80 | NOTICE of *UPDATED INFORMATION* by Attorney Christopher M. Schmidt on behalf of Defendants Tim Arnold, Levi Cockle, Sam Mortenson, Trevino, Matt Workman (Schmidt, Christopher) (Entered: 01/05/2023) |
| 01/17/2023 | 81 | Certificate *of Service* by Attorney Maren L. Chaloupka on behalf of Plaintiff Bryan S. Mick.(Chaloupka, Maren) (Entered: 01/17/2023) |
| 01/17/2023 | 82 | Certificate *of Service* by Attorney Maren L. Chaloupka on behalf of Plaintiff Bryan S. Mick.(Chaloupka, Maren) (Entered: 01/17/2023) |
| 03/09/2023 | 83 | |

| | | MEMORANDUM AND ORDER – that the plaintiff's motion to alter or amend the judgment (filing 67 ) is denied. Ordered by Senior Judge John M. Gerrard. (LKO) (Entered: 03/09/2023) |
|---|---|---|
| 03/20/2023 | 84 | INITIAL PROGRESSION ORDER – The deposition deadline, including but not limited to depositions for oral testimony only under Rule 45, is October 16, 2023. Ordered by Magistrate Judge Cheryl R. Zwart. (KLF) (Entered: 03/20/2023) |
| 04/03/2023 | 85 | Certificate *of Service* by Attorney Maren L. Chaloupka on behalf of Plaintiff Bryan S. Mick.(Chaloupka, Maren) (Entered: 04/03/2023) |
| 04/27/2023 | 86 | Certificate *of Service of Defendants' Answers to Plaintiff's Interrogatories and Responses to Requests for Production (Set I)* by Attorney Jeffery R. Kirkpatrick on behalf of Defendants County of Custer, Barrett Gibbons, Dan Osmond, Lawrence Stump.(Kirkpatrick, Jeffery) (Entered: 04/27/2023) |
| 05/02/2023 | 87 | Certificate *of Service of Defendant Wilkie's Answers to Plaintiff's Interrogatories and Responses to Requests for Production of Documents (Set I)* by Attorney Alison C. Clark on behalf of Defendant Brandon Wilke.(Clark, Alison) (Entered: 05/02/2023) |
| 05/03/2023 | 88 | Certificate *of Service of Defendant Wilkie's Responses to Plaintiff's Requests for Production of Documents (Set 2)* by Attorney Alison C. Clark on behalf of Defendant Brandon Wilke.(Clark, Alison) (Entered: 05/03/2023) |
| 06/13/2023 | 89 | Certificate *of Service* by Attorney Maren L. Chaloupka on behalf of Plaintiff Bryan S. Mick.(Chaloupka, Maren) (Entered: 06/13/2023) |
| 06/22/2023 | 90 | Certificate *of Service of Defendants' Answers to Plaintiff's Interrogatories (Set I)* by Attorney Jeffery R. Kirkpatrick on behalf of Defendants Barrett Gibbons, Dan Osmond, Lawrence Stump.(Kirkpatrick, Jeffery) (Entered: 06/22/2023) |
| 06/29/2023 | 91 | Certificate *of Service of Defendants' Requests for Production of Documents to Plaintiff (Set I)* by Attorney Jeffery R. Kirkpatrick on behalf of Defendants County of Custer, Barrett Gibbons, Dan Osmond, Lawrence Stump.(Kirkpatrick, Jeffery) (Entered: 06/29/2023) |
| 07/07/2023 | 92 | Certificate *of Service of Defendants' Answers to Plaintiffs Interrogatories and Responses to the Requests for Production of Documents (Set II)* by Attorney Jeffery R. Kirkpatrick on behalf of Defendants County of Custer, Barrett Gibbons, Dan Osmond, Lawrence Stump.(Kirkpatrick, Jeffery) (Entered: 07/07/2023) |
| 07/31/2023 | 93 | MOTION to Amend *Progression Order* by Attorney Maren L. Chaloupka on behalf of Plaintiff Bryan S. Mick.(Chaloupka, Maren) (Entered: 07/31/2023) |
| 08/01/2023 | 94 | INITIAL PROGRESSION ORDER (AMENDED) – IT IS ORDERED that the Plaintiff's unopposed motion to amend the progression order (Filing No. 93 ) is granted. The initial progression order (Filing No. 84 ) is amended. Ordered by Magistrate Judge Cheryl R. Zwart. (NMW) (Entered: 08/01/2023) |
| 08/22/2023 | 95 | NOTICE to Take Deposition of Travis Heck by Attorney Maren L. Chaloupka on behalf of Plaintiff Bryan S. Mick (Chaloupka, Maren) (Entered: 08/22/2023) |
| 08/29/2023 | 96 | MOTION to Withdraw as Attorney by Attorney Laurel P. Hall on behalf of Defendant Tyler Schmidt.(Hall, Laurel) (Entered: 08/29/2023) |
| 08/29/2023 | 97 | TEXT ORDER granting 96 Motion to Withdraw as Attorney. Laurel P. Hall is withdrawn as counsel for Tyler Schmidt and will no longer receive ECF notices in |

| | | |
|---|---|---|
| | | this case.<br>Ordered by Magistrate Judge Cheryl R. Zwart. (Zwart, Cheryl) (Entered: 08/29/2023) |
| 10/25/2023 | 98 | NOTICE to Take Deposition of Barrett Gibbons by Attorney Maren L. Chaloupka on behalf of Plaintiff Bryan S. Mick (Chaloupka, Maren) (Entered: 10/25/2023) |
| 10/25/2023 | 99 | NOTICE to Take Deposition of Sheriff Dan Osmond by Attorney Maren L. Chaloupka on behalf of Plaintiff Bryan S. Mick (Chaloupka, Maren) (Entered: 10/25/2023) |
| 10/25/2023 | 100 | NOTICE to Take Deposition of Deputy Lawrence Stump by Attorney Maren L. Chaloupka on behalf of Plaintiff Bryan S. Mick (Chaloupka, Maren) (Entered: 10/25/2023) |
| 10/28/2023 | 101 | NOTICE to Take Deposition of Trp. Sam Mortenson by Attorney Maren L. Chaloupka on behalf of Plaintiff Bryan S. Mick (Chaloupka, Maren) (Entered: 10/28/2023) |
| 10/28/2023 | 102 | NOTICE to Take Deposition of Cpt. Tyler Schmidt by Attorney Maren L. Chaloupka on behalf of Plaintiff Bryan S. Mick (Chaloupka, Maren) (Entered: 10/28/2023) |
| 11/01/2023 | 103 | NOTICE to Take Deposition of Barrett Gibbons *(Amended Notice Duces Tecum)* by Attorney Maren L. Chaloupka on behalf of Plaintiff Bryan S. Mick (Chaloupka, Maren) (Entered: 11/01/2023) |
| 11/30/2023 | 104 | Certificate *of Service* by Attorney Maren L. Chaloupka on behalf of Plaintiff Bryan S. Mick.(Chaloupka, Maren) (Entered: 11/30/2023) |
| 12/07/2023 | 105 | Certificate *of Service of Defendants' Interrogatories and Requests for Admissions (Set I) and Requests for Production of Documents (Set II) to Plaintiff* by Attorney Jeffery R. Kirkpatrick on behalf of Defendants County of Custer, Barrett Gibbons, Dan Osmond, Lawrence Stump.(Kirkpatrick, Jeffery) (Entered: 12/07/2023) |
| 12/11/2023 | 106 | NOTICE to Take Deposition of Deputy Trey Gilligan by Attorney Maren L. Chaloupka on behalf of Plaintiff Bryan S. Mick (Chaloupka, Maren) (Entered: 12/11/2023) |
| 12/11/2023 | 107 | NOTICE to Take Deposition of Larry Cotnoir *(Duces Tecum)* by Attorney Maren L. Chaloupka on behalf of Plaintiff Bryan S. Mick (Chaloupka, Maren) (Entered: 12/11/2023) |
| 12/11/2023 | 108 | NOTICE to Take Deposition of 30(b)(6) Designee *(Duces Tecum)* by Attorney Maren L. Chaloupka on behalf of Plaintiff Bryan S. Mick (Chaloupka, Maren) (Entered: 12/11/2023) |
| 12/26/2023 | 109 | Certificate *of Service* by Attorney Maren L. Chaloupka on behalf of Plaintiff Bryan S. Mick.(Chaloupka, Maren) (Entered: 12/26/2023) |
| 12/28/2023 | 110 | NOTICE to Take Deposition of 30(b)(6) Designee by Attorney Maren L. Chaloupka on behalf of Plaintiff Bryan S. Mick (Chaloupka, Maren) (Entered: 12/28/2023) |
| 12/28/2023 | 111 | NOTICE to Take Deposition of Cpt. Tyler Schmidt *(Amended)* by Attorney Maren L. Chaloupka on behalf of Plaintiff Bryan S. Mick (Chaloupka, Maren) (Entered: 12/28/2023) |
| 12/28/2023 | 112 | NOTICE to Take Deposition of Trp. Sam Mortenson *(Amended)* by Attorney Maren L. Chaloupka on behalf of Plaintiff Bryan S. Mick (Chaloupka, Maren) (Entered: |

| | | |
|---|---|---|
| | | 12/28/2023) |
| 12/28/2023 | 113 | NOTICE to Take Deposition of Trp. Carlos Trevino by Attorney Maren L. Chaloupka on behalf of Plaintiff Bryan S. Mick (Chaloupka, Maren) (Entered: 12/28/2023) |
| 12/28/2023 | 114 | NOTICE to Take Deposition of Lt. Tim Arnold by Attorney Maren L. Chaloupka on behalf of Plaintiff Bryan S. Mick (Chaloupka, Maren) (Entered: 12/28/2023) |
| 12/29/2023 | 115 | Certificate *of Service of Defendants' Answers to Plaintiffs Interrogatories (Set III)* by Attorney Jeffery R. Kirkpatrick on behalf of Defendants County of Custer, Barrett Gibbons, Dan Osmond, Lawrence Stump.(Kirkpatrick, Jeffery) (Entered: 12/29/2023) |
| 01/03/2024 | 116 | Certificate *of Service* by Attorney Maren L. Chaloupka on behalf of Plaintiff Bryan S. Mick.(Chaloupka, Maren) (Entered: 01/03/2024) |
| 01/04/2024 | 117 | Certificate *of Service* by Attorney Erik W. Fern on behalf of Interested Party Nebraska State Patrol.(Fern, Erik) (Entered: 01/04/2024) |
| 01/05/2024 | 118 | NOTICE of Appearance by Attorney Tyler R. Rademacher on behalf of Defendants Tim Arnold, Levi Cockle, Sam Mortenson, Trevino, Matt Workman (Rademacher, Tyler) (Entered: 01/05/2024) |
| 01/10/2024 | 119 | TEXT ORDER SETTING HEARING: A telephonic discovery hearing is set for January 19, 2024 at 10:00 a.m. before the assigned magistrate judge. The parties involved shall email a description of the dispute and a copy of any associated discovery requests to the chambers of the assigned magistrate judge at least 24 hours in advance of the call. Counsel shall use the conferencing instructions assigned to this case to participate in the call. Ordered by Magistrate Judge Cheryl R. Zwart. (CEW) (Entered: 01/10/2024) |
| 01/16/2024 | 120 | GENERAL ORDER 2024–01 – Following Magistrate Judge Cheryl R. Zwart's retirement on January 16, 2024, this case is reassigned to Magistrate Judge DeLuca as set forth in this order. Ordered by Chief Judge Robert F. Rossiter, Jr. (TCL) (Entered: 01/16/2024) |
| 01/19/2024 | 121 | TEXT MINUTE ENTRY for proceedings held before Magistrate Judge Jacqueline M. DeLuca. Telephone Conference held regarding discovery disputes. Findings stated on the record. Appearance for Plaintiff: Maren L. Chaloupka; For Defendant Trp. Brandon Wilke: Alison C. Clark, Erik W. Fern and Ryan M. Kunhart; For Defendant Nebraska State Patrol: Alison C. Clark and Erik W. Fern; For Defendant; For Defendant County of Custer: Jeffery R. Kirkpatrick. Courtroom Deputy: Nicki Wenzl. Reporter: Digital Recorder. Time Start: 9:59 AM; Time Stop: 10:11 AM; Time in Court: 12 Minutes. (NMW) (Entered: 01/19/2024) |
| 01/19/2024 | 122 | AUDIO FILE. Court Date & Time [ 1/19/2024 10:00:23 AM ]. File Size [ 2392 KB ]. Run Time [ 00:09:58 ]. (auto–docket). (Entered: 01/19/2024) |
| 01/26/2024 | 123 | Certificate *of Service* by Attorney Maren L. Chaloupka on behalf of Plaintiff Bryan S. Mick.(Chaloupka, Maren) (Entered: 01/26/2024) |
| 01/26/2024 | 124 | Certificate *of Service* by Attorney Erik W. Fern on behalf of Interested Party Nebraska State Patrol.(Fern, Erik) (Entered: 01/26/2024) |
| 01/30/2024 | 125 | |

| | | |
|---|---|---|
| | | MOTION to Quash *Subpoena* by Attorney Erik W. Fern on behalf of Interested Party Nebraska State Patrol.(Fern, Erik) (Entered: 01/30/2024) |
| 01/30/2024 | 126 | INDEX in support of MOTION to Quash *Subpoena* 125 by Attorney Erik W. Fern on behalf of Interested Party Nebraska State Patrol. (Attachments:<br># 1 Exhibit Fed. R. Civ. P. 30(b)(6) Subpoena,<br># 2 Exhibit Written Objection to Subpoena,<br># 3 Exhibit Declaration of Mark Boyer,<br># 4 Exhibit Declaration of Erik Fern)(Fern, Erik) (Entered: 01/30/2024) |
| 01/30/2024 | 127 | BRIEF in support of MOTION to Quash *Subpoena* 125 by Attorney Erik W. Fern on behalf of Interested Party Nebraska State Patrol.(Fern, Erik) (Entered: 01/30/2024) |
| 02/01/2024 | 128 | BRIEF in opposition to MOTION to Quash *Subpoena* 125 by Attorney Maren L. Chaloupka on behalf of Plaintiff Bryan S. Mick.(Chaloupka, Maren) (Entered: 02/01/2024) |
| 02/01/2024 | 129 | INDEX in opposition to MOTION to Quash *Subpoena* 125 by Attorney Maren L. Chaloupka on behalf of Plaintiff Bryan S. Mick. (Attachments:<br># 1 Affidavit,<br># 2 Exhibit,<br># 3 Exhibit,<br># 4 Exhibit,<br># 5 Exhibit,<br># 6 Exhibit,<br># 7 Exhibit)(Chaloupka, Maren) (Entered: 02/01/2024) |
| 02/06/2024 | 130 | MEMORANDUM AND ORDER: For the reasons set forth herein, NSP's motion to quash, Filing No. 125, is denied. NSP shall comply with the deposition subpoena served upon it on January 23, 2024 and located at Filing No. 126–1. Ordered by Magistrate Judge Jacqueline M. DeLuca. (ADB) (Entered: 02/06/2024) |
| 02/09/2024 | 131 | NOTICE to Take Deposition of 30(b)(6) Designee by Attorney Maren L. Chaloupka on behalf of Plaintiff Bryan S. Mick (Chaloupka, Maren) (Entered: 02/09/2024) |
| 02/15/2024 | 132 | Certificate *of Service of Defendants' Responses to Plaintiff's Requests for Production (Set III)* by Attorney Jeffery R. Kirkpatrick on behalf of Defendants County of Custer, Barrett Gibbons, Dan Osmond, Lawrence Stump.(Kirkpatrick, Jeffery) (Entered: 02/15/2024) |
| 02/20/2024 | 133 | OBJECTION TO MAGISTRATE JUDGE'S ORDER regarding Order on Motion to Quash, 130 by Attorney Erik W. Fern on behalf of Interested Party Nebraska State Patrol.(Fern, Erik) (Entered: 02/20/2024) |
| 02/20/2024 | 134 | MOTION to Stay *During Pendency of Objection and Appeal* by Attorney Erik W. Fern on behalf of Interested Party Nebraska State Patrol.(Fern, Erik) (Entered: 02/20/2024) |
| 02/20/2024 | 135 | BRIEF in support of MOTION to Stay *During Pendency of Objection and Appeal* 134 by Attorney Erik W. Fern on behalf of Interested Party Nebraska State Patrol.(Fern, Erik) (Entered: 02/20/2024) |
| 02/23/2024 | 136 | ORDER NSP's motion to stay, Filing No. 134 , is granted in part and denied in part. NSP's compliance with the Rule 30(b)(6) subpoena is stayed pending a ruling on the Objection to the Magistrate's Order. NSP's motion to stay pending a potential interlocutory appeal is denied without prejudice to reassertion. Ordered by Magistrate |

| | | |
|---|---|---|
| | | Judge Jacqueline M. DeLuca. (LRM) (Entered: 02/23/2024) |
| 02/28/2024 | 137 | BRIEF in opposition to OBJECTION TO MAGISTRATE JUDGE'S ORDER regarding Order on Motion to Quash, 130 133 by Attorney Maren L. Chaloupka on behalf of Plaintiff Bryan S. Mick.(Chaloupka, Maren) (Entered: 02/28/2024) |
| 03/13/2024 | 138 | MEMORANDUM AND ORDER The State Patrol's objection (filing 133 ) is overruled. Ordered by Senior Judge John M. Gerrard. (LRM) (Entered: 03/14/2024) |
| 03/15/2024 | 139 | NOTICE of *Firm Change & Change of Address* by Attorney Robert S. Keith on behalf of Defendant Tyler Schmidt (Keith, Robert) (Entered: 03/15/2024) |
| 03/22/2024 | 140 | NOTICE OF APPEAL regarding Order on Appeal to Magistrate Judge Order 138 , Order on Motion to Quash, 130 by Attorney Erik W. Fern on behalf of Interested Party Nebraska State Patrol. Filing fee $ 605, receipt number ANEDC–5054810. (Fern, Erik) (Entered: 03/22/2024) |
| 03/22/2024 | | INTERLOCUTORY APPEAL This event corrects the docket entry of filing # 140 – filer selected incorrect event. In the future, use the Interlocutory Appeal event. (LRM) (Entered: 03/22/2024) |
| 03/22/2024 | 141 | NOTIFICATION OF APPEAL AND NOA SUPPLEMENT by Clerk to USCA regarding Interlocutory Appeal, MOTION to Quash *Subpoena* 125 , Order on Appeal to Magistrate Judge Order 138 , Notice of Appeal to USCA 140 , Order on Motion to Quash 130 . Notice of Appeal filed on 03/22/2024. (LRM) (Entered: 03/22/2024) |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BRYAN S. MICK, Personal Representative of the Estate of Print Zutavern, Deceased; <br><br> Plaintiff, <br><br> vs. <br><br> DEPUTY BARRETT GIBBONS, in his individual and official capacities; DEPUTY LAWRENCE STUMP, in his individual and official capacities; SHERIFF DAN OSMOND, in his individual and official capacities; COUNTY OF CUSTER, a Nebraska political subdivision; TRP. BRANDON WILKE, in his individual capacity; and JOHN/JANE DOE, training supervisor of the Nebraska State Patrol, in his/her individual and official capacities; <br><br> Defendants. | 4:22CV3025 <br><br> **MEMORANDUM AND ORDER** |

This matter is before the Court on non-party Nebraska State Patrol's ("NSP") motion to quash. Filing. No. 125. For the reasons stated herein, the motion will be denied.

### BACKGROUND

On December 28, 2023, Plaintiff filed a Notice of 30(b)(6) Videoconferencing Deposition on an unspecified "Defendant." The notice instructed the unspecified "Defendant" to produce for testimony:

> each officer, director, agent and/or other person most knowledgeable in training (including continuing education after completion of the NSP Training

1

Academy) for NSP law enforcement officers (to include Defendant Brandon Wilkie) effective as of February 2, 2023, in the following topics:

a. Responding to persons experiencing a mental health crisis;
b. Response to and resolution of events involving barricaded subjects/suspects;
c. Use of force (non-lethal and lethal);
d. Police service dogs and dog handling, including in tactical events;
e. Special Weapons and Tactics and/or SWAT; and
f. Video recording devices (body-worn, dashboard, robot).

Filing No. 110.

On January 4, 2024, NSP provided Plaintiff's counsel a written objection to the notice of deposition. Filing No. 117. The parties conferred and, soon thereafter, requested a teleconference with the Court, which occurred on January 19. During the teleconference, Plaintiff's counsel informed the Court of her intention to serve a subpoena on NSP (as opposed to a deposition notice) to include the same or similar topics. She sent NSP the subpoena on January 24 and, days later, NSP notified counsel of its objections.

During the January 19 teleconference, the Court advised the parties that, should NSP assert the same objections to the third-party subpoena as it did the deposition notice, it could proceed directly to motion practice. Accordingly, on January 30, NSP filed a motion to quash. NSP asserts the same argument in response to Plaintiff's subpoena as it did to the Rule 30(b)(6) deposition notice—namely, sovereign immunity.

## ANALYSIS

As an instrumentality of the State, NSP argues sovereign immunity shields it from third-party discovery requests like the subpoena at issue here. Filing No. 127. In making this argument, NSP relies on the Eighth Circuit Court of Appeals' decision in *Alltel Comms, LLC v. DeJordy*, 675 F.3d 1100 (8th Cir. 2012). In

2

*DeJordy* the Eighth Circuit quashed a subpoena holding that the discovery was subject to Indian tribal immunity. *Id.* at 1105.

But as NSP acknowledges, the Eighth Circuit has expressly permitted third-party discovery requests on state entities, which is the issue present here. *See* Filing No. 127, p. 4 *citing Missouri Dep't of Nat. Res.*, 105 F.3d 434 (8th Cir. 1997) ("*Missouri DNR*"). Nonetheless, NSP argues the issue now before the Court is more akin to that presented in *DeJordy* than that presented in *Missouri DNR*. In the alternative, NSP argues that, should this Court conclude *Missouri DNR* is controlling upon this issue, the Eighth Circuit should overrule such finding.[1]

The Eleventh Amendment states: "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend XI. Generally, in the absence of consent, a suit against the State or one of its agencies is prohibited by the Eleventh Amendment. *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 618-19 (8th Cir. 1995). Here, NSP contends that a third-party subpoena qualifies as a "suit", and thus, sovereign immunity affords it protection. Filing No. 127.

As noted above, the Eighth Circuit has already considered an argument like NSP's in *Missouri DNR*. There, the district court denied a state agency's motion to quash subpoenas duces tecum served on it by litigants in a case in which the state agency was not a party. *In re Missouri Dep't of Nat. Res.,* 105 F.3d at 435. The agency then proceeded to seek a writ of mandamus directing the district court to vacate its order arguing, in part, that the subpoenas infringed upon Missouri's sovereign immunity. *Id.* at 435-36. The Eighth Circuit denied that request, concluding "[g]overnmental units are subject to the same discovery rules as other

---

[1] In a footnote, NSP "acknowledges that this Court cannot overrule or disregard controlling Eighth Circuit precedent" and advises that it "presents this argument to clearly preserve the issue." NSP is correct. This Court cannot ignore Eighth Circuit precedent and, as such, this order will focus upon whether the matter at hand is governed by *DeJordy* or *Missouri DNR* rather than this Court's prediction of what the Eighth Circuit will do or should do if presented with the issue before the Court.

persons and entities having contact with the federal courts." *Id. at* 436 (citing *United States v. Procter & Gamble*, 356 U.S. 677, 681 (1958)). The Court went as far as to say "[t]here is simply no authority for the position that the Eleventh Amendment shields government entities from discovery in federal court." *Id.* *Missouri DNR*, at the time of this order, remains good law in the Eighth Circuit and is binding in this case.

To avoid *Missouri DNR*'s holding, NSP argues this court should apply the conclusion set forth in *DeJordy*. But these two cases are easily distinguishable. In *DeJordy*, the Ogalala Sioux Tribe moved to quash third-party subpoenas based on tribal immunity. *DeJordy, 675 F.3d* at 1102. The district court denied the motion to quash, relying on *Missouri DNR. Id.* at 1104. The Eighth Circuit reversed, holding that "[a]lthough Eleventh Amendment precedents are instructive, tribal immunity, 'is not congruent with that which the Federal Government, or the States, enjoy.'" *Id.* at 1104 (quoting *Three Affiliated Tribes of Fort Berthold Reservation v. Wold Eng'g*, 476 U.S. 877, 890 (1986)). The Eighth Circuit declined to speculate whether sovereign immunity provides protection against "disruptive third-party subpoenas that would clearly be barred in a State's own courts." *DeJordy*, 675 F.3d at 1104-05.

This Court does not conclude, as NSP urges, that *DeJordy* overrules or questions the holding in *Missouri DNR. See also McGehee v. Nebraska Dep't of Corr. Servs.*, No. 4:18CV3092, 2019 WL 1227928 (D. Neb. Mar. 15, 2019), aff'd, 968 F.3d 899 (8th Cir. 2020), reh'g granted and opinion vacated (Oct. 5, 2020), on reh'g, 987 F.3d 785 (8th Cir. 2021), and vacated and remanded, 987 F.3d 785 (8th Cir. 2021). Rather, the Eighth Circuit reached two different conclusions based on two incongruent immunities.

As a final matter, the State argues that sovereign immunity applies if a subpoena compels a state agency to "act in a manner different from that in which the agency would ordinarily choose to exercise its public function," or threatens the state's autonomy. Filing No. 127 at p. 6 citing *DeJordy*, 675 F.3d at 1103. Applying

this reasoning here, the State contends that Plaintiff's subpoena, if enforced, would disrupt its autonomy by forcing it to do something it otherwise would not do—namely, prepare and produce witnesses for testimony.[2]

The Court disagrees. A subpoena, by its very nature, compels a party to do something it would not otherwise do. Thus, if that were the standard, the outcome in *Missouri DNR* would be different. But *Missouri DNR's* holding is clear: "[t]here is simply no authority for the position that the Eleventh Amendment shields government entities from discovery in federal court." 105 F.3d at 436.

For the reasons explained above, the holding in *Missouri DNR* controls and the motion is denied.

## CONCLUSION

For the reasons set forth herein, NSP's motion to quash, Filing No. 125, is denied. NSP shall comply with the deposition subpoena served upon it on January 23, 2024 and located at Filing No. 126-1.

IT IS SO ORDERED.

Dated this 6th day of February, 2024.

BY THE COURT:

*s/ Jacqueline M. DeLuca*
United States Magistrate Judge

---

[2] To the extent NSP argues compliance would be an undue burden under the Federal Rules of Civil Procedure, the Court finds the information sought to be relevant, reasonably narrowed in scope, and cannot be obtained from some other source. *See* Fed . R. Civ. P. 26 and 45.

5

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **BRYAN S. MICK, Personal Representative of the Estate of PRINT ZUTAVERN, Deceased,** | **Case No. 4:22-cv-3025** |
| **Plaintiff,** | |
| **v.** | |
| **DEPUTY BARRETT GIBBONS, in his individual and official capacities; DEPUTY LAWRENCE STUMP, in his individual and official capacities; SHERIFF DAN OSMOND, in his individual and official capacities; COUNTY OF CUSTER, a Nebraska political subdivision, d/b/a CUSTER COUNTY SHERIFF'S OFFICE; TRP. BRANDON WILKIE, in his individual capacity; and JOHN/JANE DOE, a training supervisor of the Nebraska State Patrol, in his/her individual and official capacities,** | **OBJECTIONS TO MAGISTRATE JUDGE'S ORDER** |
| **Defendants.** | |

The Nebraska State Patrol ("NSP"), by undersigned counsel, submits the following Objections to the Magistrate Judge's Order:

### OBJECTIONS

NSP objects to the "Memorandum and Order" of the Magistrate Judge[1] filed on February 6, 2024, denying NSP's motion to quash a subpoena that would compel

---

[1] The Honorable Jacqueline M. DeLuca, United States Magistrate Judge for the District of Nebraska.

NSP to prepare witnesses and present testimony at a Fed. R. Civ. P. 30(b)(6) deposition. (Filing No. 130). Specifically, NSP objects to:

(1) The denial of NSP's Motion to Quash Subpoena. (Filing No. 125).

(2) Reliance on *In re Missouri Dep't of Nat. Res.*, 105 F.3d 434 (8th Cir. 1997) ("*Missouri DNR*"), rather than *Alltel Comms, LLC v. DeJordy*, 675 F.3d 1100 (8th Cir. 2012), when determining if the disruptive 30(b)(6) subpoena at issue here implicated and ultimately infringed Nebraska's sovereign immunity.

(3) The determination that tribal immunity and state sovereign immunity are "two incongruent immunities." (Filing No. 130 at CM/ECF p. 4).

(4) Adherence to *Missouri DNR*'s dictum that "[t]here is simply no authority for the position that the Eleventh Amendment shields government entities from discovery in federal court." (Filing No. 130 at CM/ECF p. 5).

(5) The constructive denial of the opportunity to file a Reply to Plaintiff's Response brief, via the issuance of the Memorandum and Order before the time to file a Reply allotted by NECivR 7.1(c)(1) had run.

As required by NECivR 72.2(a), NSP notifies that Court that its legal arguments are presented in this document and, though consistent with the arguments previously presented to the Magistrate Judge, the arguments presented here stand on their own.

## STANDARD OF REVIEW

When a party timely objects to a Magistrate Judge's ruling on a nondispositive

Appellate Case: 24-1610     Page: 22     Date Filed: 03/22/2024 Entry ID: 5376822     March 22 2024 p22

matter, the District Judge "must . . . modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). When a party timely objects to a Magistrate Judge's recommended disposition of a dispositive matter, the District Judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3).

Motions concerning discovery matters are, in most cases, nondispositive. *See* 28 U.S.C. § 636(b)(1)(A); *see also Borowiak Iga Foodliner, Inc. v. Affiliated Foods Midwest Coop., Inc.*, No. 8:16CV465, 2019 WL 316010, at *1 (D. Neb. Jan. 23, 2019). "The matters listed in 28 U.S.C. § 636(b)(1)(A)—i.e., those that a magistrate judge may not decide without the parties' consent—are dispositive while, *in general*, other matters are non-dispositive." *CPC Patent Techs. Pty Ltd. v. Apple, Inc.*, 34 F.4th 801, 807 (9th Cir. 2022) (internal quotation marks omitted, emphasis in original).

That said, discovery matters can, in certain circumstances, be dispositive. This is such a circumstance. A motion to quash based on sovereign immunity is dispositive because, if granted, it effectively denies the relief sought by the plaintiff and fully disposes of the "claim" against the immune entity. *See Jones v. PGA TOUR, Inc.*, 668 F. Supp. 3d 907 (N.D. Cal. 2023), *appeal dismissed*, No. 23-15530, 2023 WL 4405094 (9th Cir. June 22, 2023).[2]

---

[2] *See also Tabet v. U.S. S.E.C.*, No. 12-CV-1596-IEG DHB, 2012 WL 3986656, at *1 (S.D. Cal. Sept. 11, 2012) ("Though a motion to quash is normally considered a non-dispositive matter, where, as here, the order denying the motion to quash disposes of the sole issue in the case, it is considered dispositive.") (internal citations, quotation marks, and alterations omitted); *Doe v. U.S. S.E.C.*, No. C 11-80209 CRB, 2011 WL 5600513, at *2 (N.D. Cal. Nov. 17, 2011) ("Because the order denying the motion to

The idea that a motion to quash based on sovereign immunity is dispositive is consistent with controlling sovereign immunity precedent. The invocation of sovereign immunity presents a "jurisdictional question." *Hagen v. Sisseton-Wahpeton Cmty. Coll.*, 205 F.3d 1040, 1043 (8th Cir. 2000); *see also Amerind Risk Mgmt. Corp. v. Malaterre*, 633 F.3d 680, 686 (8th Cir. 2011) ("[S]overeign immunity is a 'threshold jurisdictional matter' and a 'jurisdictional prerequisite'") (quoting *Hagen*). In a circumstance where sovereign immunity exists and has been properly invoked, it represents a bar precluding the exercise of judicial power over the immune entity. *See Knapp v. Ruser*, 145 F. Supp. 3d 846, 854 (D. Neb. 2015) ("Sovereign immunity bars any suit brought in federal court against a state or state agency, regardless of the nature of the relief sought, unless Congress has abrogated the states' immunity or a state has consented to suit or waived its immunity."). Thus, a successful invocation of sovereign immunity effectively forecloses a discovery-seeking plaintiff's ability to obtain discovery from the immune sovereign. And, when "[a] decision . . . effectively denies 'the ultimate relief sought' by a party or disposes of 'any claims or defenses[,]' [that decision] is dispositive." *CPC Patent*, 34 F.4th at 807 (quoting *SEC v. CMKM Diamonds, Inc.*, 729 F.3d 1248, 1260 (9th Cir. 2013)).

NSP's Motion to Quash Subpoena invoked Nebraska's sovereign immunity. (Filing No. 125). Accordingly, the District Judge should treat the Magistrate Judge's "Memorandum and Order" as a nonbinding "recommended disposition," Fed. R. Civ.

---

quash disposed of the sole issue in the case, the Court finds that the magistrate order was dispositive.").

Appellate Case: 24-1610   Page: 24   Date Filed: 03/22/2024 Entry ID: 5376822   March 22 2024 p24

P. 72(b)(2), and review NSP's objections to that recommendation de novo, <u>Fed. R. Civ.</u>

<u>P. 72(b)(3)</u>.

## LEGAL BASES OF OBJECTION

This case involves Section 1983 claims against Custer County, Nebraska, its

Sheriff, two Custer County sheriff's deputies, and one NSP state trooper, Brandon

Wilkie, that flow from the shooting death of Print Zutavern during an alleged mental

health episode. Neither the State of Nebraska nor NSP, an arm of the State, is

currently a party to this lawsuit.[3] Although not a party, NSP employs Defendant

Wilkie. Plaintiff Bryan Mick, the personal representative of Zutavern's estate, has

issued a third-party Rule 30(b)(6) subpoena directed at NSP that requires NSP to

produce individuals knowledgeable about six wide-ranging topics and seeks to compel

the designated individuals to testify about those topics at an upcoming deposition.

(<u>Filing No. 131</u>). As an instrumentality of the State of Nebraska, NSP enjoys the full

breadth of protection provided by Nebraska's sovereign immunity. *Davis v. State*, 297

Neb. 955, 982, <u>902 N.W.2d 165, 188</u> (2017).

Despite the broad protection afforded state entities by sovereign immunity, the

---

[3] In addition to the parties named above, Plaintiff originally filed suit against six other NSP law enforcement officers, in both their individual and official capacities. (<u>Filing No. 1</u>). Plaintiff consented to the dismissal of the official capacity claims against those officers because the State is the real part in interest when a state official is sued in his or her official capacity, *Kentucky v. Graham*, <u>473 U.S. 159, 166</u> (1985), and Section 1983 claims cannot be being pursued against the State or its instrumentalities. (<u>Filing No. 49</u>; <u>Filing No. 64 at 6</u>, n. 1). *See also Will v. Michigan Dep't of State Police*, <u>491 U.S. 58, 66</u>–67, 71 (1989). The individual capacity claims against each of the NSP troopers—all except Defendant Wilkie—were previously dismissed on the basis of qualified immunity. (<u>Filing No.64</u>).

Magistrate Judge overruled NSP's motion to quash Plaintiff's subpoena. (Filing No. 130). Because sovereign immunity shields a State and its instrumentalities from disruptive third-party discovery requests—a scenario legally and factually distinguishable from *Missouri DNR*—the Magistrate Judge should have sustained Plaintiff's motion to quash Plaintiff's subpoena.

Alternatively, to the extent the Court believes it is constrained by current Eighth Circuit precedent, namely *Missouri DNR*, to affirm the Magistrate Judge's recommended disposition, NSP reiterates its argument that *Missouri DNR* should be overruled.[4]

## I.   *DeJordy*, not *Missouri DNR*, governs whether a state agency can be compelled to participate in a disruptive Rule 30(b)(6) deposition.

In the order recommending denial of NSP's Motion to Quash, the Magistrate Judge held that "*Missouri DNR* . . . remains good law in the Eighth Circuit and is binding in this case." (Filing 130 at 4). NSP objects to this recommendation. NSP does not contest—at least for now—that *Missouri DNR* is governing law in the Eighth Circuit, in the limited circumstances where it is properly applied. Nevertheless, the Magistrate Judge's recommendation is erroneous because *Missouri DNR* does not control here.

The Magistrate Judge wrongly concluded that *Missouri DNR* applies to Plaintiff's disruptive 30(b)(6) subpoena. It does not. As subsequently decided Eighth

---

[4] NSP recognizes that neither the Magistrate Judge nor the District Court can overrule or disregard controlling Eighth Circuit precedent. *Hood v. United States*, 342 F.3d 861, 864 (8th Cir. 2003). NSP presents this alternative argument to clearly preserve the issue for appeal.

Circuit precedent—*DeJordy* and *Webb v. City of Maplewood*—illustrate, *Missouri DNR* did not announce a categorial rule permitting any and all third-party discovery requests directed to a sovereign entity bypass sovereign immunity. (*See* Filing 127 at 4–7). Those precedents instead illustrate that a court considering the propriety of a third-party discovery request should evaluate whether the request is "disruptive." *See DeJordy*, 675 F.3d at 1103–05. And disruptive discovery request falls outside the limited circumstances where *Missouri DNR* controls.

The Magistrate Judge thus erred by recommending application of *Missouri DNR*. The Magistrate Judge further erred by giving broad credence to dicta in *Missouri* regarding the applicable scope of sovereign immunity to third-party discovery requests. (Filing No. 130 at 4) (quoting *Missouri DNR*, 105 F.3d at 436) ("There is simply no authority for the position that the Eleventh Amendment shields government entities from discovery in federal court."). *Missouri DNR*, rightly or wrongly, held that sovereign immunity did not bar the disclosure of a relatively small number of documents, sought via a subpoena duces tecum, which had already been identified by a state agency (there, the documents in question had been withheld on the basis of various assertions of non-immunity related privilege). *Missouri DNR.*, 105 F.3d at 436. The Court explained that the State had not "shown how production of these documents infringes on the State of Missouri's autonomy or threatens its treasury." *Id*. Here, NSP has clearly articulated how compliance with Plaintiff's Rule 30(b)(6) subpoena would interfere with the public administration and infringe on NSP's (and therefore Nebraska's) autonomy. (*See* Filing 127 at 5–7). But the

Magistrate Judge ignored this distinction, pointing to *Missouri DNR*'s outdated dictum. (Filing No. 130 at 5). For the reasons outlined below, this Court should not accept the Magistrate Judge's mistaken recommendation.

### A. Standard governing a motion to quash.

The Federal Rules of Civil Procedure provide that district courts "must quash or modify a subpoena that . . . requires disclosure of privileged or other protected matter." Fed. R. Civ. P. 45(d)(3)(A)(iii). Sovereign immunity is a privilege sufficient to trigger the protection afforded by Rule 45. *See DeJordy,* 675 F.3d at 1104–05; *Russell v. Jones*, 49 F.4th 507, 512 (5th Cir. 2022); *see also Felix v. Cnty. of Nassau*, 344 F.R.D. 441, 444 (E.D.N.Y. 2023) (finding that sovereign immunity qualified as a "type of privilege or protection applied to grant a motion to quash").

"A motion to quash, or for a protective order, should generally be made by the person from whom [discovery is] requested." *Knapp v. Novartis Consumer Health, Inc.*, No. 4:14-CV-3007, 2014 WL 7082089, at *2 (D. Neb. Dec. 12, 2014) (internal quotation marks and citation omitted). In general, "[d]iscovery matters," like a motion to quash, "are committed to the sound discretion of the trial court." *United States v. Adcock*, 558 F.2d 397, 406 (8th Cir. 1977). That said, the breadth and applicable scope of sovereign immunity presents a legal question that is ultimately subject, on appeal, to de novo review. *Lors v. Dean*, 746 F.3d 857, 861 (8th Cir. 2014). Furthermore, sovereign immunity is a "jurisdictional threshold matter" that "may be raised at any time." *Id.* (internal quotation marks and citations omitted). Finally, as noted above, because NSP's invocation of sovereign immunity is dispositive, this Court should review the Magistrate Judge's recommended disposition de novo. *See* p.

3–5, *supra*.

### B. A Rule 30(b)(6) deposition subpoena is a disruptive request that implicates sovereign immunity.

#### i.

NSP is shielded from a disruptive third-party discovery request by Nebraska's sovereign immunity. "[S]overeign immunity is an immunity from *suit* (including discovery), not just liability." *Jones*, 49 F.4th 507, 514 (5th Cir. 2022) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)) (emphasis in original); *see also Franchise Tax Bd. of California v. Hyatt*, 139 S. Ct. 1485, 1493 (2019) (At the time of the Founding, sovereign immunity "prevented States from being amenable *to process* in any court without their consent.") (emphasis added); *The Siren*, 74 U.S. 152, 154 (1868) ("[States] cannot be subjected to *legal proceedings* at law or in equity without their consent.") (emphasis added). Moreover, the Eleventh Amendment, which confirms[5]

---

[5] As the Supreme Court explained in *Alden v. Maine*, "the sovereign immunity of the States neither derives from, nor is limited by, the terms of the Eleventh Amendment." 527 U.S. 706, 713 (1999). Instead, state sovereign immunity is "a fundamental aspect of the sovereignty which the States enjoyed before the ratification of the Constitution, and which they retain today . . . except as altered by the plan of the [Constitutional] Convention or certain constitutional Amendments." *Id. Accord Burke v. Bd. of Trustees of Nebraska State Colleges*, 302 Neb. 494, 501, 924 N.W.2d 304, 310 (2019). To be sure, courts sometimes "refer[] to the States' immunity from suit as 'Eleventh Amendment immunity,'" *Alden*, 527 U.S. at 713—as the Magistrate Judge did here, (*See* Filing 130 at 3, 5)—because it is a "convenient shorthand" even if it is "something of a misnomer," *Alden*, 527 U.S. at 713; *see also Meyers ex rel. Benzing v. Texas*, 410 F.3d 236, 241 (5th Cir. 2005) ("[T]he term 'Eleventh Amendment immunity' has been used loosely and interchangeably with 'state sovereign immunity' to refer to a state's immunity from suit without its consent in federal courts."). NSP does not understand the Magistrate Judge's recommendation to have applied a more circumscribed "Eleventh Amendment immunity" less expansive than the fundamental immunity Nebraska enjoys under the common law and the law of nations. To the extent, however, the Magistrate Judge understood "Eleventh Amendment immunity" to be a lesser or narrower variant of sovereign immunity, NSP objects.

Page **9** of **24**

that the States continue to enjoy the protection of sovereign immunity enjoyed by nation-states at common law when they are haled into federal court, "is concerned not only with the States' ability to withstand suit, but with their *privilege not to be sued." Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 n.5 (1993) (emphasis added).

The Eighth Circuit has held that a "third-party subpoena" qualifies as a "suit" in at least some circumstances, explaining that subpoenas of that sort "command a government unit to appear in federal court and obey whatever judicial discovery commands may be forthcoming." *DeJordy*, 675 F.3d at 1103; *see also id.* at 1105 ("[W]e conclude . . . that . . . a third-party subpoena in private civil litigation is a 'suit'. . . ."). "The potential for severe interference with government functions"—one of the prime disruptions that sovereign immunity is intended to guard against—represented by third-party discovery requests "is apparent." *Id.* at 1103.

## ii.

Despite the substantial protection States are usually afforded by sovereign immunity,[6] Eighth Circuit precedent requires state entities to comply with narrow, minimally disruptive third-party discovery requests. *See Missouri DNR*, 105 F.3d 434. There, the Missouri Department of Natural Resources, an arm of the State of Missouri, was the target of a third-party subpoena duces tecum and withheld 137 documents have made "various assertions of privilege." *Id.* at 435. On appeal, the Department also invoked sovereign immunity as a reason counseling against

---

[6] *See Jones*, 49 F.4th at 514 ("Where sovereign immunity applies, it applies totally.").

Page **10** of 24

disclosure. *Id*. The Eighth Circuit, concluding that this limited, relatively non-intrusive document production did not "infringe[] on the State of Missouri's autonomy or threaten[] its treasury" ordered the agency to disclose the withheld documents despite that invocation. *Id*. at 436.

Although it approved the limited document production at issue there, *Missouri DNR* did not announce a categorical rule regarding the interplay between third-party discovery requests and sovereign immunity. Subsequent Eighth Circuit precedent illustrates the limited circumstances under which *Missouri DNR* controls. In *DeJordy*, the Eighth Circuit considered the amenability of a tribal sovereign to a third-party discovery request. 675 F.3d at 1103. *DeJordy* declined to follow *Missouri DNR*, explaining that given the "public policy underlying sovereign immunity" it was not clear that the rule of *Missouri DNR* would apply to "disruptive third-party subpoenas that would clearly be barred in a State's own courts." *Id*. at 1104–05.[7] The Eighth Circuit would later rely on *DeJordy* as authority for the proposition that non-party state officials who were "subpoena[ed] for discovery" could "raise a claim of sovereign immunity" and seek to have the subpoena "quashed on that ground." *Webb*

---

[7] Whether it is invoked in state or federal proceedings, Nebraska's sovereign immunity is immunity from suit. *Doe v. Bd. of Regents of Univ. of Nebraska*, 280 Neb. 492, 510, 788 N.W.2d 264, 281 (2010) ("States . . . have inherent immunity from suit . . . ."). Further, "it is well-settled law in Nebraska that sovereign immunity deprives a trial court of subject matter jurisdiction." *Zawaideh v. Nebraska Dep't of Health & Hum. Servs. Regul. & Licensure*, 285 Neb. 48, 54, 825 N.W.2d 204, 211 (2013). Without subject matter jurisdiction, a court has no power to act. Thus, a 30(b)(6) subpoena directed to a Nebraska state agency shielded by sovereign immunity "would clearly be barred [by Nebraska's] courts." *See DeJordy*, 675 F.3d at 1104–05.

*v. City of Maplewood*, 889 F.3d 483, 488 (8th Cir. 2018). *Webb*'s reliance on *DeJordy* dispels any notion that *Missouri DNR* established a categorical rule that requires States to answer third-party discovery requests despite the protection afforded by sovereign immunity.

Notably, the request found problematic in *DeJordy*, was, like the request approved in *Missouri DNR*, a subpoena duces tecum. *Id.* at 1103. Necessarily then, some factor must explain the divergent result.

### iii.

The relevant difference was that the subpoena in *DeJordy* was "disruptive," while the subpoena in *Missouri DNR* was not. The Magistrate Judge indicated otherwise, suggesting that the differing outcomes was a byproduct of the context in which the cases arose. That is, according to the Magistrate Judge, the results diverged because *DeJody* involved tribal immunity, while *Missouri DNR* involved the immunity of a State. (*See* Filing No. 130 at 4). That distinction is untenable. States and Indian Tribes are both "residual sovereigns" and thus both enjoy sovereign immunity as an inherent attribute of their sovereign nature. *See Puerto Rico Aqueduct*, 506 U.S. at 146; *Michigan v. Bay Mills Indian Cmty.*, 572 U.S. 782, 788 (2014). "Tribal sovereign immunity derives from the same common law immunity principles that shape state and federal sovereign immunity." *Maxwell v. Cnty. of San Diego*, 708 F.3d 1075, 1087–88 (9th Cir. 2013) (citing *Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 58 (1978)). Thus, generally speaking, the States and Tribes enjoy an equally capacious degree of immunity protection. *See Lewis v. Clarke*, 581 U.S. 155,

164 (2017). If there is any incongruity between the two, it would be the States, not the Tribes, that enjoy a more robust quantum of protection. *See Hyatt*, 139 S. Ct. at 1496–98; *see also Crowe & Dunlevy, P.C. v. Stidham*, 640 F.3d 1140, 1154 (10th Cir. 2011) ("The scope of tribal immunity, however, is [usually] more limited [than state sovereign immunity].").[8]

Accordingly, the differential outcome in *Missouri DNR* and *DeJordy* cannot turn on the identity of the sovereign invoking immunity. The only defensible distinction (to the extent one exists at all) is the degree of intrusion: Non-disruptive requests do not implicate sovereign immunity, while disruptive ones do.

### iv.

The 30(b)(6) subpoena at issue here falls squarely in the "disruptive" category. It is not, like the request in *Missouri DNR*, a limited subpoena duces tecum seeking the production of a narrowly defined set of documents. Instead, NSP must designate and prepare at least five different employees to provide testimony on six complex and wide-ranging topics. (*See* Filing No. 126-1 - Pl. Subpoena and Filing No. 126-3 - Dec'l

---

[8] All sovereigns are inherently immune to suit in their own courts. Under the law of nations, a foreign sovereign can ask for (and is often, but not always, granted) immunity in the courts of another sovereign, as a matter of comity. *See Verlinden B.V. v. Cent. Bank of Nigeria*, 461 U.S. 480, 486 (1983). *Hyatt* held that the States are *necessarily* immune from suit in the courts of another State because "[i]nterstate sovereign immunity is . . . integral to the structure of the Constitution." 139 S. Ct. at 1498. Indian Tribes, however, were "not at the Constitutional Convention." *Kiowa Tribe of Oklahoma v. Mfg. Techs., Inc.*, 523 U.S. 751, 756 (1998); *see also Lac du Flambeau Band of Lake Superior Chippewa Indians v. Coughlin*, 599 U.S. 382, 401 (2023) (Thomas, J., concurring in the judgment). That does not mean that tribal sovereignty is necessarily less robust than the immunity possessed by the States, but it does illustrate that the converse—the suggestion that Tribes enjoy a *more* robust form of immunity—is incongruent with prevailing immunity jurisprudence.

of Mark Boyer). Mark Boyer, NSP's general counsel, notes, that "[i]n addition to the time spent in deposition and their travel time, the Patrol estimates each individual will spend five (5) hours preparing for the deposition." (Filing No. 126-3 - Dec'l of Mark Boyer at 3). And Plaintiff freely concedes that "it is a lot of work to prepare five [30(b)(6)] witnesses" and that "it will take time for [NSP's] counsel . . . to observe th[ose] [witnesses'] depositions." (Filing 128 at 10). This nontrivial expenditure of public resources—both time and treasure—is one of several reasons that a subpoena compelling a government official to provide deposition testimony "in [an] official capacity . . . 'interfere[s] with the public administration.'" *DeJordy*, 675 F.3d at 1103 (quoting *Boron Oil Co. v. Downie*, 873 F.2d 67, 70–71 (4th Cir.1989)).

In addition to those expenditures, compliance with a 30(b)(6) deposition infringes on Nebraska's autonomy. A state agency forced to comply with such a subpoena is compelled, by judicial decree, to "act in a manner different from that in which the agency would ordinarily choose to exercise its public function." *Id*. Simply put, forced compliance with a deposition subpoena undermines the autonomy of the subpoenaed agency. *See id*. at 1103 (recognizing that the "potential for severe interference with government functions" posed by third-party discovery requests is "apparent"). *Contra Missouri DNR*, 105 F.3d at 436 (Sovereign immunity did not preclude subpoena duces tecum at issue there because the agency had not "shown how production of [the requested] documents infringe[d] on the State of Missouri's autonomy."). Considering that one of the preeminent purposes of sovereign immunity is the "protection [of] a state's autonomy," *Thomas v. FAG Bearings Corp.*, 50 F.3d

502, 506 (8th Cir. 1995), the reason for the differing outcomes in *Missouri DNR* and *DeJordy* is laid bare.

Here, as in *DeJordy*, the discovery request at issue is disruptive. Thus, the Magistrate Judge erred by recommending application of *Missouri DNR* rather than *DeJordy*. Application of the latter precedent and the governing principles therein dictate that Plaintiff's disruptive, resource-intensive, and autonomy-sapping 30(b)(6) deposition subpoena be quashed as an infringement of Nebraska's sovereign immunity.

## II.   IF *MISSOURI DNR* CONTROLS, IT SHOULD BE OVERRULED.

For the avoidance of doubt, NSP recognizes that this Court cannot ignore or overrule binding Eighth Circuit precedent. However, if *Missouri DNR* is deemed controlling here, the Eighth Circuit should overrule it.

### A. Eighth Circuit precedent already casts doubt on *Missouri DNR's* continuing validity.

Finding *Missouri DNR* to be controlling here would require the Eighth Circuit to embrace its outdated dictum[9] and conclude that it established the categorical rule that States cannot invoke sovereign immunity as shield against *any* third-party discovery requests. As discussed above, pp. 11–12, *supra*, cases decided in *Missouri DNR's* wake which did not follow a categorical approach strongly suggest that *Missouri DNR's* dictum is just that—dictum[10]—which does not bind this Court. *John*

---

[9] "There is simply no authority for the position that the Eleventh Amendment shields government entities from discovery in federal court." *Missouri DNR*, 105 F.3d at 436.

[10] Dictum, or dicta (plural), is a "'judicial comment made while delivering a judicial opinion, but one that is unnecessary to the decision in the case and therefore not

*Morrell & Co. v. Loc. Union 304A of United Food & Com. Workers, AFL-CIO*, <u>913 F.2d 544, 550</u> (8th Cir. 1990). If this Court, however, concludes otherwise, *Missouri DNR* should be overruled.

The incongruence of a categorical interpretation of *Missouri DNR* with conventional sovereign immunity jurisprudence is manifestly apparent. In addition to the Eighth Circuit decisions (*DeJordy* and *Webb*) which did not read or apply *Missouri DNR* in such a broad fashion, a recent concurrence directly calls its continuing vitality into question. *See McGehee v. Nebraska Dep't of Corr. Servs.*, <u>968 F.3d 899, 901</u> (8th Cir. 2020) (Stras, J., concurring). There, Judge Stas expressed doubt that "under basic sovereign-immunity principles, a state may be haled into federal court solely for the purpose of answering a third-party subpoena." *Id.* In support of that contention, he cited *DeJordy*. *Id.* Indeed, in light of Judge Stras's separate writing, *McGehee* might have been the vehicle which precipitated *Missouri DNR*'s overrule; however, *McGehee* was vacated as moot before the case could be considered by the *en banc* Eighth Circuit. *See McGehee v. Nebraska Dep't of Corr. Servs.*, <u>987 F.3d 785</u> (8th Cir. 2021).[11]

### B. Precedent from other jurisdictions contradicts *Missouri DNR*.

In addition to the aforementioned Eighth Circuit authority, extrajurisdictional

---

precedential.'" *Passmore v. Astrue*, <u>533 F.3d 658, 661</u> (8th Cir. 2008) (quoting Black's Law Dictionary).

[11] Just as this Court is bound by governing Eighth Circuit precedent, a panel of the Eighth Circuit cannot overrule a governing rule established by a prior panel. *See*, e.g., *United States v. McElroy*, <u>1 F. App'x 610, 611</u> (8th Cir. 2001). Only the full court sitting *en banc* can overrule a prior panel decision.

precedent strongly suggests that *Missouri DNR* is an aberrant outlier. Overruling it would bring Eighth Circuit law in line with its sister circuits.

The most obvious contrary precedent is the Fifth Circuit's *Jones* opinion. Canvassing authority from across the nation, *Jones* found virtually no support for the position represented by *Missouri DNR*. Indeed, the opposite was true: "[O]ur sister circuits agree that where a sovereign is otherwise entitled to immunity, that immunity extends to third-party subpoenas." *Jones*, 49 F.4th at 517. Thus, as *Jones* expressly noted, the great weight of authorities—including *DeJordy*—"cast[] considerable doubt" on *Missouri DNR's* claim that there is "no authority" for the proposition that sovereign immunity shields States from third-party discovery requests. *Id.* at 518 n.12. *Jones* has since been reaffirmed by another Fifth Circuit decision and followed by district courts within that circuit. *See In re Paxton*, 60 F.4th 252 (5th Cir. 2023).[12]

Other courts have also considered *Missouri DNR* and found it lacking. *See*, e.g., *Bonnet v. Harvest (U.S.) Holdings, Inc.*, 741 F.3d 1155 (10th Cir. 2014); *Felix v. Cnty. of Nassau*, 344 F.R.D. 441, 446 (E.D.N.Y. 2023). In *Bonnet*, the Tenth Circuit concluded that tribal sovereigns[13] are shielded from third-party discovery by sovereign immunity. *Bonnet* concluded that tribal sovereignty extends to tribes an

---

[12] *See also Thompson v. Richter*, No. 7:22-CV-00014-O, 2023 WL 7986341 (N.D. Tex. Nov. 17, 2023)*; In re Matter of the Application of B&c Kb Holding Gmbh for an Ord. To Take Discovery Pursuant To 28 U.S.C. § 1782 From the Tchr. Ret. Sys. Of Texas*, No. 1:23-MC-00529, 2023 WL 7926815, at *1 (W.D. Tex. Nov. 16, 2023); *United States v. Planned Parenthood Fed'n of Am.*, No. 2:21-CV-022-Z, 2022 WL 21758612 (N.D. Tex. Dec. 6, 2022).

[13] But not necessarily tribal officers, *see Bonnet*, 741 F.3d at 1161–62.

immunity from "suit," and relied on Tenth Circuit precedent establishing that a "suit" includes any form of "judicial process," including a third-party subpoena duces tecum. *Id*. at 1160. In reaching that conclusion, *Bonnet* expressly rejected the discovery-seeking plaintiffs' reliance on *Missouri DNR. Id.* at 1161. Furthermore, the Tenth Circuit signaled that it was likely, relying on its precedent defining "suit" and "judicial process," that the sovereign immunity of a State, being analogous to that enjoyed by a tribe, would "shield a state agency from discovery in federal court." *Id*. (citing *United States v. Murdock Mach. & Eng'g Co. of Utah*, 81 F.3d 922 (10th Cir. 1996) and *Becker v. Kroll*, 494 F.3d 904 (10th Cir. 2007)).

A similar outcome occurred in *Felix*. There, the Eastern District of New York granted the New York Attorney General's motion to quash a third-party subpoena on sovereign immunity grounds. *Felix*, 344 F.R.D. at 445–46. *Felix* explained that sovereign immunity "applies to more than to just liability," noting that the "the doctrine obtains in all proceedings where the result could be an order restraining the moving governmental entity or requiring it to act." *Id*. at 444. Indeed, "'the very object and purpose of the [E]leventh [A]mendment'"—which was enacted to confirm that the federal constitution did not abrogate the inherent sovereign immunity enjoyed by States—was to "'to prevent the indignity of subjecting a state to the coercive process of judicial tribunals at the instance of private parties.'" *Id*. at 445 (quoting *Ex parte Ayers*, 123 U.S. 443, 505 (1887)). *Felix* went on to consider *Missouri DNR, DeJordy*, and *Jones*, ultimately echoing Jones's "considerable doubt" that the result in *Missouri*

Page **18** of **24**

*DNR* can be squared with generally applicable sovereign immunity principles. *Id. at* 445–46.

To the extent *Missouri DNR* controls here, these authorities (especially *Jones*) present a clear and unambiguous circuit split. *Compare Missouri DNR*, <u>105 F.3d at 436</u> ("There is simply no authority for the position that the Eleventh Amendment shields government entities from discovery in federal court.") *with Jones*, <u>49 F.4th at 514</u> ("Where sovereign immunity applies, it applies totally. Plaintiffs stop at the Rule 12(b)(1) stage and don't get discovery."). The existence of such a split counsels in favor of the Eighth Circuit re-examining its potentially erroneous precedent *en banc. See* <u>Fed. R. App. P. 35(b)(1)(B)</u>; *see also United States v. $579,475.00 in U.S. Currency*, <u>917 F.3d 1047, 1050</u> (8th Cir. 2019) (en banc) (A decision from another circuit that "reject[s] this court's approach" represents "one of the exceptional circumstances for which en banc review is designed.").

This Court cannot overrule *Missouri DNR*, but when the question eventually reaches the appropriate level—the *en banc* Eighth Circuit—it is likely that the case will be overruled.

## III.  NSP WAS ENTITLED, UNDER THIS COURT'S LOCAL RULES, TO FILE A REPLY.

Under Local Rule 7.1, which governs motions practice, the original movant has 7 days "after the opposing party files and serves the opposing brief" to file a "reply brief in support of any . . . motion" other than a motion for summary judgment (where the time period to reply is expanded to 14 days). <u>NECivR 7.1(c)(1)</u>. That reply brief "must address factual or legal issues raised in the opposing brief." *Id*.

Appellate Case: 24-1610     Page: 39     Date Filed: 03/22/2024 Entry ID: 5373822   March 22 2024 p39

NSP, the original movant, filed its Motion to Quash and a brief in support on January 30, 2024. (Filing No. 125, 127). Plaintiff filed a Response Brief on February 1, 2024. (Filing No. 128). The filing of that response brief triggered the 7-day period allotted by the Local Rules for NSP to file a reply; any reply, therefore, was due on February 8, 2024.

On February 6, 2024, two days before the deadline for NSP to comply with the timing requirements of Local Rule 7.1(c)(1), the Magistrate Judge issued a Memorandum and Order. (Filing No. 130). In so doing, the Magistrate Judge effectively denied NSP the right to file a reply.

The Magistrate Judge's effective denial of NSP's right to file a reply was prejudicial. Plaintiff made several factual and legal contentions in his Response Brief that NSP would have addressed in its Reply. NSP will not attempt to fully reproduce the substance of the Reply it would have prepared here, but consider the following example as an example of the prejudice NSP suffered via the effective denial of its right to reply.

In his Response, Plaintiff recounts and discusses correspondence between the parties' counsel where sovereign immunity was not discussed, and, further, highlights a subpoena duces tecum, directed to NSP in this very case, which was not objected to. (See Filing No. 128 at 1–2). Without the benefit of a reply, NSP could not offer relevant explanations—one factual, one legal—explaining this apparent discrepancy. Legally, NSP would have emphasized that because an invocation of sovereign immunity implicates a court's jurisdiction, that issue can be raised at *any*

*time*; indeed, Eighth Circuit precedent recognizes that sovereign immunity can even be raised "for the first time on appeal." *Harmon Indus., Inc. v. Browner*, <u>191 F.3d 894, 903</u> (8th Cir. 1999). Factually, NSP would have noted the obvious distinction between the nondisruptive subpoena duces tecum referenced by Plaintiff—which implicated only a single document consisting of three pages, (*see* <u>Filing 129-7</u>)—and the disruptive 30(b)(6) subpoena that precipitated NSP's Motion to Quash.

Plaintiff's Response Brief was 11 pages long. (<u>Filing No. 128</u>). It contains several serious arguments and highlights authorities not discussed in NSP's opening Brief in Support. (*See*, e.g., <u>Filing No. 128 at 6</u>) (arguing that NSP's litigating position would "clash" with <u>Neb. Rev. Stat. § 84-712</u>, Nebraska's public information statute).[14] NSP was denied the opportunity, which it was entitled under Local Rule 7.1(c)(1), to comprehensively address those arguments and authorities in a reply. Accordingly, NSP objects to the Magistrate Judge's issuance of a recommended disposition without affording NSP the opportunity to reply.

---

[14] As NSP would have explained in its Reply, there is no such "clash." (*See* <u>Filing No. 135 at 14</u> n.8).

Page **21** of **24**

## CONCLUSION

Based on the foregoing, NSP respectfully requests the Court sustain its Objection to the Magistrate Judge's recommended disposition and grant its Motion to Quash.

DATED this 20th day of February 2024.

**NEBRASKA STATE PATROL, a Third Party.**

By:   MICHAEL T. HILGERS, #24483
      *Nebraska Attorney General*

By:   ZACHARY A. VIGLIANCO, #27825
      *Deputy Solicitor General*

By:   *s/ Erik W. Fern*
      Erik W. Fern, #23733
      *Assistant Attorney General*

      OFFICE OF THE ATTORNEY GENERAL
      2115 State Capitol
      Lincoln, Nebraska 68509
      Phone: (402) 471-1830
      Fax: (402) 471-4725
      erik.fern@nebraska.gov
      *Attorneys for Nebraska State Patrol.*

## CERTIFICATE OF COMPLIANCE

Pursuant to NECivR 7.1(d), the undersigned hereby certifies that the foregoing principal brief contains 6,057 words (including the caption, headings, footnotes, and quotations) in compliance with said rule. The undersigned utilized the word count function of Microsoft Word for Microsoft Office 365 that was applied to include all text.

By:     *s/ Erik W. Fern*
Erik W. Fern, #23733
*Assistant Attorney General*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 20, 2024, I electronically filed the foregoing document with the Clerk of the United States District Court for the District of Nebraska, causing notice of such filing to be served upon all parties registered on the CM/ECF system as follows:

Maren Lynn Chaloupka
Chaloupka Law LLC
1906 Broadway
P.O. Box 1724
Scottsbluff, NE 69393-1724
mlc@chaloupkalaw.net

Colby C. Vokey
Law Firm of Colby C. Vokey PC
6924 Spanky Branch Court
Dallas, TX 75248-1450
vokeylaw@colbyvokey.com

Robert S. Keith
Engles Ketcham Olson
Keith, P.C.
1700 Farnam Street
1350 Woodmen Tower
Omaha, NE  68102
rkeith@ekoklaw.com

Jeffery R. Kirkpatrick, #21280
Governmental Law, LLC
8040 Eiger Drive, Suite B
Lincoln, NE 68516
jeff@nrmainc.info

Ryan M. Kunhart
Alison C. Clark
Dvorak Law Group, LLC
9500 W. Dodge Rd., Ste. 100
Omaha, NE 68114
rkunhart@ddlawgroup.com
aclark@ddlawgroup.com

By:     *s/ Erik W. Fern*
        Erik W. Fern, #23733
        *Assistant Attorney General*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

|  |  |
|---|---|
| BRYAN S. MICK, Personal Representative of the Estate of Print Zutavern, Deceased;<br><br>Plaintiff,<br><br>vs.<br><br>DEPUTY BARRETT GIBBONS, in his individual and official capacities; DEPUTY LAWRENCE STUMP, in his individual and official capacities; SHERIFF DAN OSMOND, in his individual and official capacities; COUNTY OF CUSTER, a Nebraska political subdivision; TRP. BRANDON WILKE, in his individual capacity; and JOHN/JANE DOE, training supervisor of the Nebraska State Patrol, in his/her individual and official capacities;<br><br>Defendants. | 4:22CV3025<br><br><br><br>**ORDER** |

This matter comes before the Court on non-party Nebraska State Patrol's (NSP) motion to stay the enforcement of the Rule 30(b)(6) subpoena directed to NSP. Filing No. 134. NSP seeks a stay pending the review of the objection to the undersigned's Memorandum and Order as well as any subsequent interlocutory appeal. *Id*.

On February 6, 2024, the Court issued a memorandum and order on NSP's motion to quash Plaintiff's subpoena for a Rule 30(b)(6) deposition. Filing No. 130. The Court concluded sovereign immunity did not shield NSP from the subpoena and denied the motion. NSP filed an Objection to the Magistrate Judge's Order on February 20, 2024. Filing No. 133.

The power of a district court to stay an action pending on its docket is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). "In determining whether staying a case is appropriate, the court will consider factors such as the economy of judicial resources and balancing the potential prejudice, hardship, and inequity to the parties." *Mendoza v. United States Immigration*, No. 8:13CV65, 2013 WL 12123539, at *2 (D. Neb. May 29, 2013).

NSP argues without a stay it will suffer irreparable harm. Specifically, NSP contends it will lose the claimed protection provided by sovereign immunity if they are required to expend time and resources complying with the subpoena before fully litigating the issue.

The timing of the present motion did not afford Plaintiff an opportunity to respond.[1] Given the Court's familiarity with the case, it presumes Plaintiff would argue that a stay of this Court's order would further delay discovery and prevent him from obtaining information necessary to litigate his case.

After balancing the appropriate considerations, the Court finds a stay pending a ruling on the objection to the February 6, 2024 order is appropriate. At this time, NSP's motion to stay pending an interlocutory appeal is premature and will not be considered.

---

[1] The present motion was filed on February 20, 2024. The depositions are currently scheduled for February 26 and 27. Filing No. 134.

Accordingly,

IT IS ORDERED:

NSP's motion to stay, Filing No. 134, is granted in part and denied in part. NSP's compliance with the Rule 30(b)(6) subpoena is stayed pending a ruling on the Objection to the Magistrate's Order. NSP's motion to stay pending a potential interlocutory appeal is denied without prejudice to reassertion.

Dated this 23rd day of February, 2024.

BY THE COURT:

*s/ Jacqueline M. DeLuca*
United States Magistrate Judge

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BRYAN S. MICK, Personal Representative of the Estate of PRINT ZUTAVERN, Deceased,<br><br>      Plaintiff,<br><br> vs.<br><br>DEPUTY BARRETT GIBBONS, in his individual and official capacities; DEPUTY LAWRENCE STUMP, in his individual and official capacities; SHERIFF DAN OSMOND, in his individual and official capacities; COUNTY OF CUSTER, a Nebraska political subdivision, d/b/a CUSTER COUNTY SHERIFF'S OFFICE; TRP. BRANDON WILKIE, in his individual capacity; and JOHN/JANE DOE, a training supervisor of the Nebraska State Patrol, in his/her individual and official capacities,<br><br>      Defendants. | Case No. 4:22-cv-3025<br><br><br><br>**PLAINTIFF'S BRIEF OPPOSING NEBRASKA STATE PATROL'S OBJECTION** |

Bryan S. Mick, Personal Representative of the Estate of Print Zutavern, Deceased, Plaintiff in the above-captioned matter, by and through his counsel of record, submits this Brief Opposing (non-party) Nebraska State Patrol's Objection to Magistrate Judge's Order on Motion to Quash:

### INTRODUCTION

This may seem like a routine discovery dispute; it is not.  After the non-party Nebraska State Patrol initially voiced no objection to the deposition of its representatives, the Office of the Attorney General abruptly changed that position.  It has staked out a goal of overturning 24-year-old Eighth Circuit precedent, and joining the outlier United States Court of Appeals for the Fifth Circuit in choking off all discovery from all state agencies, in any type of case.

PROCEDURAL BACKGROUND

What NSP characterizes as "severe interference with government functions" is a Notice of 30(b)(6) Deposition in a wrongful death/civil rights case.  Plaintiff asked NSP to designate the person or persons most knowledgeable not in all training for troopers, but in just six discrete areas of training that are germane to this case:

    a.   Responding to persons experiencing a mental health crisis;

    b.   Response to and resolution of events involving barricaded subjects/suspects;

    c.   Use of force (non-lethal and lethal);

    d.   Police service dogs and dog handling, including in tactical events;

    e.   Special Weapons and Tactics and/or SWAT; and

    f.   Video recording devices (body-worn, dashboard, robot).

This is not for training for all time throughout the NSP's existence; it is for training effective as of February 23, 2020.  This request apparently breaches NSP's low threshold for "severe interference with government functions."

The negotiations for the scope of the 30(b)(6) deposition(s) began in October 2023.  Emails provided in the Evidence Index Opposing NSP's Motion to Quash show that the undersigned communicated multiple times by phone and by email with Jessica Forch, then-counsel for the Nebraska State Patrol.  On Forch's suggestion, the undersigned reviewed WILKIE's training logs to identify particular relevant trainings he had undertaken, to assist NSP in identifying the right witness(es) to designate.

During these communications, no one suggested that sovereign immunity should block this discovery from occurring.  Even when Assistant Attorney General Erik Fern (counsel for NSP in this Motion) joined the discussion on November 1, his concern was scheduling, not sovereign

immunity.  Something happened after that time, and NSP first raised its sovereign immunity argument on January 4, 2024.

"All discovery requests are a burden on the party who must respond thereto.  Unless the task of producing or answering is unusual, undue or extraordinary, the general rule requires the entity answering or producing to bear that burden."[1]  If the task of producing herein really is unusual, NSP could have sought a protective order to invoke the Court's review of whether producing five employees on limited subjects is unfair.  NSP could have negotiated with the undersigned to space out the timing of the deposition so that Mr. Boyer did not have to miss a whole day to two days of other work in order to accompany Mr. Fern to this deposition.  But instead, NSP seeks to not just block the discovery altogether in this case, but to establish new precedent that no state agency need ever participate in discovery again.

STANDARD OF REVIEW

As NSP notes, "discovery matters, like a motion to quash, are committed to the sound discretion of the trial court."[2]  District courts in the Eighth Circuit are "duty bound to follow precedential decisions of the Eighth Circuit Court of Appeals."[3]  The Eighth Circuit has recognized

---

[1] *Peetz v. Genentech, Inc.*, 2013 WL 3812682 (D. Neb. 2013).

[2] *United States v. Adcock*, 558 F.2d 397, 406 (8th Cir. 1977).

[3] *See Hood v. United States*, 342 F.3d 861, 864 (8th Cir. 2003) (district courts are "bound ... to apply the precedent of [the Eighth] Circuit"); *Valspar Corp. v. PPG Indus., Inc.*, 2017 WL 3382063 at *3 (D. Minn. 2015) (district courts are bound by circuit court decisions "until and unless the Supreme Court (or the circuit court sitting en banc) says otherwise," including even if it appears the circuit court decision "conflicts with Supreme Court precedent"); *United States v. Wade*, 792 F. Appx. 417 (8th Cir. 2020) (*per curiam*) (the Eighth Circuit itself is "bound by a prior panel's decision … [e]ven though there has been recent discussion about the lasting viability [of Eighth Circuit precedent] in light of recent Supreme Court precedent"); *Pereida v. Barr*, 916 F.3d 1128, 1133 (8th Cir. 2019) (Eighth Circuit is "bound by [circuit] precedent absent *en banc*

the principle that "where a precedent ... has direct application in a case, [the court] should follow it, even if a later decision arguably undermines some of its reasoning."[4]

# ARGUMENT

# I.

## CIRCUIT PRECEDENT CONTROLS THE OUTCOME OF THIS OBJECTION

Sovereign immunity does not block a party from seeking discovery from any state agency. As a practical matter, parties serve non-party subpoenas on the Nebraska State Patrol regularly for records, reports, photographs and video footage, and NSP responds.  In fact, *in this very case last month*, NSP complied with Plaintiff's Rule 45 Subpoena Duces Tecum without objection and without claiming that sovereign immunity shielded it from responding to Plaintiff's subpoena.[5]

Federal Rule of Civil Procedure 26(b)(1) permits discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportionate to the needs of the case." Discovery includes depositions.[6]  Rule 30(b)(6) provides for depositions of organizational representatives. It requires the organization to designate people "who consent to testify on its

---

reconsideration or a superseding contrary decision by the Supreme Court regarding this unique situation").

[4] ***Bierman v. Dayton***, 900 F.3d 570, 574 (8ᵗʰ Cir 2018) (*citing **Agostini v. Felton***, 521 U.S. 203, 237 (1997)).

[5] NSP's response to Plaintiff's Rule 45 subpoena duces tecum is provided in our Evidence Index Opposing NSP's Motion to Quash.  NSP has not disputed that it complied with this subpoena without objection or any claim that sovereign immunity spared it from searching records to comply with Rule 45.

[6] ***Timm v. Goodyear Dunlop Tires North America, Ltd.***, 2016 WL 10674240 (N.D. Ind. 2016).

behalf" and who "must testify about the information known or reasonably available to the organization."[7]

This case does not implicate tribal sovereignty. With that in mind, there is no evidence that *In re Missouri Dep't of Nat. Res.*, 105 F.3d 434 (8ᵗʰ Cir. 1997) (hereinafter "*Missouri DNR*"), is on the cusp of reversal, especially for cases that do not implicate tribal sovereignty, unless the Circuit accepts an interlocutory appeal in this case. *Missouri DNR* has remained "good law" for nearly a quarter-century. The Office of the Nebraska Attorney General does not advise of any other particular case pending before the Circuit that challenges whether *Missouri DNR* is still effective precedent – it wants this case to be "The Case." The cases cited by NSP that are described as challenging the validity of that precedent are, to be clear, cases focusing on tribal sovereignty.

This Court addressed, and rejected, the Attorney General's argument in 2019 in the case of *McGehee v. Nebraska Dept. of Corr. Servs.*[8]. The plaintiffs were a group of Arkansas death row inmates. They sought to use a subpoena to obtain evidence of communications and documents between NDCS and certain pharmacies, relative to those pharmacies' decision to supply fentanyl for use in Nebraska executions. The Attorney General objected, arguing sovereign immunity and citing the cases provided in NSP's Brief herein.

This Court analyzed the validity of *Missouri DNR*, finding:

The holding in *Missouri DNR* remains good law in the Eighth Circuit and is binding in this case. NDCS nevertheless argues that the court in *Missouri DNR* "strongly suggested" that the Eleventh Amendment would bar a subpoena that "infringes on a State's autonomy or threatens its treasury." NDCS Br. at 10-11, ECF No. 16 (*quoting Missouri DNR*, 105 F.3d at 436). However, the holding in *Missouri DNR* does not support this position. While the Eighth Circuit

---

[7] FED. R. CIV. P. 30(b)(6).

[8] *McGehee v. Nebraska Dept. of Corr. Servs.*, 2019 WL 1227928 (D. Neb. 2019) (Smith Camp, J.).

recognized that the Missouri DNR failed to show that the subpoenas infringed on the State of Missouri's autonomy or pocketbook, the court stated that "there is simply no authority for the position that the Eleventh Amendment shields government entities from discovery in federal court." **Missouri DNR**, 105 F.3d at 436.

Despite the Eighth Circuit's unqualified language, NDCS argues that the tea leaves of more recent precedent call into question the holding in *Missouri DNR*. NDCS relies on the Eighth Circuit's decision on tribal sovereign immunity in **Alltel Comm., LLC v. DeJordy**, 675 F.3d 1100, 1104 (8th Cir. 2012).  In **Alltel**, the Oglala Sioux Tribe moved to quash third-party subpoenas on the basis of tribal immunity.  **Id.** at 1102. The district court denied the motion to quash, relying on the Eighth Circuit's decision in **Missouri DNR**.  **Id.** at 1104.  The Eighth Circuit held that the district court's reliance was misplaced because "[a]lthough Eleventh Amendment precedents are instructive, tribal immunity 'is not congruent with that which the Federal Government, or the States, enjoy.'"  **Id.** (*quoting* **Three Affiliated Tribes of Fort Berthold Reservation v. Wold Engineering**, 476 U.S. 877, 890.  Accordingly, the court "declined to decide whether sovereign immunity provided states with protection against 'disruptive third-party subpoenas that would clearly be barred in a State's own courts.'"  **In re Mo. Dep't of Corr**, 661 Fed. Appx. 453, 456 (8th Cir.), *reh'g granted and opinion vacated* (Sept. 13, 2016), *on reh'g sub nom*. **In re Mo. Dep't of Corr.**, 839 F.3d 732 (8th Cir. 2016) (*quoting* **Alltel**, 675 F.3d at 1104-05).

The Court cannot read **Alltel** as overruling or questioning the court's holding in **Missouri DNR**. Other states' correctional departments subpoenaed by the Plaintiffs in this case have raised this argument and each court, citing to Eighth Circuit precedent, has refused to hold that sovereign immunity bars the subpoenas. **See McGehee v. Florida Dep't of Corr.**, 4:2018-mc-00004, ECF No. 18 slip op. at 1 (N.D. Fla. Feb. 2, 2019); **McGehee v. Missouri Dep't of Corr.**, 2:18-mc-04138, ECF No. 21 slip op. at 10, (W.D. Mo. Jan 15, 2019). The Court, following binding Eighth Circuit precedent, agrees with its sister courts that sovereign immunity does not categorically bar the subpoenas in this case.[9]

The Office of the Nebraska Attorney General appealed that decision.  The dispute was rendered moot by a Nebraska Supreme Court decision ordering the Department to release the documents in question, leaving no relief to grant.  But:  before the Circuit requested briefing on mootness and then concluded that the dispute was moot, the court "concluded it did not affect

---

[9] **McGehee v. Nebraska Dept. of Corr. Servs.**, 2019 WL 1227928 at *4.

the outcome because we were bound by the panel's decision in **Missouri DNR**."[10]  There were no dissents or concurrences from that opinion, from Judge Stras or any other jurist.

This Court is bound by that panel decision as well.  It is not bound by **Felix v. County of Nassau**[11], the opinion from the United States District Court for the Eastern District of New York cited by the Office of the Nebraska Attorney General.  This Court is not in the Fifth Circuit, so it is not bound by **Russell v. Jones**[12], another case relied upon by the Office of the Nebraska Attorney General.  It appears that the Attorney General hopes that:

- the Eighth Circuit will concur that NSP is at true risk of not just routine non-party inconvenience, but "severe interference with governmental functions" (in NSP's words) and will take up NSP's interlocutory appeal[13]; and

- Judge Stras will be on the panel that hears its appeal; and

- Judge Stras will persuade the rest of the panel to overrule its own precedent and follow the Fifth Circuit's decision in **Russell**.

All of those things must happen in order for the Attorney General's prediction to come true, that the Circuit will abandon its own 24-year precedent in order to spare NSP from producing five out of 700+ employees to testify about training on six subjects that was effective on one day in recent history.  We take the Attorney General's effort seriously nonetheless, because of the disastrous

---

[10] *See* **McGehee v. Nebraska Dep't of Corr. Servs.**, <u>987 F.3d 785, 787</u> (8th Cir. 2021) (unanimous decision).

[11] **Felix v. County of Nassau**, <u>344 F.R.D. 441</u> (E.D.N.Y. 2023).

[12] **Russell v. Jones**, <u>49 F.4th 507</u> (5th Cir. 2022).

[13] We wonder whether there is an organizational initiative among different states' attorneys general to change the interpretation of sovereign immunity, such that suddenly this issue is arising in multiple courts seemingly all at once.  So far, NSP has not denied that this is what is happening.

consequences for truth-seeking in the court system if all state agencies can now refuse to comply with subpoenas.

In our Brief Opposing NSP's Motion to Quash, we expressed concern about how far the Nebraska State Patrol envisions its proposed ban on participating in discovery to extend.  In its Brief Supporting Objection, the Office of the Attorney General has done nothing to quell these concerns.  Thus it appears that the intent of the Office of the Attorney General is to put an end to obtaining not just discoverable but necessary evidence from all state agencies, from the Patrol to the Department of Health & Human Services to the Department of Correctional Services and every other agency of the State.

That result would badly compromise the completeness and thus the accuracy of information available in the justice system.  For example:

- It would clash with N EB . R EV . S TAT . § 84-712, Nebraska's public information statute.
- It would allow NSP to refuse to produce for depositions troopers who investigated crashes.
- The Nebraska Department of Transportation could refuse to produce evidence (documentary, photographic or testimonial) of road construction plans in contract disputes between construction contractors.
- In cases alleging bad faith practices by insurers, the Nebraska Department of Insurance could refuse to produce evidence (documentary, photographic or testimonial) relating to a problem insurer.
- The Nebraska Law Enforcement Training Center could refuse to produce evidence relating to the training history of an officer who participated in a wrongful conviction.
- The Department of Correctional Services could refuse to produce documents or witnesses in federal civil rights actions against its employees.  It could refuse a subpoena for a plaintiff's inmate file.
- The Nebraska Department of Health & Human Services could refuse to produce records or testimony regarding licensed facilities, such as inspection reports on privately-owned nursing homes and mental health facilities.  It could refuse to produce records or testimony regarding a caseworker who is sued in a civil rights action.

The Attorney General's requested outcome would shield from discovery evidence held by the Nebraska Equal Opportunity Commission, the Nebraska Department of Labor, the Nebraska Crime Commission – all of that evidence and evidence held by every other state agency would be lost to this sweeping interpretation of "sovereign immunity."

That apparently is what the Office of the Attorney General wants.  But it is not supported by the Eighth Circuit, and that outcome would critically wound truth-seeking and integrity in the development and presentation of evidence.  We ask this Court to turn away, and turn away forcefully, from that disastrous outcome.

As an aside, the Office of the Attorney General has not inaccurately quoted *Russell v. Jones* in excerpting its statement of "sovereign immunity is an immunity from suit (including discovery), not just liability."  But the alleged support for that statement does not fit here.  The United States Supreme Court decision that the Fifth Circuit cited as support for that statement, *Mitchell v. Forsyth*[14], arose from a case against a former United States Attorney General, and addresses how *qualified* immunity protects governmental defendants from disruptive discovery.  We thus would question the strength of *Mitchell* as support for the proposition that a non-party state agency is completely immune from responding to a deposition notice or a subpoena duces tecum for records.

## II.

### The Limited Subjects of Inquiry in the Subpoena are Proportional to the Harm at Issue

---

[14] *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).

Whether it is because five NSP employees (out of more than 700[15]) will need to provide testimony; or because NSP's in-house counsel wishes to observe the depositions along with the Assistant Attorney General; or because of some other reason, NSP warrants that the 30(b)(6) subpoena is not just disruptive on the ordinary scale, but "severe interference with government functions." NSP has not shown that it will need to stop fighting crime, suspend motorist assistance in a blizzard, or tell recruits in its training academy that their matriculation will be delayed.

"Severe interference with government function" is not defined in decisional authority. The cases using that term are those that appear in the Attorney General's Brief (the 2012 case of *Alltel Comms., Inc. v. DeJordy*[16], and *Russell v. Jones*[17]) and a district court case, which also involved tribal sovereignty, that quotes that language from *DeJordy*.[18] We acknowledge an interest in protecting non-party witnesses "from being subjected to excessive discovery burdens in litigation in which they have little or no interest"[19]; but producing witnesses for another lawyer to depose should not rise to the level of "severe interference" with the functions of a non-party that is a complex organization that employs individuals who are capable of appearing at a deposition.[20]

---

[15] https://statepatrol.nebraska.gov/#:~:text=Our%20State%20Headquarters%20housing%20NSP,to%20the%20citizens%20of%20Nebraska.

[16] *Alltel Comms., Inc. v. DeJordy,* 675 F.3d 1100 (8th Cir. 2012).

[17] *Russell v. Jones* 49 F.4th 507 (5th Cir. 2022).

[18] *Temple v. Roberts,* 2019 WL 6528215 (D.S.D. 2019).

[19] *In re Edelman,* 295 F.3d 171, 178 (2d Cir. 2002).

[20] *See, e.g., In re Third Party Subpoena of American Suzuki Motor Corp.,* 2012 WL 12903125 (C.D. Cal. 2012) ("Requiring ASMC to produce responsive documents within its control and to make available for deposition those individuals who are most knowledge concerning the noticed deposition topics is not unduly burdensome. ASMC concedes that it possess some relevant information, but argues that requiring it to designate employees competent to testify as to matters

And, NSP's relationship to WILKIE makes it hardly a stranger to this litigation.  NSP is WILKIE's employer.  The Court's files for this matter reflect that the Office of the Nebraska Attorney General (and this Assistant Attorney General in particular) herein initially entered an appearance[21] for all NSP employees, until recognizing a conflict of interest and withdrawing.

In the products liability case of **Buchanan v. American Motors Corp.**[22] the defendant manufacturer sought to subpoena a renowned expert witness on the relevant subject matter regarding his adverse research study about the defendant's product.  Its rationale was that the defense expected its adversary to use the research study as to express a *de facto* adverse expert opinion about the safety of the defendant's product.  The witness was a true stranger to the litigation, not an expert or adviser to any party.[23]

The district court quashed the defense's subpoena, and the United States Court of Appeals for the Sixth Circuit affirmed that decision.  It found that

> [c]ompliance with the subpoena would require the expert who has no direct connection with the litigation to spend many days testifying and disclosing all of the raw data, including thousands of documents, accumulated over the course of a long

---

already available from Suzuki constitutes an undue burden. ASMC argues that preparation of competent witnesses will require obtaining and reviewing 'thousands of Suzuki's confidential documents [and] speaking with a variety of Suzuki employees.' What is more, ASMC contends that it 'does not have possession, custody or control of Suzuki's documents or employees.' These arguments miss the mark. Suzuki indicated that ASMC either possesses responsive documents or employs individuals capable of addressing [plaintiff's] discovery requests, and [plaintiff's] subpoena of ASMC was a good faith response. [Plaintiff] now seeks documents and testimony relating to the manner and means by which Suzuki's proposed trademark will be used in the United States. As Suzuki's American distributor, ASMC is uniquely positioned to respond to such discovery requests.")

[21] Filings #15, 42.

[22] *See Buchanan v. American Motors Corp.*, 697 F.2d 151 (6th Cir. 1983).

[23] *Id.* at 152.

> and detailed research study. Like the District Court, we note that the expert is not being called because of observations or knowledge concerning the facts of the accident and injury in litigation or because no other expert witnesses are available.[24]

In its reasoning, the court emphasized more than once that that witness was a stranger to the litigation.

That is not true here. The Complaint alleges WILKIE was an employee and agent of NSP and that he was "acting under color of law – under the constitutions, statutes, administrative rules, customs, policies and usages of the Nebraska State Patrol, the State of Nebraska and the United States – and had assumed the responsibilities, activities, and rights involved in exercising their roles as members of NSP's professional staff."[25]  Asking NSP to designate knowledgeable witnesses to testify about WILKIE's training is not comparable to the random summons of a disconnected expert in *Buchanan*.

Rule 30(b)(6) deposition notices typically identify a number of topics of inquiry, which often necessitate the designation of multiple witnesses. "The more complex the case, the greater the number of topics to be explored during the deposition and the greater number of witnesses."[26] If each witness were counted separately, a party could easily exhaust the number of allowable depositions in one or two 30(b)(6) depositions.  "The Advisory Committee Notes make clear that the drafters intended to avoid that problem by counting a 30(b)(6) deposition as a single

---

[24] *Id.*

[25] *Complaint* at ¶ 64.

[26] *Duran v. Sara Lee Corp.*, 2013 WL 12308200 at *2 (W.D. Mich. 2013).

deposition, regardless of how many individuals were required to be designated to comply with a 30(b)(6) notice."[27]

To comply with Rule 30(b)(6), the organizational deponent "has an affirmative duty to make available 'such number of persons as will' be able 'to give complete, knowledgeable, and binding answers' on its behalf."[28] "Because of this obligation, and because it is rare for one employee to have personal knowledge of everything known to a corporation, it is not unusual for a 30(b)(6) deposition to involve extensive preparation and multiple witnesses."[29]

We read the Affidavit of Mark Boyer to argue, in summary, not that the topics of the 30(b)(6) subpoena are inappropriate; but that producing five employees and accompanying AAG Fern to the deposition is too much trouble for Mr. Boyer.  Our blunt response is that this case is not about a twisted ankle:  it is about the death of an unarmed husband and father who was shot, at a distance of 3 feet, by an officer who was trained, was employed and was acting in service to NSP.  It is not too much to ask that NSP comply with this subpoena.[30]

***Wulz v. Bank of China, Ltd.***[31] arose from a terrorist bombing in Tel Aviv, Israel.  Four family members of a victim who died in the blast sued the Bank of China, alleging it had provided

---

[27] ***Id.***

[28] ***Reilly v. Natwest Markets Group, Inc.***, 181 F.3d 253, 268 (2d Cir. 1999).

[29] ***See Wultz v. Bank of China Ltd.***, 298 F.R.D. 91, 99 (S.D.N.Y. 214); ***In re Weatherford Int'l Securities Litig.***, 2013 WL 4505259 at *3 (S.D.N.Y. 2013); Fed. R. Civ. P. 30 advisory committee's note to 1993 amendment.

[30] It is not clear from NSP's submission whether Mr. Boyer will be solely responsible for that preparation, whether he and AAG Fern will work collaboratively or if there is some other way to prepare the witnesses.

[31] ***Wulz v. Bank of China Ltd.***, 298 F.R.D. 91 (S.D.N.Y. 2014).

material support and resources to the terrorists.  The plaintiffs noticed a 30(b)(6) deposition of a non-party Israeli bank, seeking testimony on a variety of topics that were germane to the funding of the terrorists.  The Israel bank moved to quash, claiming that the subpoena created an undue burden on its organization because all of the individuals with relevant information about the challenged wire transfers resided or worked in Jerusalem.

The United States District Court for the Southern District of New York rejected this argument.  It held that

> Even if [the Israeli bank] is a non-party witness and all of the documents or knowledgeable persons are in Jerusalem, compliance with the 30(b)(6) subpoena is not an undue burden when weighed against BOC's need for the testimony. A person in New York can easily be educated by a person in Israel by telephone, email or videoconference and relevant documents can easily be transmitted on a single flash drive or CD–ROM. Further, in the age of videoconferencing, [The Israeli bank] can avoid the burden of educating a New York employee altogether by agreeing to a deposition by video, to which BOC has consented.[32]

The court noted that the issue of the scienter of the Bank of China was "critical to this case," and thus the Israeli bank's documents and testimony were "directly relevant to the claims and defenses."[33]  For all of those reasons, the court denied the non-party Israeli bank's motion to quash.

Its reasoning resonates here.  The harm at issue in this case was existential, ending one life completely and changing forever the lives of PRINT's family.  WILKIE has asserted that his actions were reasonable, and he will move for qualified immunity.  To survive that motion, Plaintiff must show that WILKIE's actions were objectively unreasonable.[34]  We expect that how WILKIE was trained will reveal evidence that contradicts WILKIE's assertion that his actions, in shooting an

---

[32] *Id.* at 99.

[33] *Id.* at 102.
[34] *Shelton v. Stevens*, 964 F.3d 747, 762 (8th Cir. 2020).

unarmed man from a distance of 3 feet, were objectively reasonable. Thus what Plaintiff now seeks in this 30(b)(6) deposition is evidence of how WILKIE was trained, in matters that directly bear on the claims and defenses in this case: use of force, mental health, police service dogs, barricaded subjects, Special Weapons and Tactics (SWAT) and the body-worn cameras that troopers are ostensibly to wear and operate in these kinds of law enforcement events.

We do not disagree that it should take time to prepare five witnesses, and it will take time for agency counsel for this non-party to observe their depositions.[35] If anything, however, NSP has more of a relationship to WILKIE than the Israeli bank had to the defendant of *Wulz*, and the individuals with knowledge in this matter are within 90 miles of Lincoln, not across the ocean in Jerusalem. This is not a disproportionate burden, given the total loss of Print Zutavern to his family and what is now at stake.

## Conclusion

For these reasons, Plaintiff asks this Court to OVERRULE the Nebraska State Patrol's Objection to the Magistrate Judge's Order Denying NSP's Motion to Quash.

> BRYAN S. MICK, Personal Representative of the Estate of PRINT ZUTAVERN, Deceased, Plaintiff,
>
> By: _/s/ Maren Lynn Chaloupka_
> Maren Lynn Chaloupka – NSBA # 20864
> Chaloupka Law LLC
> 1906 Broadway
> P.O. Box 1724
> Scottsbluff, Nebraska 69363-1724
> (308) 270-5091
> mlc@chaloupkalaw.net

---

[35] It is not clear whether both agency counsel Boyer and the Assistant Attorney General will attend the nonparty 30(b)(6) deposition.

-AND-

Colby C. Vokey – TX State Bar # 24043391
Law Firm of Colby C. Vokey PC
6924 Spanky Branch Court
Dallas, TX  75248-1450
vokeylaw@colbyvokey.com

## CERTIFICATE OF COMPLIANCE

I hereby certify this document complies with NEB. CIV. R. 7.1(d)(1). It contains 4665 words, as calculated by the word-count function of Word, including all text, the caption, headings, footnotes, and quotations.

_/s/ Maren Lynn Chaloupka_____

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing instrument has been sent via email on this 28th day of February 2024, to the following:

Jeffery R. Kirkpatrick
Governmental Law, LLC
8040 Eiger Drive
Suite B
Lincoln, NE 68516
jeff@nrmainc.info

Erik W. Fern
Office of the Attorney General
2115 State Capitol
Lincoln, NE  68509
erik.fern@nebraska.gov

Ryan M. Kunhart
Claire E. Monroe
Alison C. Clark
Dvorak Law Group, LLC
9500 W. Dodge Road, Suite 100
Omaha, NE  68114
rkunhart@ddlawgroup.com
cmonroe@ddlawgroup.com
aclark@ddlawgroup.com

_/s/ Maren Lynn Chaloupka_____

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

BRYAN S. MICK, Personal
Representative of the Estate of Print
Zutavern, Deceased,

         Plaintiff,

vs.

DEPUTY BARRETT GIBBONS, et
al.,

         Defendants.

4:22-CV-3025

MEMORANDUM AND ORDER

This matter is before the Court on the Nebraska State Patrol's objection (filing 133) to the Magistrate Judge's memorandum and order (filing 130) denying the State Patrol's motion to quash (filing 125). The Court will overrule the objection. A district court may reconsider a magistrate judge's ruling on nondispositive pretrial matters only where it has been shown that the ruling is clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); *Ferguson v. United States*, 484 F.3d 1068, 1076 (8th Cir. 2007). The Magistrate Judge's ruling here was neither.[1]

---

[1] The State Patrol cites authority for the proposition that denial of a motion to quash may be dispositive in some circumstances, warranting *de novo* review. *See* filing 133 at 3-5 (citing, *e.g.*, *Jones v. PGA TOUR, Inc.*, 668 F. Supp. 3d 907, 916 (N.D. Cal. 2023)). In determining whether a ruling is dispositive, Fed. R. Civ. P. 72 permits the courts to reach common sense decisions, and courts typically consider the impact on the merits of the case. *See Strike 3 Holdings, LLC v. Doe*, 330 F.R.D. 552, 554 (D. Minn. 2019). The Court isn't persuaded that "common sense" supports treating the State Patrol like a true third party here, based mostly on the legal fiction separating the "official" and "individual" capacities of the State Trooper

The Court, in fact, agrees fully with the Magistrate Judge's well-reasoned decision. The State Patrol's argument for sovereign immunity from civil discovery rests primarily on its repeated assertion that the Eighth Circuit's crystal-clear holding to the contrary in *In re Mo. Dep't of Nat. Res.*, 105 F.3d 434, 436 (8th Cir. 1997) ("*Missouri DNR*"), is dicta. But dicta is "a judicial comment made while delivering a judicial opinion . . . that is unnecessary to the decision in the case and therefore not precedential." *United States v. Worthington*, 89 F.4th 1058, 1063 (8th Cir. 2024). A judge's power to bind is limited to the issue before the court, and assumptions and statements of belief about *other* issues aren't holdings, no matter how confident the court may sound. *See Ark. State Conf. NAACP v. Ark. Bd. of Apportionment*, 86 F.4th 1204, 1215-16 (8th Cir. 2023). In contrast, a court *is* bound by both the result of a prior case and those portions of the opinion necessary to the result. *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 66-67 (1996).

And *Missouri DNR*'s holding isn't dicta just because it's broader than the State Patrol would like. In that case, the Missouri Department of Natural Resources had investigated the source of water pollution. 105 F.3d at 435. Residents of the area then sued the suspected polluter, who served the Missouri DNR with a subpoena duces tecum seeking documents related to the investigation. *Id*. The Missouri DNR moved to quash the subpoena asserting, among other things, its Eleventh Amendment immunity. *Id*. at 436. But the Eighth Circuit rejected that argument, holding that "[g]overnmental units are subject to the same discovery rules as other persons and entities having contact with the federal courts. There is simply no authority for the position that the

---

who remains a defendant. But it doesn't matter, because the Court would reach the same conclusion regardless of the standard of review.

Eleventh Amendment shields government entities from discovery in federal court." *Id*. (citation omitted).

That's not dicta: It's the plainly stated rule of law that the Court of Appeals applied to conclude that the state defendant's motion to quash was properly denied. *See id*. The State Patrol may disagree with that rule, but any such argument needs to go to the Court of Appeals first. *Hood v. United States*, 342 F.3d 861, 864 (8th Cir. 2003). Nor do the Eighth Circuit's subsequent decisions in *Alltel Commc'ns, LLC v. DeJordy*, 675 F.3d 1100, 1104 (8th Cir. 2012) or *Webb v. City of Maplewood*, 889 F.3d 483, 488 (8th Cir. 2018), undermine *Missouri DNR* in any way. *DeJordy* is plainly distinguishable, for the reasons explained by the Magistrate Judge. *See* filing 30 at 4. And *Webb* stands for the unremarkable procedural proposition that a state party seeking to assert immunity could raise it in a motion to quash—the *Webb* court said nothing about the *merits* of any such motion, which hadn't even been filed yet at that point in that case. 889 F.3d at 488. There is, in short, nothing in the Eighth Circuit's caselaw which authorizes the Court to do anything other than follow *Missouri DNR*. Accordingly,

IT IS ORDERED that the State Patrol's objection (filing 133) is overruled.

Dated this 13th day of March, 2024.

BY THE COURT:

John M. Gerrard
Senior United States District Judge

- 3 -

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **BRYAN S. MICK, Personal Representative of the Estate of PRINT ZUTAVERN, Deceased,** | **Case No. 4:22-cv-3025** |
| **Plaintiff,** | |
| **v.** | |
| **DEPUTY BARRETT GIBBONS, in his individual and official capacities; DEPUTY LAWRENCE STUMP, in his individual and official capacities; SHERIFF DAN OSMOND, in his individual and official capacities; COUNTY OF CUSTER, a Nebraska political subdivision, d/b/a CUSTER COUNTY SHERIFF'S OFFICE; TRP. BRANDON WILKIE, in his individual capacity; and JOHN/JANE DOE, a training supervisor of the Nebraska State Patrol, in his/her individual and official capacities,** | **NOTICE OF APPEAL** |
| **Defendants.** | |

The Nebraska State Patrol, a nonparty and an agency of the State of Nebraska, appeals to the United States Court of Appeals for the Eighth Circuit from the District Court's "Memorandum and Order" overruling Nebraska State Patrol's Fed. R. Civ. P. 72 Objection to the Magistrate Judge's Memorandum and Order denying Nebraska State Patrol's motion to a quash Plaintiff's subpoena compelling Fed. R. Civ. P. 30(b)(6) depositions entered on March 13, 2024. (Filing No. 138).

The Nebraska State Patrol also appeals the Magistrate Judge's "Memorandum

and Order" entered on February 6, 2024. (Filing No. 130).

DATED this 22nd day of March 2024.

**NEBRASKA STATE PATROL,**
**Appellant,**

By:   MICHAEL T. HILGERS, #24483
*Nebraska Attorney General*

By:   Zachary A. Viglianco, #27825
*Deputy Solicitor General*

By:   *s/ Erik W. Fern*
Erik W. Fern, #23733
*Assistant Attorney General*

OFFICE OF THE ATTORNEY GENERAL
2115 State Capitol
Lincoln, Nebraska 68509
Phone: (402) 471-1830
Fax: (402) 471-4725
erik.fern@nebraska.gov
*Attorneys for Nebraska State Patrol.*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 22, 2024, I electronically filed the foregoing document with the Clerk of the United States District Court for the District of Nebraska, causing notice of such filing to be served upon all parties registered on the CM/ECF system as follows:

Maren Lynn Chaloupka
Chaloupka Law LLC
1906 Broadway
P.O. Box 1724
Scottsbluff, NE 69393-1724
mlc@chaloupkalaw.net

Colby C. Vokey
Law Firm of Colby C. Vokey PC
6924 Spanky Branch Court
Dallas, TX 75248-1450
vokeylaw@colbyvokey.com

Robert S. Keith
Rembolt Ludtke
3 Landmark Centre, 1128
Lincoln Mall, #300,
Lincoln, Nebraska 68508
rkeith@remboltlawfirm.com

Jeffery R. Kirkpatrick, #21280
Governmental Law, LLC
8040 Eiger Drive, Suite B
Lincoln, NE 68516
jeff@nrmainc.info

Ryan M. Kunhart
Alison C. Griffith
Dvorak Law Group, LLC
9500 W. Dodge Rd., Ste. 100
Omaha, NE 68114
rkunhart@ddlawgroup.com
agriffith@ddlawgroup.com

Christopher Schmidt
Tyler Rademacher
Baylor Evnen, LLP
Union Bank Place
1248 O Street Suite 900
Lincoln, NE 68508

By:     *s/ Erik W. Fern*
         Erik W. Fern, #23733
         *Assistant Attorney General*

Page **3** of **3**

U. S. COURT OF APPEALS - EIGHTH CIRCUIT
NOTICE OF APPEAL (NOA) SUPPLEMENT
**DISTRICT OF NEBRASKA**

Please note any additions or deletions to the style of the case from the style listed on the docket sheet (or attach an amended docket sheet with the final style of case)

**Caption**:                                            **Case Number**:

Mick v. Gibbons et al                          4:22cv3025-JMG-JMD


**Appellant**:

Nebraska State Patrol

**Attorney(s)**:

| |
|---|
| Erik W. Fern<br>NEBRASKA ATTORNEY GENERAL'S OFFICE<br>2115 State Capitol<br>Lincoln, NE 68509 |

**Appellee:**

Bryan S. Mick

**Attorney(s)**:

| |
|---|
| Colby C. Vokey , I<br>COLBY VOKEY LAW FIRM<br>6924 Spanky Branch CT<br>Dallas, TX 75248<br><br>Maren L. Chaloupka<br>CHALOUPKA LAW FIRM<br>P.O. Box 1724<br>Scottsbluff, NE 69363 |

**Court Reporter(s)**:

| |
|---|
| NA |

**Please return files and documents to**:

Lincoln

**Person to contact about the appeal**:

Deputy Clerk

| Length of Trial | Fee | IFP | Pending IFP |
|---|---|---|---|
| NA | Y | N | N |

| Counsel | Pending Motions | Local Interest | Simultaneous Release? |
|---|---|---|---|
| Retained | N | N | N |

**Criminal Cases/Prisoner Pro Se Cases only**:

**Is defendant incarcerated?**  NA

| Where? | NA |
|---|---|

**Please list all other defendants in this case if there were multiple defendants**


**Special Comments**:
Interlocutory appeal regarding order on motion to quash subpoena.

Forms-Appeal-NOA_Supplement
Approved Date: 12/22/14