# In the United States Court of Appeals for the Eighth Circuit

**BRYAN MICK,**
*Plaintiff-Appellee,*

*v.*

**BARRETT GIBBONS, ET AL.,**
*Defendant-Appellees,*

**NEBRASKA STATE PATROL,**
*Third-Party Appellant.*

On Appeal from the United States District Court
for the District of Nebraska
The Honorable John M. Gerrard

**APPELLEE'S MOTION TO DISMISS PURSUANT TO FED. R. APP. P. 27**

Bryan Mick ("MICK"), Appellee/Plaintiff in the above-captioned matter, pursuant to FED. R. APP. P. 27, moves this Court to dismiss this appeal for lack of appellate jurisdiction, showing as follows:

## Introduction

In this matter, Appellant Nebraska State Patrol ("NSP") appeals from the March 13, 2024 Memorandum and Order of the District Court, which affirmed the Magistrate Judge's February 7, 2024 Order denying NSP's motion to quash MICK's subpoena duces tecum for a 30(b)(6) deposition. This Court lacks jurisdiction to review the discovery order denying NSP's motion to quash. This Court has jurisdiction over "appeals from all final decisions of the district courts."[1] There can be no dispute that NSP seeks to appeal an interlocutory discovery order and not a final judgment, including because NSP failed to request that the District Court direct entry of final judgment under Federal Rule of Civil Procedure 54(b). To protect against piecemeal litigation, there are but a few narrow exceptions to the final judgment rule upon which this Court may exercise jurisdiction. None of those extraordinary exceptions applies here.

In particular, this Court does not have jurisdiction pursuant to 28 U.S.C. § 1292 for two reasons: because NSP failed to seek a certificate of appealability under that section and because, even if NSP had done so, the order at issue does not satisfy § 1292's requirement that there is a "substantial ground for difference of opinion" here. To the contrary, this Court's binding precedent forecloses the arguments about

---

[1] 28 U.S.C. § 1291.

2

sovereign immunity NSP advanced below. Nor has NSP filed a petition for writ of mandamus or otherwise sought this Court's review pursuant to 28 U.S.C. § 1651.

Finally, this Court should not exercise jurisdiction pursuant to the collateral order doctrine. NSP is not a party to this litigation. NSP's appeal of a limited discovery order does not implicate significant public interests. In any event, the Magistrate Judge's discovery order and the District Judge's order affirming it are not "effectively unreviewable," because NSP had available alternative routes to review it deliberately chose not to take.

## A. NSP seeks to appeal a non-final discovery order without Rule 54(b) certification.

Federal Rule of Civil Procedure 54(b) allows a district court to direct entry of a final judgment as to one or more, but fewer than all, claims or parties "only if the court expressly determines that there is no just reason for delay." A party seeking that special dispensation must request from the trial court a "brief but particularized statement of its reasons [for acting]"[2] in order to demonstrate that Rule 54(b) is invoked in a proper manner. A bare statement that there is no just reason for delay, without further explanation, is insufficient.

---

[2] FED. R. CIV. P. 54(b).

3

In sustaining a motion for entry of judgment under Rule 54(b), a district court must first determine that it is dealing with a "final judgment": a "judgment" in the sense that it is a decision upon a cognizable claim for relief, and "final" in the sense that it is "an ultimate disposition of an individual claim entered in the course of a multiple claims action." Having found finality, the district court must then determine whether there is any just reason for delay.

That has not happened in this matter. NSP did not seek a Rule 54(b) final determination, and the District Court did not provide one. This basis for jurisdiction fails.

**B. NSP did not request a certificate of appealability of the interlocutory discovery orders pursuant to 28 U.S.C. § 1292.**

Under 28 U.S.C. § 1292(b), a district court has discretion to certify in a written order that "an order not otherwise appealable" both "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." That same section gives the Court of Appeals discretion to "permit an appeal to be taken from such order," so long as the application for an appeal is made within 10 days of the district court's certification.

Pursuant to § 1292(b), an application for permission to appeal must be filed within 10 days of the entry of the order certifying the appeal. Critically, failure to

4

file an application for permission to appeal within 10 days after certification is a jurisdictional defect.[3]  NSP did not request, and the District Court did not provide, § 1292(b) certification for immediate appealability.  Thus this basis for jurisdiction also fails.

Even if NSP had followed the correct procedure (it did not), the District Court's Memorandum and Order affirming the Magistrate Judge's denial of NSP's discovery motion does not satisfy the requirements for certification under § 1292(b).  There cannot be a "substantial ground for difference of opinion" here, where this Court's controlling precedent expressly forecloses the Eleventh Amendment arguments NSP made below and that the Magistrate Judge and District Court easily rejected.  It is well-established in this Circuit that a state's sovereign immunity does not categorically bar discovery against a non-party state entity.[4]  Only under extraordinarily limited circumstances does the Eleventh Amendment bars third-party discovery against a state entity, when that discovery "infringes" on its

---

[3] *See* 16 Wright, Miller & Cooper, Fed. Prac. & Proc. § 3929 at 376-77 and n. 39; *see also* Fed. R. App. 5 (appeal by permission); *Consul General of the Republic of Indonesia v. Bill's Rentals, Inc.*, 251 F.3d 718, 720 (8th Cir. 2001); *Kassuelke v. Alliant Techsystems, Inc.*, 223 F.3d 929 (8th Cir. 2000) ( and *Hanson v. Hunt Oil Co.*, 488 F.2d 70, 72 (8th Cir. 1979) ("The failure to file an application for leave to appeal within the statutory ten days is a jurisdictional defect under § 1292(b), and we conclude that the Court is without jurisdiction to hear the instant appeal under this statutory provision.").

[4] *See In re Missouri Dep't of Nat. Res.* ("*Missouri DNR*"), 105 F.3d 434, 436 (8th Cir. 1997) ("There is simply no authority for the proposition that the Eleventh Amendment shields government entities from discovery in federal court.").

5

"autonomy or threatens its treasury[5]."  Here, both the Magistrate Judge and the District Court found that neither interest applies.  Those decisions on the management of discovery are "committed to the sound discretion of the trial court."[6]

## C. This Court does not have jurisdiction under 28 U.S.C. § 1651.

This Court occasionally exercises jurisdiction under 28 U.S.C. § 1651 to consider state agencies' petitions for writs of mandamus to prohibit lower courts from enforcing discovery orders requiring them to respond to third-party subpoenas.[7]  As this Court explained in *In re Missouri Department of Corrections*, "discovery orders are not ordinarily appealable" but "mandamus may issue in extraordinary circumstances, where discovery would be oppressive and interfere with important state interests."[8] Mandamus is an "extraordinary remedy" that is available only to correct a "clear abuse of discretion."[9]  To obtain this extraordinary remedy, the petitioning party must "satisfy two prerequisites": that the "entitlement to the writ"

---

[5] *Id.*

[6] *Id.*

[7] *See, e.g., Missouri DNR*, 105 F.3d at 435 (considering and denying Missouri Department of Natural Resources' petition for writ of mandamus to vacate order denying motion to quash third-party subpoenas duces tecum); *In re Missouri Dep't of Corrs.*, 839 F.3d 732 (8th Cir. 2016) (en banc) (considering Missouri Department of Corrections' petition for writ of mandamus to prevent enforcement of third-party subpoenas for documents and a Rule 30(b)(6) deposition).

[8] *In re Missouri Dep't of Corrs.*, 839 F.3d at 735 (citation omitted).

[9] *Cheney v. U.S. Distr. Ct. for D.C.*, 542 U.S. 367, 380 (2004).

Appellate Case: 24-1610     Page: 6     Date Filed: 04/30/2024 Entry ID: 5388847

is "clear and indisputable" and that the party has "no other adequate means to attain the relief" it seeks.[10]

Fatal to this basis for jurisdiction, however, NSP has not filed a petition for writ of mandamus or otherwise sought this Court's review on an extraordinary writ pursuant to 28 U.S.C. § 1651, unlike either the Missouri Department of Natural Resources in *Missouri DNR* and unlike the Missouri Department of Corrections in *In re Missouri Dep't of Corrections*. Instead, NSP seeks through interlocutory review of a discovery order, in a non-mandamus case, in the goal of overturning twenty-year-old precedent arising from a petition for a writ of mandamus.

### D. <u>The collateral order doctrine does not apply.</u>

The only remaining possible basis for appellate jurisdiction is "the narrow, judicially created collateral order doctrine."[11] Under this doctrine, "final decisions" includes a "small class of rulings, not concluding the litigation, but conclusively resolving claims of right separable from, and collateral to, rights asserted in the action."[12] "That small category includes only decisions [1] that are conclusive, [2] that resolve important questions separate from the merits, and [3] that are effectively

---

[10] *In re Missouri Dep't of Corrs.*, 839 at 735 (citation omitted); *see also McGraw-Edison Co. v. Van Pelt*, 350 F.2d 361, 363 (8th Cir. 1965) (recognizing "manifest judicial arbitrariness" as basis for granting writ of mandamus).
[11] *Great Rivers Coop. v. Farmland Indus., Inc.*, 198 F.3d 685, 687-88 (8th Cir. 1999).
[12] *Will v. Hallock*, 546 U.S. 345, 349 (2006).

Appellate Case: 24-1610     Page: 7     Date Filed: 04/30/2024 Entry ID: 5388847

unreviewable on appeal from the final judgment in the underlying action."[13] The discovery orders NSP challenges are not immediately appealable under the collateral order doctrine because NSP is not a party to the litigation, because the question NSP presents cannot be separated from the broader litigation, because discovery orders are not generally treated as immediately appealable under this doctrine, and because NSP has other options available to challenge the orders.

   *1) NSP is a non-party challenging a discovery order*

An order denying a claim of sovereign immunity can be subject to interlocutory appeal under the collateral order doctrine.[14]   But in this non-mandamus action, NSP is not a party, nor is the State of Nebraska.   That fact matters.

**Charleston Waterkeeper v. Frontier Logistics, L.P.**[15], was an environmental tort case in which the plaintiffs sought injunctive relief.   During discovery, the plaintiffs served a subpoena on the South Carolina Ports Authority, a nonparty and state agency, commanding it to produce documents.   The Ports Authority moved to quash the subpoena, based on its assertion of sovereign immunity.   When the district court denied its motion, ruling that "the doctrine of state sovereign immunity does

---

[13] *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 106 (2009).
[14] *See P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 141 (1993).
[15] *Charleston Waterkeeper v. Frontier Logistics, L.P.*, 2020 WL 7335408 (D.S.C. 2020).

Appellate Case: 24-1610     Page: 8     Date Filed: 04/30/2024 Entry ID: 5388847

not preclude a court from enforcing the subpoena against the Ports Authority or any of its employees," the Ports Authority appealed to the United States Court of Appeals for the Fourth Circuit. At the same time, the Ports Authority moved the district court to stay proceedings there pending disposition of its appeal.[16]

The United States District Court for the District of South Carolina denied the Ports Authority's Motion to stay. It noted the critical distinction between the Port Authority's appeal as a nonparty facing a discovery request versus sovereign immunity-based appeals in which the party seeking a stay is a defendant facing liability:

> The stakes of the Ports Authority's sovereign immunity appeal are considerably lower. The Ports Authority is a nonparty who only faces compliance with a subpoena. There is no danger here, as there was in [] the qualified immunity cases, that the Ports Authority will wrongly be forced to defend itself at trial or face a legally erroneous judgment. Instead, the Ports Authority's appeal will determine whether it must produce certain documents, a far cry from the dangers the defendants faced in the cases on which the Ports Authority relies.[17]

The court further observed that in the cases where the party seeking a stay was a defendant facing liability,

> there was no doubt that the issue of sovereign immunity was triggered by the filing of a suit against the sovereign. Here, conversely, the Ports Authority faces a third-party subpoena, not a lawsuit, and the court has already found that the subpoena does not constitute a "suit against the sovereign" and thus does not threaten sovereign immunity. [T]he

---

[16] *Id.* at *2.
[17] *Id.* at *3.

Appellate Case: 24-1610    Page: 9    Date Filed: 04/30/2024 Entry ID: 5388847

subpoena served upon the Ports Authority "does not implicate significant federalism concerns."[18]

The *Charleston Waterkeeper* court applied that same reasoning to its determination that the Ports Authority did not have a likelihood of success on the merits that would support a stay of proceedings. Emphasizing that the Ports Authority faced "a subpoena, not a lawsuit," the court wrote that "whatever minor federalism concerns that are implicated here by compelling the Ports Authority to comply with a federal third-party subpoena pale in comparison to those that arise from outright suits against the sovereign."[19] The district court denied the Ports Authority's motion to stay, and the parties stipulated to dismiss its appeal before the United States Court of Appeals for the Fourth Circuit could reach the merits of the Ports Authority's sovereign immunity appeal.[20]

While the *Charleston Waterkeeper* case comes from a district court in a different circuit, its reasoning fits the procedural posture of this appeal. NSP is a nonparty state agency, appealing a discovery order requiring it to respond to a deposition subpoena.[21] NSP faces "a subpoena, not a lawsuit." The federalism concerns that have underpinned its

---

[18] *Id.*

[19] *Id.* (*citing **Dugan v. Rank**, 372 U.S. 609, 620 (1963).

[20] ***South Carolina Ports Authority v. Charleston Waterkeeper***, 2021 WL 11569784 (4th Cir. 2021).

[21] NSP has already complied with a subpoena for documents in this case without complaint. *See* Affidavit of Maren Lynn Chaloupka, Exhibit C.

10

objection to the deposition subpoena are not the same thing as "outright suits against the sovereign." There is no danger that NSP will "wrongly be forced to defend itself at trial or face a legally erroneous judgment."[22] Indeed, further undermining NSP's assertion that it is immune from responding to nonparty discovery requests, the agency has previously complied with a subpoena for documents without complaint.[23]

2) *NSP's appeal cannot be considered apart from the course of the underlying litigation*

When considering whether the collateral order doctrine applies, courts take into account the extent to which the non-final order raises "important questions separate from the merits." To that end, NSP's nonparty status does not *ipso facto* mean that this controversy can be separated from the "larger context which includes the main case."[24] To the contrary, NSP possesses information that MICK needs to prosecute this significant civil rights case.

There has already been significant discovery in this matter. MICK has served multiple subpoenas for documents – including to NSP, and NSP responded without complaint[25] – and has taken seven depositions to date, with more to come, in order

---

[22] *Charleston Waterkeeper v. Frontier Logistics, L.P.*, 2020 WL 7335408 at *3.
[23] *See* Affidavit of Maren Lynn Chaloupka, Exhibit C.
[24] *A-Mark Auction Galleries, Inc. v. Am. Numismatic Ass'n*, 233 F.3d 895 (5th Cir. 2000) (rejecting application of collateral order doctrine to order granting motion to compel against nonparty because "[i]t is clear to us that the issues relating to the discovery order [the nonparty] complains of must be examined in the larger context which includes the main case[]").
[25] *Id.*

to develop the evidence necessary to prosecute his claim of civil rights violations resulting in wrongful death. MICK is developing this evidence in anticipation that Defendants, including NSP Trooper WILKIE, sued in his individual capacity, will move for qualified immunity.

Resolving whether MICK will be able to secure this information from NSP necessarily impacts the manner in which MICK can defend against the anticipated motion for qualified immunity, and in which MICK can try this case if qualified immunity is denied. The time required to resolve this appeal on its merits can only delay resolution of the underlying litigation. Thus, this appeal cannot be considered apart from the course of the main litigation, a necessary prerequisite for application of the collateral order doctrine.[26]

> 3) *Nor do discovery orders present sufficient importance to warrant interlocutory review*

As noted *infra*, this is not a petition for a writ of mandamus, which was the procedural posture of **Missouri DNR**. Instead, NSP seeks to invalidate **Missouri DNR** via interlocutory appeal from the District Court's affirmance of its Magistrate Judge's ruling on a non-party's discovery motion.

---

[26] *See MDK, Inc. v. Mike's Train House, Inc.*, 27 F.3d 116, 121 (4th Cir. 1994) (rejecting application of collateral order doctrine for interlocutory appeal filed by nonparty to challenge the denial of its motion to quash).

Appellate Case: 24-1610   Page: 12   Date Filed: 04/30/2024 Entry ID: 5388847

The United States Supreme Court typically denies interlocutory review of pretrial discovery orders.[27] "Routine appeal from disputed discovery orders would disrupt the orderly progress of the litigation, swamp the courts of appeals, and substantially reduce the district court's ability to control the discovery process."[28] The Supreme Court has warned that "[p]ermitting the potential for piecemeal appeals of all adverse discovery rulings would unduly delay the resolution of district court litigation and needlessly burden the Courts of Appeals."[29]

For the collateral order doctrine to apply, the justification for immediate appeal must be sufficiently strong to overcome the usual reasons to deferring appeal until litigation concludes. "The decisive consideration is whether delaying review until the entry of final judgment would imperil a substantial public interest or some particular value of a high order."[30] NSP's limited role in this case – as a nonparty that complied with subpoenas earlier in this case without complaint – does not justify its opportunistic attempt to attack this Court's precedent by disrupting the actual parties' progression through discovery.

---

[27] *Firestone Tire & Rubber, Inc. v. Risjord*, 449 U.S. 368, 377 (1981); *see also* 15B Wright, Miller & Cooper, Fed. Prac. & Proc. § 3914.23, *p. 123* ("[T]he rule remains settled that most discovery rulings are not final").

[28] *See* Wright & Miller § 3914.23 at 123.

[29] *Cunningham v. Hamilton Cty.*, 527 U.S. 198, 209 (1999) (expressing concern that allowing immediate appeal as of right from orders fining attorneys for discovery violations would result in "the very sorts of piecemeal appeals and concomitant delays that the final judgment rule was designed to prevent").

[30] *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 106 (2009).

13

We anticipate that NSP will claim it will be irreparably damaged if forced to wait until final resolution of the underlying litigation before securing review of the discovery order. Both this Court and the Supreme Court have made clear that discovery orders like the one NSP seeks to challenge are not immediately appealable under the collateral order doctrine, in part because litigants have immediate alternatives available.[31] For example, the collateral order doctrine does not apply to orders denying attorney-client privilege[32] and other "[p]retrial discovery orders" over claims that the order would be effectively unreviewable on appeal.[33]

In the "rare case" where an appeal after final judgment will not cure an erroneous discovery order, a litigant has multiple other options. They can defy the order, permit a contempt citation to be entered against them, and challenge the order on direct appeal of the contempt ruling. Or, they can petition for a writ of mandamus. Another option is that the litigant can "ask the district court to certify, and the appellate court to accept, an interlocutory appeal."[34]

---

[31] *See Collins as Next Friend of J.Y.C.C. v. Doe Run Res. Corp.*, 65 F.4th 370, 374, 376 (8th Cir. 2023) (holding that defendants could not appeal challenged order prohibiting *ex parte* communication under the collateral order doctrine and listing Supreme Court cases).

[32] *Mohawk Indus.*, 558 U.S. at 106. (rejecting application of collateral order doctrine to discovery order overruling assertion of attorney-client privilege).

[33] *Collins, supra* (listing cases).

[34] *Id.* at 374-75 (citations omitted).

Appellate Case: 24-1610     Page: 14     Date Filed: 04/30/2024 Entry ID: 5388847

NSP did not avail itself of any of these options before seeking interlocutory review. Instead, NSP moved directly to filing this appeal, to mount a nonparty's challenge to the validity of the **Missouri DNR** mandamus ruling. For a nonparty to disrupt and delay the progression of the underlying litigation because it does not want to appear at a deposition is a poor use of judicial resources, and this Court should not approve it.

## Conclusion

For the foregoing reasons, MICK asks this Court to SUSTAIN his Motion to Dismiss, and remand this matter to the District Court for further proceedings consistent with the March 13, 2024 Order of the District Court affirming the Magistrate Judge's denial of NSP's motion to quash.


BRYAN MICK, Appellee,


By: ___/s/ Maren Lynn Chaloupka_____
    Maren Lynn Chaloupka – NSBA # 20864
    Chaloupka Law LLC
    1906 Broadway
    Post Office Box 1724
    Scottsbluff, NE 69363-1724
    (308) 270-5091
    mlc@chaloupkalaw.net

    *Counsel for Appellee*

15

## CERTIFICATE OF COMPLIANCE

This motion complies with: (1) the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2) because it contains 3,347 words; and (2) the typeface requirements of Rule 27(d)(1)(E) and Rule 32(a)(5) and the type-style requirements of Rule 27(d)(1)(E) and Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface (14-point GoudyOlSt BT) using Microsoft Word (the same program used to calculate the word count). Counsel further certifies that the document has been scanned for viruses and is free of viruses.

*/s/ Maren Lynn Chaloupka*

## CERTIFICATE OF SERVICE

I hereby certify that on April 30, 2024, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit using the CM/ECF system, which will send notification of such filing to all registered counsel.

*/s/ Maren Lynn Chaloupka*

16

# APPENDIX

# In the United States Court of Appeals for the Eighth Circuit

BRYAN MICK,
*Plaintiff-Appellee,*

*v.*

BARRETT GIBBONS, ET AL.,
*Defendant-Appellees,*

NEBRASKA STATE PATROL,
*Third-Party Appellant.*

On Appeal from the United States District Court
for the District of Nebraska
The Honorable John M. Gerrard

## AFFIDAVIT OF MAREN LYNN CHALOUPKA

Maren Lynn Chaloupka, being first duly sworn on oath, testifies as follows:

1.

My name is Maren Lynn Chaloupka. I am counsel for Appellee Bryan Mick in the above-referenced matter. The matters to which I am testifying are matters of

my personal knowledge. This Affidavit is submitted in support of Appellee's Motion to Dismiss and for no other reason.

2.

Attached to this Affidavit and marked as indicated are the following Exhibits:

A. Memorandum and Order of the District Court dated March 13, 2024;

B. Memorandum and Order of the Magistrate Judge dated February 6, 2024;

C. Rule 45 Subpoena Duces Tecum to Nebraska State Patrol dated December 22, 2023 and compliance by Nebraska State Patrol dated January 17, 2024.

FURTHER AFFIANT SAYETH NOT.

_____
Maren Lynn Chaloupka

Subscribed and sworn to before me this ___30TH___ day of April 2024.

_____
Notary Public

Appellate Case: 24-1610    Page: 19    Date Filed: 04/30/2024    Entry ID: 5388847

<span style="color:red">EXHIBIT A</span>

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BRYAN S. MICK, Personal Representative of the Estate of Print Zutavern, Deceased, | |
| Plaintiff, | 4:22-CV-3025 |
| vs. | MEMORANDUM AND ORDER |
| DEPUTY BARRETT GIBBONS, et al., | |
| Defendants. | |

This matter is before the Court on the Nebraska State Patrol's objection (filing 133) to the Magistrate Judge's memorandum and order (filing 130) denying the State Patrol's motion to quash (filing 125). The Court will overrule the objection. A district court may reconsider a magistrate judge's ruling on nondispositive pretrial matters only where it has been shown that the ruling is clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); *Ferguson v. United States*, 484 F.3d 1068, 1076 (8th Cir. 2007). The Magistrate Judge's ruling here was neither.[1]

---

[1] The State Patrol cites authority for the proposition that denial of a motion to quash may be dispositive in some circumstances, warranting *de novo* review. *See* filing 133 at 3-5 (citing, *e.g.*, *Jones v. PGA TOUR, Inc.*, 668 F. Supp. 3d 907, 916 (N.D. Cal. 2023)). In determining whether a ruling is dispositive, Fed. R. Civ. P. 72 permits the courts to reach common sense decisions, and courts typically consider the impact on the merits of the case. *See Strike 3 Holdings, LLC v. Doe*, 330 F.R.D. 552, 554 (D. Minn. 2019). The Court isn't persuaded that "common sense" supports treating the State Patrol like a true third party here, based mostly on the legal fiction separating the "official" and "individual" capacities of the State Trooper

The Court, in fact, agrees fully with the Magistrate Judge's well-reasoned decision. The State Patrol's argument for sovereign immunity from civil discovery rests primarily on its repeated assertion that the Eighth Circuit's crystal-clear holding to the contrary in *In re Mo. Dep't of Nat. Res.*, 105 F.3d 434, 436 (8th Cir. 1997) ("*Missouri DNR*"), is dicta. But dicta is "a judicial comment made while delivering a judicial opinion . . . that is unnecessary to the decision in the case and therefore not precedential." *United States v. Worthington*, 89 F.4th 1058, 1063 (8th Cir. 2024). A judge's power to bind is limited to the issue before the court, and assumptions and statements of belief about *other* issues aren't holdings, no matter how confident the court may sound. *See Ark. State Conf. NAACP v. Ark. Bd. of Apportionment*, 86 F.4th 1204, 1215-16 (8th Cir. 2023). In contrast, a court *is* bound by both the result of a prior case and those portions of the opinion necessary to the result. *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 66-67 (1996).

And *Missouri DNR*'s holding isn't dicta just because it's broader than the State Patrol would like. In that case, the Missouri Department of Natural Resources had investigated the source of water pollution. 105 F.3d at 435. Residents of the area then sued the suspected polluter, who served the Missouri DNR with a subpoena duces tecum seeking documents related to the investigation. *Id*. The Missouri DNR moved to quash the subpoena asserting, among other things, its Eleventh Amendment immunity. *Id*. at 436. But the Eighth Circuit rejected that argument, holding that "[g]overnmental units are subject to the same discovery rules as other persons and entities having contact with the federal courts. There is simply no authority for the position that the

---

who remains a defendant. But it doesn't matter, because the Court would reach the same conclusion regardless of the standard of review.

Eleventh Amendment shields government entities from discovery in federal court." *Id*. (citation omitted).

That's not dicta: It's the plainly stated rule of law that the Court of Appeals applied to conclude that the state defendant's motion to quash was properly denied. *See id*. The State Patrol may disagree with that rule, but any such argument needs to go to the Court of Appeals first. *Hood v. United States*, 342 F.3d 861, 864 (8th Cir. 2003). Nor do the Eighth Circuit's subsequent decisions in *Alltel Commc'ns, LLC v. DeJordy*, 675 F.3d 1100, 1104 (8th Cir. 2012) or *Webb v. City of Maplewood*, 889 F.3d 483, 488 (8th Cir. 2018), undermine *Missouri DNR* in any way. *DeJordy* is plainly distinguishable, for the reasons explained by the Magistrate Judge. *See* filing 30 at 4. And *Webb* stands for the unremarkable procedural proposition that a state party seeking to assert immunity could raise it in a motion to quash—the *Webb* court said nothing about the *merits* of any such motion, which hadn't even been filed yet at that point in that case. 889 F.3d at 488. There is, in short, nothing in the Eighth Circuit's caselaw which authorizes the Court to do anything other than follow *Missouri DNR*. Accordingly,

IT IS ORDERED that the State Patrol's objection (filing 133) is overruled.

Dated this 13th day of March, 2024.

BY THE COURT:

John M. Gerrard
Senior United States District Judge

- 3 -

EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BRYAN S. MICK, Personal Representative of the Estate of Print Zutavern, Deceased; <br><br> Plaintiff, <br><br> vs. <br><br> DEPUTY BARRETT GIBBONS, in his individual and official capacities; DEPUTY LAWRENCE STUMP, in his individual and official capacities; SHERIFF DAN OSMOND, in his individual and official capacities; COUNTY OF CUSTER, a Nebraska political subdivision; TRP. BRANDON WILKE, in his individual capacity; and JOHN/JANE DOE, training supervisor of the Nebraska State Patrol, in his/her individual and official capacities; <br><br> Defendants. | **4:22CV3025** <br><br> **MEMORANDUM AND ORDER** |

This matter is before the Court on non-party Nebraska State Patrol's ("NSP") motion to quash. Filing. No. 125. For the reasons stated herein, the motion will be denied.

### BACKGROUND

On December 28, 2023, Plaintiff filed a Notice of 30(b)(6) Videoconferencing Deposition on an unspecified "Defendant." The notice instructed the unspecified "Defendant" to produce for testimony:

> each officer, director, agent and/or other person most knowledgeable in training (including continuing education after completion of the NSP Training

1

Academy) for NSP law enforcement officers (to include Defendant Brandon Wilkie) effective as of February 2, 2023, in the following topics:

a. Responding to persons experiencing a mental health crisis;
b. Response to and resolution of events involving barricaded subjects/suspects;
c. Use of force (non-lethal and lethal);
d. Police service dogs and dog handling, including in tactical events;
e. Special Weapons and Tactics and/or SWAT; and
f. Video recording devices (body-worn, dashboard, robot).

Filing No. 110.

On January 4, 2024, NSP provided Plaintiff's counsel a written objection to the notice of deposition. Filing No. 117. The parties conferred and, soon thereafter, requested a teleconference with the Court, which occurred on January 19. During the teleconference, Plaintiff's counsel informed the Court of her intention to serve a subpoena on NSP (as opposed to a deposition notice) to include the same or similar topics. She sent NSP the subpoena on January 24 and, days later, NSP notified counsel of its objections.

During the January 19 teleconference, the Court advised the parties that, should NSP assert the same objections to the third-party subpoena as it did the deposition notice, it could proceed directly to motion practice. Accordingly, on January 30, NSP filed a motion to quash. NSP asserts the same argument in response to Plaintiff's subpoena as it did to the Rule 30(b)(6) deposition notice—namely, sovereign immunity.

## ANALYSIS

As an instrumentality of the State, NSP argues sovereign immunity shields it from third-party discovery requests like the subpoena at issue here. Filing No. 127. In making this argument, NSP relies on the Eighth Circuit Court of Appeals' decision in *Alltel Comms, LLC v. DeJordy*, 675 F.3d 1100 (8th Cir. 2012). In

2

*DeJordy* the Eighth Circuit quashed a subpoena holding that the discovery was subject to Indian tribal immunity. *Id.* at 1105.

But as NSP acknowledges, the Eighth Circuit has expressly permitted third-party discovery requests on state entities, which is the issue present here. *See* Filing No. 127, p. 4 *citing Missouri Dep't of Nat. Res.*, 105 F.3d 434 (8th Cir. 1997) ("*Missouri DNR*"). Nonetheless, NSP argues the issue now before the Court is more akin to that presented in *DeJordy* than that presented in *Missouri DNR*. In the alternative, NSP argues that, should this Court conclude *Missouri DNR* is controlling upon this issue, the Eighth Circuit should overrule such finding.[1]

The Eleventh Amendment states: "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend XI. Generally, in the absence of consent, a suit against the State or one of its agencies is prohibited by the Eleventh Amendment. *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 618-19 (8th Cir. 1995). Here, NSP contends that a third-party subpoena qualifies as a "suit", and thus, sovereign immunity affords it protection. Filing No. 127.

As noted above, the Eighth Circuit has already considered an argument like NSP's in *Missouri DNR*. There, the district court denied a state agency's motion to quash subpoenas duces tecum served on it by litigants in a case in which the state agency was not a party. *In re Missouri Dep't of Nat. Res.,* 105 F.3d at 435. The agency then proceeded to seek a writ of mandamus directing the district court to vacate its order arguing, in part, that the subpoenas infringed upon Missouri's sovereign immunity. *Id.* at 435-36. The Eighth Circuit denied that request, concluding "[g]overnmental units are subject to the same discovery rules as other

---

[1] In a footnote, NSP "acknowledges that this Court cannot overrule or disregard controlling Eighth Circuit precedent" and advises that it "presents this argument to clearly preserve the issue." NSP is correct. This Court cannot ignore Eighth Circuit precedent and, as such, this order will focus upon whether the matter at hand is governed by *DeJordy* or *Missouri DNR* rather than this Court's prediction of what the Eighth Circuit will do or should do if presented with the issue before the Court.

persons and entities having contact with the federal courts." *Id. at* 436 (citing *United States v. Procter & Gamble*, 356 U.S. 677, 681 (1958)). The Court went as far as to say "[t]here is simply no authority for the position that the Eleventh Amendment shields government entities from discovery in federal court." *Id.* *Missouri DNR*, at the time of this order, remains good law in the Eighth Circuit and is binding in this case.

To avoid *Missouri DNR*'s holding, NSP argues this court should apply the conclusion set forth in *DeJordy*. But these two cases are easily distinguishable. In *DeJordy*, the Ogalala Sioux Tribe moved to quash third-party subpoenas based on tribal immunity. *DeJordy, 675 F.3d* at 1102. The district court denied the motion to quash, relying on *Missouri DNR*. *Id.* at 1104. The Eighth Circuit reversed, holding that "[a]lthough Eleventh Amendment precedents are instructive, tribal immunity, 'is not congruent with that which the Federal Government, or the States, enjoy.'" *Id.* at 1104 (quoting *Three Affiliated Tribes of Fort Berthold Reservation v. Wold Eng'g*, 476 U.S. 877, 890 (1986)). The Eighth Circuit declined to speculate whether sovereign immunity provides protection against "disruptive third-party subpoenas that would clearly be barred in a State's own courts." *DeJordy*, 675 F.3d at 1104-05.

This Court does not conclude, as NSP urges, that *DeJordy* overrules or questions the holding in *Missouri DNR. See also McGehee v. Nebraska Dep't of Corr. Servs.*, No. 4:18CV3092, 2019 WL 1227928 (D. Neb. Mar. 15, 2019), aff'd, 968 F.3d 899 (8th Cir. 2020), reh'g granted and opinion vacated (Oct. 5, 2020), on reh'g, 987 F.3d 785 (8th Cir. 2021), and vacated and remanded, 987 F.3d 785 (8th Cir. 2021). Rather, the Eighth Circuit reached two different conclusions based on two incongruent immunities.

As a final matter, the State argues that sovereign immunity applies if a subpoena compels a state agency to "act in a manner different from that in which the agency would ordinarily choose to exercise its public function," or threatens the state's autonomy. Filing No. 127 at p. 6 citing *DeJordy*, 675 F.3d at 1103. Applying

this reasoning here, the State contends that Plaintiff's subpoena, if enforced, would disrupt its autonomy by forcing it to do something it otherwise would not do—namely, prepare and produce witnesses for testimony.[2]

The Court disagrees. A subpoena, by its very nature, compels a party to do something it would not otherwise do. Thus, if that were the standard, the outcome in *Missouri DNR* would be different. But *Missouri DNR's* holding is clear: "[t]here is simply no authority for the position that the Eleventh Amendment shields government entities from discovery in federal court." 105 F.3d at 436.

For the reasons explained above, the holding in *Missouri DNR* controls and the motion is denied.

## CONCLUSION

For the reasons set forth herein, NSP's motion to quash, Filing No. 125, is denied. NSP shall comply with the deposition subpoena served upon it on January 23, 2024 and located at Filing No. 126-1.

IT IS SO ORDERED.

Dated this 6th day of February, 2024.

BY THE COURT:

*s/ Jacqueline M. DeLuca*
United States Magistrate Judge

---

[2] To the extent NSP argues compliance would be an undue burden under the Federal Rules of Civil Procedure, the Court finds the information sought to be relevant, reasonably narrowed in scope, and cannot be obtained from some other source. *See* Fed . R. Civ. P. 26 and 45.

# UNITED STATES DISTRICT COURT

for the

District of Nebraska

**EXHIBIT C**

| | |
|---|---|
| BRYAN S. MICK, Personal Representative of the Estate of PRINT ZUTAVERN, Deceased | ) |
| *Plaintiff* | ) |
| v. | )     Civil Action No.   4:22-cv-3025 |
| | ) |
| DEPUTY BARRETT GIBBONS, et al. | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
Nebraska State Patrol
4600 Innovation Drive
Lincoln, NE 68521

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: For the period of January 1, 2006 – January 1, 2009, all records relating to Lawrence Stump, d/o/b believed to be ▓▓▓▓. This includes but is not limited to records of investigation of complaints against and/or allegations of criminal conduct by Lawrence Stump.

| Place: Chaloupka Law LLC<br>PO Box 1724<br>Scottsbluff, NE 69363-1724 | Date and Time:<br><br>01/21/2024 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 12/22/2023

*CLERK OF COURT*

OR

_____      /s/ Maren Lynn Chaloupka
*Signature of Clerk or Deputy Clerk*        *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Bryan Mick, Personal Representative of the Estate of Print Zutavern, Deceased , who issues or requests this subpoena, are:

Maren Lynn Chaloupka, Chaloupka Law LLC, PO Box 1724, Scottsbluff, NE 69363-1724; mlc@chaloupkalaw.net; (308) 270-5091

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).



**Jim Pillen**
*Governor*

STATE OF NEBRASKA

NEBRASKA STATE PATROL
Colonel John A. Bolduc
*Superintendent*
P.O.Box 94907
Lincoln, NE 68509-4907
Phone (402) 471-4545



January 17, 2024

Maren Lynn Chaloupka
Chaloupka Law LLC
P.O. Box 1724
Scottsbluff, NE 69363-1724

Email: mlc@chaloupkalaw.net

RE: SUB023-056 Subpoena Duces Tecum –Print Zutavern v. Deputy Barrett Gibbons, Lawrence
Stump

Dear Ms. Chaloupka:

Via ShareFile, please find the following items in response to your Subpoena issued on the
Nebraska State Patrol:

- 712 Report (3 pages)

Sincerely,

Sara Hulac
Attorney III

## NEBRASKA STATE PATROL
## Offense/Investigative Data Report

Case Status: Finaled on 12/07/2007          * Fields in green bold are required.

| Troop Area | Year | IR Number | Case Type | Division | Missing Person | County |
|---|---|---|---|---|---|---|
| D | 2007 | 11287 | Case Investigation | Criminal | | CUSTER |

| Reported By | Requested By | Occurred | | Reported | |
|---|---|---|---|---|---|
| | | Date | Time | Date | Time |
| OTHER | OTHER | | | 04/22/2007 | 0608 |

| Offense Occurred Between | | | |
|---|---|---|---|
| Start Date | Start Time | End Date | End Time |
| 07/01/2006 | 0800 | 04/22/2007 | 0700 |

**OFFENSE INFORMATION**

| # | Offense Code | Offense Description | State Statute | Offender Used | Crime Class | Criminal Act Cd | Att/ Cmp | Hate/ Bias | Location Code |
|---|---|---|---|---|---|---|---|---|---|
| 1 | 1333 | DOMESTIC ASSAULT - STRONG ARM | * | N | M | * | C | * | 20 |
| 2 | 3802 | CRUELTY TOWARD CHILD | 28-707 | N | M | * | C | * | 20 |

| Reports to Follow | Related Cases | # of Premises Entered during Burglary | Burglary Entry Type | Weapon Code | Auto/ Semi |
|---|---|---|---|---|---|
| Y | | | | NONE | |

| Location of Incident: (choose one of the location descriptions below, either fill in the blank or literal) |
|---|
| ○ Fill in the blank  ◉ Literal |
| Literal: ▉▉▉▉▉  Broken Bow, NE & ▉▉▉▉▉  Callaway, NE |

**STOLEN/RECOVERED VEHICLE INFORMATION**

| # of Stolen Vehicle(s) | Total Value of Stolen Vehicle(s) | # of Recovered Vehicle(s) | Total Value of Recovered Vehicle(s) | Total Value of Damage to Recovered Vehicle(s) |
|---|---|---|---|---|
| | | | | |

**PROPERTY/DRUG SEIZURE INFORMATION**

| Loss Code | # of Items | Description | Make | Model | Color |
|---|---|---|---|---|---|
| | | | | | |

| Serial Number | Property Code | Value of Seized/ Stolen/Recovered Property-Currency- Drugs-Paraphernalia | Date Recovered | NCIC/ NCIS | Drug Code | Drug Quantity | Drug UOM | Value of Drugs Purchased/Seized |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |

| Drug Fund Type | Lab Analysis | Lab Weight |
|---|---|---|
| | | |

**PERSONS/ORGANIZATIONS/VEHICLES MENTIONED**

Offender

    #1 - Stump; Lawrence; D (Offender: Finaled) - ▉▉▉▉▉

Other

    #1 - Mowrey; Kimberly; A (Subject Mentioned: n/a)

| | | |
|---|---|---|
| #1 - Nebraska Health & Human Services; Craft State Office Bldg (Reporting Party: n/a) | | 📄 |
| #2 - Mowrey; Kamron; * (Subject Mentioned: n/a) | | 📄 |
| #3 - Mowrey; Brianna; * (Subject Mentioned: n/a) | | 📄 |
| **Victim** | | |
| #1 - Stump; Heather; J (Victim: n/a) - ███████ | | 📄 |
| #2 - Stump; ██████ (Victim: n/a) - ███████ | | 📄 |
| #3 - Stump; █████ (Victim: n/a) - ███████ | | 📄 |
| #4 - Stump; █████ (Victim: n/a) - █████ | | 📄 |

**VENUE:** Nebraska State Patrol Officer Clinton Elwood investigated the criminal offense of DOMESTIC ASSAULT - STRONG ARM which occurred between 07/01/2006 at 0800 and 04/22/2007 at 0700 at the location of ████████████ Broken Bow, NE & ███████████ Callaway, NE, in CUSTER county.

**NARRATIVE:**
On April 22, 2007 at 0608 hours Nebraska Health and Human Services received a report of alleged child abuse and domestic assault. The suspect is LAWRENCE D. STUMP (█████████) the victims are his biological children (█████████, █████, and █████████ STUMP) and his ex-wife HEATHER J. STUMP (█████████). The domestic assault is suspected to of occurred in Broken Bow in July 2006. The Child Abuse allegation is suspected to have occurred in Broken Bow and Callaway both are located in Custer County. Case is under investigation.

**CASE REVIEW INFORMATION**

| Case Review Supervisor | Case Review Date | Comments |
|---|---|---|
| | | |

**CALL BACK INFORMATION**

| Call Back Completed By | Call Back Date | Comments |
|---|---|---|
| | | |

**CASE DISSEMINATION INFORMATION**

| Disseminated By | Agency | Date | Comments |
|---|---|---|---|
| | | | |

**CASE SECURITY**

| EDIT RIGHTS | | READ RIGHTS | |
|---|---|---|---|
| Officer: | Clinton Elwood/NSP | Lieutenant: | NSP.Lieutenants |
| Supervisor: | Brian Edins/NSP | Captain: | NSP.Captains |
| NIBRS: | NSP.712.NIBRS | Majors: | NSP.Majors |
| ICAD: | NSP.712.ICAD | Colonels: | NSP.Colonels |
| Evidence: | [NSP.Evid.Off] | Others: | |
| Others: | | Administrative: | NSP.Admin<br>NSP.712.Reader |
| Level | [Level 4] | Special: | Clinton Elwood/NSP<br>Brian Edins/NSP<br>NSP.712.NIBRS<br>NSP.712.ICAD<br>[NSP.Evid.Off]<br>[Level 4] |

**SUMMARY**

| Case Notes Key: | CELD-72YPLV |
|---|---|
| cfld | D200711287 |

**CASE STATUS**

| Case Status | Change Date | Changer | Action | Comment |
|---|---|---|---|---|
| Active | 05/07/2007 | Clinton Elwood/NSP | Created | * |
| Finaled | 12/07/2007 | Clinton Elwood/NSP | Ex. Cl. (B) | CELD-733KHG |

**WORK STATUS**

| Work Status | Change Date | Changer | Action | Comment |
|---|---|---|---|---|
| Officer | 05/07/2007 | Clinton Elwood/NSP | Created | Submit |
| Supervisor | 05/10/2007 | Clinton Elwood/NSP | Submitted | Approve |
| NIBRS | 05/21/2007 | Brian Edins/NSP | Approved | Update 712 |
| ICAD | 06/18/2007 | Nancy Vandenberg/NSP | Updated 712 | Update MNI |
| Officer | 07/19/2007 | Sheri King/NSP | Updated MNI | Work with case |
| ICAD | 12/07/2007 | Clinton Elwood/NSP | Submitted | Update MNI |

**HISTORY**

5/7/2007 1:25:20 PM--> Created the case by CN=Clinton Elwood/O=NSP
5/7/2007 1:56:08 PM--> Case saved by Clinton Elwood
5/7/2007 2:05:06 PM--> Case saved by Clinton Elwood
5/7/2007 2:05:16 PM--> Case saved by Clinton Elwood
5/10/2007 9:54:55 AM--> Case saved by Clinton Elwood
5/10/2007 10:00:36 AM--> Case saved by Clinton Elwood
5/10/2007 10:00:44 AM--> Case saved by Clinton Elwood
5/10/2007 10:02:05 AM --> Clinton Elwood added Stump; Lawrence; D (Offender: Suspected) - CELD-733KHG
5/10/2007 10:02:33 AM --> Case saved by Clinton Elwood
5/10/2007 10:17:21 AM--> Case saved by Clinton Elwood
5/10/2007 10:17:26 AM --> Clinton Elwood added Stump; Heather; J (Victim: n/a) - CELD-733KN9
5/10/2007 10:17:36 AM --> Case saved by Clinton Elwood
5/10/2007 10:20:19 AM --> Case saved by Clinton Elwood
5/10/2007 10:20:25 AM --> Clinton Elwood added Stump; ███████ (Victim: n/a) - CELD-733KXL
5/10/2007 10:20:37 AM --> Case saved by Clinton Elwood
5/10/2007 10:22:53 AM --> Case saved by Clinton Elwood
5/10/2007 10:22:59 AM --> Clinton Elwood added Stump; █████ (Victim: n/a) - CELD-733KZJ
5/10/2007 10:23:10 AM --> Case saved by Clinton Elwood
5/10/2007 10:25:27 AM --> Case saved by Clinton Elwood
5/10/2007 10:25:30 AM --> Clinton Elwood added Stump; ██████ (Victim: n/a) - CELD-733L34
5/10/2007 10:25:51 AM --> Case saved by Clinton Elwood
5/10/2007 10:29:11 AM --> Case saved by Clinton Elwood
5/10/2007 10:29:16 AM --> Clinton Elwood added Mowrey; Kimberly; A (Other: n/a) - CELD-733L4R
5/10/2007 10:29:36 AM --> Case saved by Clinton Elwood
5/10/2007 10:29:59 AM --> Case saved by Clinton Elwood
5/10/2007 10:30:30 AM --> Case saved by Clinton Elwood
5/10/2007 10:32:20 AM --> Case saved by Clinton Elwood
5/10/2007 10:32:24 AM --> Clinton Elwood added Nebraska Health & Human Services; Craft State Office Bldg (Other: n/a) - CELD-733L7P
5/10/2007 10:32:41 AM --> Case saved by Clinton Elwood
5/10/2007 10:34:16 AM --> Case saved by Clinton Elwood
5/10/2007 10:34:20 AM --> Clinton Elwood added Mowrey; Kamron; * (Other: n/a) - CELD-733L92
5/10/2007 10:34:32 AM --> Case saved by Clinton Elwood
5/10/2007 10:35:36 AM --> Case saved by Clinton Elwood
5/10/2007 10:35:43 AM --> Clinton Elwood added Mowrey; Brianna; * (Other: n/a) - CELD-733LA7
5/10/2007 10:35:52 AM --> Case saved by Clinton Elwood
5/10/2007 10:36:07 AM --> Case saved by Clinton Elwood
5/10/2007 10:36:15 AM --> Case saved by Clinton Elwood
5/21/2007 9:22:56 AM--> Case saved by Brian Edins
5/21/2007 9:23:00 AM--> Case saved by Brian Edins
5/21/2007 9:23:12 AM--> Case saved by Brian Edins
6/18/2007 2:51:27 PM--> Case saved by Nancy Vandenberg
6/18/2007 2:51:27 PM--> Case saved by Nancy Vandenberg
12/7/2007 4:17:31 PM--> Case saved by Clinton Elwood
12/7/2007 4:18:11 PM--> Case saved by Clinton Elwood
12/7/2007 4:18:34 PM--> Case saved by Clinton Elwood
12/7/2007 4:18:55 PM--> Case saved by Clinton Elwood
12/7/2007 4:19:03 PM--> Case saved by Clinton Elwood
12/7/2007 4:19:06 PM--> Case saved by Clinton Elwood
5/7/2007 2:05:41 PM: Clinton Elwood Change History
Clinton Elwood | ofCode |  | 1333/3802
5/10/2007 10:36:21 AM: Clinton Elwood Change History
5/21/2007 9:23:18 AM: Brian Edins Change History
6/18/2007 2:51:28 PM: Nancy Vandenberg Change History
12/7/2007 4:19:07 PM: Clinton Elwood Change History