No. 24-1610

# In the United States Court of Appeals for the Eighth Circuit

BRYAN S. MICK,

*Plaintiff-Appellee,*

*v.*

BARRETT GIBBONS, ET AL.,

*Defendant-Appellees,*

NEBRASKA STATE PATROL,

*Third-Party Appellant.*

On Appeal from the United States District Court
for the District of Nebraska
The Honorable John M. Gerrard

**RESPONSE TO MOTION TO DISMISS**

This Court should deny Plaintiff-Appellee Bryan Mick's motion to dismiss, which is both untimely and meritless. This appeal arises out of a Federal Rule of Civil Procedure 30(b)(6) third-party deposition subpoena served by Mick on the Nebraska State Patrol. *See* Mick Mot., Ex. B at 1–2. Because the Patrol is a state entity, it asserted sovereign immunity in a motion to quash the subpoena. *Id.* at 2. A magistrate judge denied that motion, *id.* at 5, and the district court overruled the Patrol's objections to the magistrate judge's order, *id.* at Ex. A at 3. The Patrol timely appealed. R. Doc. 140. This Court has jurisdiction under the

collateral order doctrine, but even if it did not, this Court should construe the notice of appeal as a petition for a writ of mandamus rather than grant Mick's motion.

I. Mick's motion to dismiss is untimely and should be denied for that reason. This Court's Local Rule 47A(b) provides:

> The appellee may file a motion to dismiss a docketed appeal on the ground the appeal is not within the court's jurisdiction. Except for good cause or on the motion of the court, a motion to dismiss based on jurisdiction must be filed within 14 days after the court has docketed the appeal.

Mick's motion is untimely because it was not filed within the 14 days allowed by Rule 47A(b). Mick moved to dismiss on April 30, 2024, 39 days after this Court docketed the appeal on March 22, 2024. *Compare* Letter Docketing Appeal *with* Mick Mot. Mick does not claim that good cause justifies his delay. Nor could he. Every fact identified in Mick's motion was available to him when this Court docketed the appeal.

II.A. Regardless, this Court has jurisdiction over the Patrol's appeal. "States and state entities that claim to be 'arms of the State' may take advantage of the collateral order doctrine to appeal a district court order denying a claim of Eleventh Amendment immunity." *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 147 (1993). The collateral order doctrine applies whether the party asserting sovereign immunity is a party or non-party like the Patrol. This Court held "[it] clearly ha[d] appellate jurisdiction" in an appeal from the denial

2

of a motion to quash a third-party subpoena where tribal sovereign immunity was asserted. *Alltel Communications, LLC v. DeJordy*, 675 F.3d 1100, 1102 n.1 (8th Cir. 2012). The same conclusion necessarily applies where state sovereign immunity is asserted because *DeJordy* relied on the U.S. Supreme Court's state sovereign immunity reasoning. *Id.* (citing *Puerto Rico Aqueduct*, 506 U.S. at 147).

Indeed, each element of the collateral order doctrine is present when a non-party appeals from the denial of its assertion of state sovereign or tribal sovereign immunity against a third-party subpoena. An immediately appealable collateral order "must [1] conclusively determine the disputed question, [2] resolve an important issue completely separate from the merits of the action, and [3] be effectively unreviewable on appeal from a final judgment." *Puerto Rico Aqueduct*, 506 U.S. at 144. Like the rejection of a defendant's immunity claim, a district court's denial of a third party's assertion of sovereign immunity "conclusively determine[s]" whether the immunity applies. *Id.*

It also "resolve[s] an important issue completely separate from the merits of the action," here whether a tort plaintiff can consume dozens of hours of taxpayer-funded employee time by serving a deposition subpoena. *Id.*; R. Doc. 126-3.[1] Finally, the district court's order is

---

[1] Mick suggests that the Patrol has taken inconsistent positions on sovereign immunity because it responded to a document subpoena that required the Patrol to produce a single three-page document. Mick Mot.

3

"effectively unreviewable on appeal from a final judgment" for two reasons: First, the Patrol is not a party, so it will not be able to appeal from a final judgment. And second, even if it could have a final judgment entered against it, the depositions required by Mick's subpoena would have already occurred. *Puerto Rico Aqueduct*, 506 U.S. at 144.

Against *DeJordy*, Mick relies exclusively on an unpublished decision of the U.S. District Court for the District of South Carolina to argue that the collateral order doctrine is unavailable to third parties. *Charleston Waterkeeper v. Frontier Logistics, L.P.*, No. No. 2:20-cv-1089-DCN, 2020 WL 7335408, at *2 (D.S.C. 2020), denied a third-party state agency's request for a "discretionary stay" pending appeal. The district court, of course, did not decide whether the Fourth Circuit had jurisdiction over the agency's appeal. And while the district court expressed doubt on appellate jurisdiction, it acknowledged that a decision of the Eleventh Circuit stated that "[o]ne who unsuccessfully asserts a governmental privilege may immediately appeal a discovery order where he is not a party to the lawsuit." *Id.* at *4 (quoting *In re Hubbard*, 803

---

at 11. On the contrary, the Patrol's position has always been that this Court's existing precedents recognize that state sovereign immunity may apply to "disruptive third-party subpoenas." *DeJordy*, 675 F.2d at 1104. Consistent with that distinction, the Patrol asserted sovereign immunity in response to a deposition subpoena that will consume dozens of hours of employee time and complied with a minimally burdensome document subpoena. *See* R. Docs. 125, 129-6.

4

F.3d 1298, 1305 (11th Cir. 2015) (citing *Branch v. Phillips Petroleum Co.*, 638 F.2d 873, 877 (5th Cir. Unit A 1981)).

Unlike the Fourth Circuit, this Court has already applied *Puerto Rico Aqueduct*'s state sovereign immunity authority to hold that the collateral order doctrine applies to an appeal from the denial of a motion to quash a third-party subpoena. *See DeJordy*, 675 F.3d at 1102 n.1. Mick cites no decision of any court that holds that the collateral order doctrine does not apply to third-party subpoenas when sovereign immunity is claimed. And if this Court departed from *DeJordy* in granting Mick's motion it would create a circuit split. The Fifth and Tenth Circuits have held that parties may immediately appeal from the denial of motions to quash third-party subpoenas where they assert sovereign immunity. *Russell v. Jones*, 49 F.4th 507, 512 (5th Cir. 2022) (state sovereign immunity); *Bonnet v. Harvest (U.S.) Holdings, Inc.*, 741 F.3d 1155, 1156 (10th Cir. 2014) (tribal sovereign immunity). Nothing in Mick's motion gives a basis to distinguish these decisions and create an unprecedented exception from the "well-established principle that an order denying a claim of sovereign immunity is subject to interlocutory appeal under the collateral order doctrine." *Fant v. City of Ferguson*, 913 F.3d 757, 759 (8th Cir. 2019).

B.   Even if there were a reason that the collateral order doctrine did not apply to the Patrol's appeal, this Court should construe the notice of appeal as a petition for a writ of mandamus. In this Court, "the notice

5

of appeal may properly be treated as a petition for a writ of mandamus" "where the propriety of mandamus was raised from the outset, where the mandamus issue has been fully briefed, and where the interests of the district court have been actively presented." *Iowa Beef Processors, Inc. v. Bagley*, 601 F.2d 949, 953 n.3 (8th Cir. 1979).

If the collateral order doctrine does not apply, each of the *Iowa Beef Processors* elements will be present. The first substantive filing in this appeal, Mick's motion to dismiss, raises the propriety of mandamus. Mick Mot. at 6–7. Like this response, the jurisdictional statement in the Patrol's opening brief will argue mandamus in the alternative, and the Patrol expects the issue will be fully briefed with Mick's response. The Patrol also expects that Mick will "actively present[]" "the interests of the district court" in making the same arguments on appeal that it made in the district court. *Iowa Beef Processors*, 601 F.2d at 953 n.3.

While Mick admits that the Patrol could have challenged the district court's order through mandamus, he contends that the fact that "NSP has not filed a petition for a writ of mandamus" is "[f]atal to this basis for jurisdiction." Mick Mot. at 7, 14. But Mick cites nothing for that proposition. And it is belied by decisions of this and other courts of appeal that construe invalid notices of appeal as petitions for mandamus. *See, e.g.*, *Sikora v. Hopkins*, 108 F.3d 978 (8th Cir. 1997) (per curiam); *Barnes v. Sea Haw. Rafting, LLC*, 889 F.3d 517, 529 (9th Cir. 2018); *Caribbean Trading & Fid. Corp. v. Nigerian Nat'l Petroleum Corp.*, 948 F.2d 111,

6

115 (2d Cir. 1991); *Ramirez v. Rivera-Dueno*, 861 F.2d 328, 334 (1st. Cir. 1988).

To be sure, the Missouri Department of Natural Resources sought this Court's review of its assertion of sovereign immunity through a mandamus petition instead of the collateral order doctrine. *See In re Missouri Dep't of Nat. Resources*, 105 F.3d 434 (8th Cir. 1997). But that choice is unsurprising because the agency focused its arguments on its assertions of multiple privileges—not sovereign immunity. "MDNR assert[ed] a variety of privileges including attorney work product, deliberative process privilege, the government's privilege against identifying informants, and protection from pre-enforcement review." *Id.* at 436; *see also id.* at 435 ("MDNR refused to produce 137 of the requested documents, based on various assertions of privilege, and moved to quash the subpoenas.").[2]

None of those arguments would have been reviewable under the collateral order doctrine, which does not apply to privileges. *See Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 103 (2009). Unlike *Missouri D.N.R.*, *DeJordy* and the Patrol's appeal do not involve the assertion of a privilege. Because the Patrol relies on sovereign immunity alone in

---

[2] Notably, *Missouri D.N.R.* did not analyze jurisdiction with respect to the agency's assertion of sovereign immunity. Instead, it observed that "[d]iscovery orders involving claims of privilege can be subject to mandamus review." 105 F.3d at 435.

7

challenging Mick's deposition subpoena, this Court has jurisdiction under the collateral order doctrine.

Dated: May 7, 2024

Respectfully submitted.

MICHAEL T. HILGERS
Attorney General of Nebraska

Nebraska Department of Justice
2115 State Capitol
Lincoln, Nebraska 68509
Tel.: (402) 471-2683
Fax: (402) 471-3297

/s/ Eric J. Hamilton
ERIC J. HAMILTON
Solicitor General
eric.hamilton@nebraska.gov

ZACHARY A. VIGLIANCO
Deputy Solicitor General

GRANT D. STROBL
Assistant Solicitor General

Counsel for Nebraska State Patrol

8

## Certificate of Compliance

This response complies with: (1) the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2) because it contains 1,636 words, excluding the parts of the response exempted by Rule 32(f); and (2) the typeface requirements of Rule 27(d)(1)(E) and Rule 32(a)(5) and the type-style requirements of Rule 27(d)(1)(E) and Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface (14-point Century Schoolbook) using Microsoft Word (the same program used to calculate the word count).

/s/ Eric J. Hamilton
Eric J. Hamilton

## CERTIFICATE OF SERVICE

On May 7, 2024, this response was served via CM/ECF on all registered counsel and transmitted to the Clerk of the Court. Counsel further certifies that the document has been scanned for viruses and is free of viruses.

/s/ Eric J. Hamilton
ERIC J. HAMILTON
