No. 24-1610

# In the United States Court of Appeals for the Eighth Circuit

**BRYAN MICK,**
*Plaintiff-Appellee,*

*v.*

**BARRETT GIBBONS, ET AL.,**
*Defendant-Appellees,*

**NEBRASKA STATE PATROL,**
*Third-Party Appellant.*

On Appeal from the United States District Court
for the District of Nebraska
The Honorable John M. Gerrard

**APPELLEE'S REPLY IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED. R. APP. P. 27**

Bryan Mick ("MICK"), Appellee/Plaintiff in the above-captioned matter, pursuant to FED. R. APP. P. 27, submits this Reply in Support of Appellee's Motion to Dismiss:

# I.

### Appellate Courts Have a Duty to Examine Their Own Jurisdiction, With or Without a Party's Timely Motion to Dismiss

*Faysound Ltd. v. Falcon Jet Corp.*[1] arose from a dispute over ownership of a jet. After the district court granted the plaintiff's motion for summary judgment, one of the defendants timely noticed his appeal. The other defendant moved to amend the judgment pursuant to FED. R. CIV. P. 59(e). The district court denied the Rule 59 motion three months later, and the appeal progressed through briefing. The plaintiff moved to dismiss, arguing that pursuant to FED. R. APP. P. 4, a notice of appeal filed before disposition of a Rule 59 motion shall have no effect.

It was undisputed that the motion to dismiss was untimely, not having been filed within 15 days of the docketing of the appeal. But this Circuit held that "we have a duty to examine our own jurisdiction, and to do so on our own motion if necessary. 8th Cir. R. 47A(a)."[2] The *Faysound* court concluded that "as surely as we must hear and decide cases within our power, we must not decide cases beyond our reach. We are obliged to dismiss this appeal for lack of jurisdiction."[3]

---

[1] *Faysound Ltd. v. Falcon Jet Corp.*, 940 F.2d 339 (8th Cir. 1991).
[2] *Id.*, 940 F.2d at 341 n.2 (*See* 8th Cir. R. 47A(b).
[3] *Id.*; *see also* **BBCA, Inc. v. United States**, 954 F.2d 1429 (8th Cir. 1991) ("Although the IRS did not bring a motion to dismiss the appeal within fifteen days of the docketing of the appeal, *see* 8th Cir. R. 47A(b), this court has a duty to examine its jurisdiction, and can do so on its own motion."); and ***In re Russell***, 957 F.2d 534 (8th Cir. 1992) (rejecting application of collateral order doctrine and dismissing appeal despite untimely motion to dismiss: "This court has a duty to examine its jurisdiction, and may do so on its own motion if necessary. 8th Cir. Rule 47A(a). We are obligated to dismiss an appeal if it is not within our jurisdiction.").

2

This reasoning applies here. MICK moved to dismiss more than 15 days after NSP docketed its appeal, but before NSP had to submit its Brief of Appellant and Joint Appendix. As in *Faysound*, this Court has a duty to examine its own jurisdiction to hear NSP's appeal, even if on its own motion rather than MICK's. MICK has provided the opportunity to review this foundational issue before the parties were required to brief the merits of NSP's question presented.

## II.

### NSP Cannot Support Its Request to Construe Its Notice of Appeal As a Petition for Writ of Mandamus

In support of its suggestion that this Court convert NSP's Notice of Appeal to a petition for a writ of mandamus, NSP cites *Iowa Beef Processors, Inc. v. Bagley*[4], in which this Court first invoked the All Writs Act[5] to provide mandamus review, but then reversed itself and recalled the writ. *Iowa Beef Processors* is a poor foundation for the relief NSP is requesting.

The issue presented by NSP's appeal does not meet the federal judiciary's high standard for All Writs Act jurisdiction, which at first seemed to support the *Iowa Beef Processors* Court's exercise of jurisdiction. The power conferred by the All Writs Act "is meant to be used only in the exceptional case where there is clear abuse

---

[4] *Iowa Beef Processors, Inc. v. Bagley*, 601 F.2d 949 (8th Cir. 1982).
[5] 28 U.S.C. § 1651.

3

of discretion or 'usurpation of judicial power.'"[6] On its first review of the jurisdictional question, the *Iowa Beef Processors* court cautioned that "invocation of power under that Act must be carefully circumscribed, lest appellate courts find themselves reviewing nonappealable orders on the mere ground that they may be erroneous."[7]

At issue in *Iowa Beef Processors* was a district court's decision to partially lift a protective order, to the extent necessary to allow a defendant to comply with a third-party's subpoena for documents in a collateral proceeding. The third party was a United States House of Representatives Subcommittee, which was investigating pricing practices in the meat industry: the Subcommittee served a defendant in *Iowa Beef Processors* with a House subpoena that would have implicated documents subject to the protective order in question. When the district court allowed the defendant to comply with the House subpoena, the plaintiff noticed its appeal without seeking certification under 28 U.S.C. §1292(b), and moved to stay the district court's order.

---

[6] *Bankers Life & Cas. Co. v. Holland*, 346 U.S. 379, 383 (1953).
[7] *Iowa Beef Processors, Inc. v. Bagley*, 601 F.2d 949, 953 (*citing* *Will v. United States*, 389 U.S. 90, 98 n.6 (1967).

4

At the outset of its analysis, the *Iowa Beef Processors* court offered this commentary on the invocation of the collateral order doctrine as a basis for jurisdiction:

> We have detected what appears to be an irresistible impulse on the part of appellants to invoke the 'collateral order' doctrine whenever the question of appealability arises. Were we to accept even a small percentage of these sometime exotic invocations, this court would undoubtedly find itself reviewing more 'collateral' than 'final' orders.
>
> Every interlocutory order involves, to some degree, a potential loss. That risk, however, must be balanced against the need for efficient federal judicial administration as evidenced by the Congressional prohibition of piecemeal appellate litigation. To accept the appellant's view is to invite the inundation of appellate dockets with what have heretofore been regarded as nonappealable matters.[8]

This Court held that it had no appellate jurisdiction to hear the matter, but then concluded that the case presented an appropriate occasion to invoke All Writs Act authority and mandamus review.[9]

The *Iowa Beef Processors* court called attention to the discordance between the district court's initial finding that the protective order was necessary to prevent undue harm to the plaintiff, versus the district court's subsequent "abrupt and unexplained turnabout" to allow disclosure to the House Subcommittee without any constraints on the Subcommittee's use thereof. The district court's self-reversal,

---

[8] *Iowa Beef Processors*, 601 F.2d at 953.
[9] *Id.* at 954.

Appellate Case: 24-1610   Page: 5   Date Filed: 05/14/2024 Entry ID: 5393818

without explanation and at peril to the outcome of the litigation, was "a clear abuse of discretion."[10] This Court limited the scope of any precedent arguably set by its decision to grant a writ of mandamus:

> Out of what is, perhaps, an overabundance of caution, we emphasize that this opinion should not be construed as meaning that review by way of mandamus is available whenever a district court compels disclosure of material claimed to be protected by privilege or other interest in confidentiality … In the instant case, this showing has been made by the unique facts of this case (essentially making the case one of first impression), the possibility that similar disclosure will be sought prior to final judgment, and the fact that the allegedly confidential documents are themselves the subject matter of the underlying lawsuit.[11]

Thereafter, this Court granted a petition for rehearing and modified its own opinion, "agree[ing] that the formal issuance of a writ of mandamus was improvident."[12] Because the Subcommittee was not a party, there was no basis for ordering it to return the subpoenaed documents; and the district court's original protective order remained in full force and effect as to that defendant and anyone else it covered. As this Court felt confident that the district court would follow this Court's considerations if that defendant again sought permission to disclose documents, this Court modified its opinion to deny issuance of a writ.

---

[10] *Id.*
[11] *Id.* at 955 n.7.
[12] *Id.* at 955.

Appellate Case: 24-1610    Page: 6    Date Filed: 05/14/2024 Entry ID: 5393818

One year after issuing *Iowa Beef Processors*, this Court reiterated the limits on appellate jurisdiction that ultimately emerged from that case in its response to an effort by a different third party in the same litigation to docket a similar interlocutory appeal:

> Now the Bohack Corporation, appearing as intervenor-appellant, appeals a further order of the district court denying appellant's motion to modify the protective order. Specifically, appellant seeks clarification of this court's prior orders and a ruling that the district court may modify its protective order to accommodate appellant's request for discovery.
>
> Clearly the order complained of is a nonfinal interlocutory action appealable, if at all, only upon certification by the district court pursuant to 28 U.S.C. § 1292(b). No such certification is shown, and thus we dismiss for lack of jurisdiction.[13]

*Iowa Beef Processors* is not a lock for converting an attempt to qualify for interlocutory jurisdiction into a petition for a writ of mandamus.

The standard for a petition for a writ of mandamus, as described by the United States Supreme Court, is as follows:

> First, the party seeking issuance of the writ [must] have no other adequate means to attain the relief he desires -- a condition designed to ensure that the writ will not be used as a substitute for the regular appeals process. Second, the petitioner must satisfy the burden of showing that [his] right to issuance of the writ is clear and indisputable. Third, even if the first two prerequisites have been met, the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances.[14]

---

[13] *Iowa Beef Processors, Inc. v. Gorman*, 615 F.2d 777 (8th Cir. 1980).
[14] *Cheney v. U.S. Dist. Ct. for the District of Columbia*, 542 U.S. 367, 380-81 (2004).

7

Appellate Case: 24-1610    Page: 7    Date Filed: 05/14/2024 Entry ID: 5393818

To issue a writ of mandamus at all, much less when NSP started this appeal with its all-purpose Notice of Appeal, would subvert the purpose of the "no-other-adequate-means" condition for mandamus.

*Dhiab v. Obama*[15] was filed by a detainee at the United States Naval Base at Guantanamo Bay. During a hunger strike, the detainee moved the court to enjoin the government from force-feeding him. Several media outlets then sought and obtained access, as intervenors, to classified video recordings of the force-feedings. The Government immediately appealed.

The United States Court of Appeals for the District of Columbia Circuit found that the appeal did not fall within the purview of § 1292(b). Nor did the collateral order doctrine apply, as at a minimum, the Government had failed to satisfy the requirement that the district court's decision would be "effectively unreviewable on appeal from the final judgment."[16] Like NSP herein, the Government in *Dhiab* made its case for "effectively unreviewable" by asserting that unless immediate appeal were allowed, "it will have to devote hundreds of hours of its employees' labor" to complying with the order. The *Dhiab* court responded that the Supreme Court has

---

[15] *Dhiab v. Obama*, 787 F.3d 563 (D.C. Cir. 2015).
[16] *Dhiab*, 787 F.3d at 567.

8

consistently declined to find litigation burdens sufficient to bring a case within the narrow scope of the collateral order doctrine.

>The *Dhiab* court reasoned:
>
>[t]hat a ruling "may burden litigants in ways that are only imperfectly reparable by appellate reversal of a final district court judgment ... has never sufficed" to satisfy the third requirement of the doctrine.[17] Instead, we have insisted that the right asserted be one that is essentially destroyed if its vindication must be postponed until trial is completed."[18] Indeed, "[i]f the expense of litigation were a sufficient reason for granting an exception to the final judgment rule, the exception might well swallow the rule."[19]

The court distinguished *Dhiab* from a case in which unredacted classified information had already been ordered – the latter would be an example of "effectively unreviewable on appeal," whereas the need to contribute time to cooperate with discovery is not.

Further, the *Dhiab* court denied the Government's alternative request for a writ of mandamus, observing that mandamus "is a drastic and extraordinary remedy reserved for really extraordinary causes."[20] Of relevance to NSP's position, the *Dhiab* court held that "just as the Government's desire to avoid litigation burdens is insufficient to bring the case within the scope of the collateral order doctrine, it is

---

[17] ***Mohawk Indus., Inc. v. Carpenter***, 558 U.S. 100, 107 (2009); ***Lauro Lines S.R.L. v. Chasser***, 490 U.S. 495, 499 (1989) ("'[T]he possibility that a ruling may be erroneous and may impose additional litigation expense is not sufficient to set aside the finality requirement imposed by Congress' in § 1291[.]").

[18] ***Richardson-Merrell, Inc. v. Koller***, 472 U.S. 424, 436 (1985).

[19] ***Dhiab*** at 567 (*citing* ***Richardson-Merrell, id.*** at 436.

[20] ***Dhiab*** at 568 (*quoting* ***Cheney***, *supra*, 542 U.S. at 380).

9

likewise insufficient to warrant mandamus."[21] Given that the Government had alternatives of which it did not attempt to avail itself, the *Dhiab* court concluded that issuing a writ of mandamus would subvert the purpose of the no-other-adequate-means condition of mandamus, and would thwart the policy against using the writ as a substitute for the regular appeals process -- "and that is something we will not do."[22]

NSP did not invoke this Court's jurisdiction via a petition for a writ of mandamus, because the question presented by its appeal does not qualify for the "drastic and extraordinary remedy reserved for really extraordinary causes."[23] Nor, as explained in MICK's Motion to Dismiss, does NSP's appeal trigger the collateral order doctrine. NSP, a nonparty to this litigation, hopes that this Court will make exception upon exception to the limits for allowing a midstream appeal in order to hear right now its plea to be spared from several hours of a 30(b)(6) deposition. This Court should decline to make the jurisdictional contortions that NSP requests.

### III.

### Application of Collateral Order Doctrine

---

[21] *Dhiab* at 568 (*citing* **In re Thornburgh**, 869 F.2d 1503, 1517 (D.C. Cir. 1989) and **Bankers Life & Cas. Co. v. Holland**, *supra*, 346 U.S. at 383).
[22] *Dhiab* at 568.
[23] *Dhiab*, 787 F.3d at 568 (*quoting* **Cheney**, *supra*, 542 U.S. at 380).

MICK restates and incorporates by reference pages 7-15 of Appellee's Motion to Dismiss Pursuant to FED. R. APP. 27, regarding NSP's inability to show that the collateral order doctrine applies to this appeal.

**Conclusion**

For the foregoing reasons, MICK asks this Court to SUSTAIN his Motion to Dismiss, and remand this matter to the District Court for further proceedings consistent with the March 13, 2024 Order of the District Court affirming the Magistrate Judge's denial of NSP's motion to quash.

BRYAN MICK, Appellee,

By: */s/ Maren Lynn Chaloupka*
Maren Lynn Chaloupka – NSBA # 20864
Chaloupka Law LLC
1906 Broadway
Post Office Box 1724
Scottsbluff, NE 69363-1724
(308) 270-5091
mlc@chaloupkalaw.net

*Counsel for Appellee*

## CERTIFICATE OF COMPLIANCE

This motion complies with: (1) the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2) because it contains 2,366 words; and (2) the typeface requirements of Rule 27(d)(1)(E) and Rule 32(a)(5) and the type-style requirements of Rule 27(d)(1)(E) and Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface (14-point GoudyOlSt BT) using Microsoft Word (the same program used to calculate the word count). Counsel further certifies that the document has been scanned for viruses and is free of viruses.

                                                    */s/ Maren Lynn Chaloupka*

## CERTIFICATE OF SERVICE

I hereby certify that on May 14, 2024, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit using the CM/ECF system, which will send notification of such filing to all registered counsel.

                                                    */s/ Maren Lynn Chaloupka*